UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
TRENTON DIVISION

| | |
|---|---|
| PROFESSIONAL DRUG CO., INC.<br>Plaintiff,<br><br>v.<br><br>WYETH, INC.,<br>Defendant. | Case no. 3:11-cv-05479 (Direct)<br><br>RECEIVED<br><br>DEC 1 3 2011<br><br>AT 8:30_____M<br>WILLIAM T. WALSH<br>CLERK |
| STEPHEN L. LAFRANCE PHARMACY, INC.<br>d/b/a SAJ DISTRIBUTORS<br>Plaintiff,<br><br>v.<br><br>WYETH, INC.,<br>Defendant. | Case no. 3:11-cv-05480 (Direct) |
| ROCHESTER DRUG CO-OPERATIVE, INC.<br>Plaintiff,<br><br>v.<br><br>WYETH, INC., et al.<br>Defendants. | Case no. 3:11-cv-05481 (Direct) |
| UNIONDALE CHEMISTS, INC.<br>Plaintiff,<br><br>v.<br><br>WYETH, INC., et al.<br>Defendant. | Case no. 3:11-cv-05482 (Direct) |

[PROPOSED] CASE MANAGEMENT ORDER # 2
APPOINTING INTERIM CLASS COUNSEL

1

**WHEREAS,** on May 2, 2011, Professional Drug filed a proposed direct purchaser antitrust class action complaint against Wyeth, Inc. and other defendants (collectively "Wyeth") in the United States District Court for the Southern District of Mississippi for overcharges related to the prescription drug Effexor XR. *Professional Drug Co., Inc. v. Wyeth, Inc.*, 3:11-cv-05479;

**WHEREAS,** on June 21, 2011, the Mississippi Court consolidated two later-filed direct purchaser class actions with the Professional Drug action: *Stephen L. LaFrance Holdings, Inc. and Stephen L. LaFrance Pharmacy, Inc. d/b/a SAJ Distributors v. Wyeth, Inc.*, 3:11-cv-05480 and *Rochester Drug Co-Operative, Inc. v. Wyeth, Inc., et al.*, 3:11-05481. A fourth direct purchaser class action, *Uniondale Chemists, Inc. v. Wyeth, Inc.*, Case No. 3:11-05482, was filed shortly thereafter (all four actions, collectively, and with any other direct purchaser class actions hereafter filed, are the "Direct Purchaser Class Actions");

**WHEREAS,** on September 21, 2011, the Mississippi Court transferred all four Direct Purchaser Class Actions to this Court.

**WHEREAS,** the plaintiffs in the Direct Purchaser Class Actions (the "Direct Purchaser Class Plaintiffs") now move for entry of a case management order and appointment of Interim Class Counsel pursuant to Fed. R. Civ. P. 23(g)(3).

**IT IS HEREBY ORDERED THAT:**

**A.   Interim Class Counsel for Direct Purchaser Class Actions**

1.   Pursuant to Fed. R. Civ. P. 23 (g), the Court appoints the following firms as interim class counsel for the proposed class of Direct Purchaser Class:

2

*Liaison Counsel:*

COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP

Peter S. Pearlman

Park 80 Plaza West-One

250 Pehle Ave., Suite 401

Saddle Brook, NJ  07663

Phone (201) 845-9600

Fax (201) 845-9423

psp@njlawfirm.com


*Executive Committee:*

HAGENS BERMAN SOBOL SHAPIRO LLP

Thomas M. Sobol

Kristen Johnson Parker

55 Cambridge Parkway, Suite 301

Cambridge, MA 02142

Telephone: (617) 482-3700

Fax: (617) 482-3003

tom@hbsslaw.com

kristenjp@hbsslaw.com

BARRETT LAW GROUP

Don Barrett

404 Court Square

PO Box 927

Lexington, MS 39095

Telephone: (662) 834-9168

Fax: (662) 834-2628

dbarrett@barettlawgroup.com

RODA NAST PC

Dianne M. Nast

801 Estelle Drive

Lancaster, Pennsylvania 17601

Telephone: (717) 892-3000

Fax: (717) 892-1200

dnast@rodanast.com

FARUQI & FARUQI LLP

Peter Kohn

101 Greenwood Ave., Suite 600

Jenkintown, PA  19046

Telephone: (215) 277-5770

Fax: (215) 277-5771

pkohn@faruqilaw.com

BERGER & MONTAGUE, P.C.

Eric L. Cramer

David F. Sorensen

1622 Locust Street

Philadelphia, PA 19103

Telephone: (215) 875-3000

Fax: (215) 875-4604

ecramer@bm.net

dsorensen@bm.net


TAUS CEBULASH & LANDAU, LLP

Barry S. Taus

80 Maiden Lane, Suite 1204

New York, NY 10038

Telephone: (212) 931-0704

Fax: (212) 931-0704

btaus@tcllaw.com

*Discovery Committee Co-Chairs:*

KIRBY McINERNEY LLP

David Kovel

825 Third Avenue

New York, NY 10022

Telephone: (212) 371-6600

Fax: (212) 751-2540

dkovel@kmslaw.com


ROBERTS LAW FIRM, P.A.

Michael L. Roberts

20 Rahling Circle

Little Rock, AR 72223

Telephone: (501) 821-5575

Fax: (501) 821-4474

mikeroberts@aristotle.net

2.  Liaison Counsel shall: (a) communicate with the Court on behalf of the Direct Purchaser Executive Committee; (b) receive and distribute notices, orders, motions and briefs on behalf of and among the Direct Purchaser Executive Committee; (c) advise the Direct Purchaser Executive Committee about developments in the case; (d) be served with all papers, notices, orders, and pleadings; (e) sign and file all papers and stipulations; and (f) perform any other function the Court or the Direct Purchaser Class Executive Committee may request.

3. Except as provided by paragraph 5, the Direct Purchaser Class Executive Committee shall have sole authority over the following matters on behalf of the proposed Direct Purchaser Class and all named plaintiffs in the consolidated Direct Purchaser Class Actions: (a) communication with defense counsel; (b) convening meetings of counsel; (c) initiation, response, scheduling, briefing and argument of all motions; (d) the scope, order and conduct of all discovery proceedings; (e) such work assignments to other counsel as they may deem appropriate; (f) the retention of experts; (g) designation of which attorneys may appear at hearings and conferences with the Court; (h) the timing and substance of any settlement negotiations with Defendants; and (i) other matters concerning the prosecution of or resolution of their respective cases.

4. The Executive Committee, at its discretion, may elect a chair.

5. The Discovery Committee Co-Chairs shall be responsible for coordinating all discovery efforts on behalf of the Direct Purchaser Class Actions and shall do so in collaboration with the Executive Committee.

6. Only the Executive Committee may initiate or direct the filing of any motions in the consolidated Direct Purchaser Class Actions.

7. Only the members of the Executive Committee have the authority to communicate with Defendants' counsel on behalf of plaintiffs in the Direct Purchaser Class Actions (except that on discovery matters, the Discovery Committee Co-Chairs may also communicate with Defendants' counsel). Defendants' counsel may rely on all agreements made with the Executive Committee. All agreements between the Executive Committee and Defendants shall be binding on all counsel in the Direct Purchaser Class Actions.

8. The Executive Committee shall reasonably coordinate activities in the Direct Purchaser Class Actions to the extent appropriate and practicable. That coordination shall include avoiding duplication and inefficiency in the filing, serving, and/or implementation of pleadings, other court papers, discovery papers, and discovery. Nothing in this Order shall be construed to place limitations on the number of interrogatories any Plaintiff may serve upon any other party beyond those imposed under the Federal Rules of Civil Procedure. Plaintiffs shall make reasonable efforts to avoid duplicative interrogatories and requests for production.

9. The Executive Committee and the Discovery Co-Chairs shall coordinate when scheduling depositions so as to avoid, to the extent practicable, subjecting the same witness to more than one deposition. Nothing in this order should be construed to place limitations on the ability of a party to examine a witness at a deposition beyond those imposed by the Federal Rules of Civil Procedure. The parties shall avoid duplicative questioning.

10. All plaintiffs' counsel in the Direct Purchaser Class Actions must keep contemporaneous time records and periodically submit records of time and expenses to Liaison Counsel or his designee.

**IT IS SO ORDERED.**

Dated: Dec. 12, '11

The Honorable Joel A. Pisano