IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re EFFEXOR XR ANTITRUST LITIGATION | Lead Case No. 3:11-cv-05479 (Direct) |
| This Document Relates To: | 3:11-cv-6985 (Walgreen) |
| | 3:12-cv-3523 (CVS/Rite Aid) |
| Direct Purchaser Individual Actions | 3:12-cv-3116 (Giant Eagle) |
| | 3:11-cv-7504 (Meijer) |

**INDIVIDUAL DIRECT PURCHASER PLAINTIFFS' RESPONSE
TO THE FTC'S *AMICUS* BRIEF**

Pursuant to this Court's Order of September 12, 2013 (DE 263), Plaintiffs in the *Walgreen*, *Rite Aid/CVS*, *Giant Eagle*, and *Meijer* cases (the "Individual Plaintiffs") submit this short response to the FTC's *amicus* brief (DE 264).

The FTC's brief identifies the key difference between reverse payment settlements that raise anticompetitive concerns and ordinary settlements that do not. Contrary to Defendants' argument, that difference is not the presence of a cash payment. Rather, the key difference is that, in a reverse payment case, the "inducement to settle and defer market entry includes something that the alleged infringer could not get even if it prevailed in the patent litigation." FTC *Amicus* Br. at 7. Such a result is "'something quite different' [from a traditional

settlement] and may raise antitrust concerns." *Id.* (quoting *FTC v. Actavis, Inc.*, 133 S. Ct. 2223, 2233 (2013)).  As the FTC explained, in such cases, it is necessary to ask "whether the inducement may be a vehicle for sharing monopoly profits." *Id.*

Counsel for CVS and Rite Aid made precisely this point during the argument on the motions to dismiss.  In return for Teva's promise to delay the introduction of generic Effexor XR, Wyeth promised:  (1) not to launch an "authorized generic" during Teva's valuable 180-day generic exclusivity period; (2) to extend Teva's period of exclusivity by 5 months over the 180 days provided by the Hatch-Waxman Act; and (3) to grant Teva rights to sell and earn revenue on immediate release Effexor, a product that was not at issue in the patent litigation. Indiv. Pls. Supp. Br. at 5 (DE 232).  Teva could not have obtained any of these rights even had it won the patent case with Wyeth, and they represent a transfer to Teva of millions of dollars of Wyeth's monopoly profits on Effexor XR.  After *Actavis*, plaintiffs are entitled to prove under the rule of reason that the consideration that Wyeth offered to Teva to delay generic Effexor XR violated the antitrust laws.

A day after argument of the motion to dismiss in this case, Judge Young agreed with this interpretation of *Actavis* in *In re Nexium (Esomeprazole) Antitrust Litig.*, No. 12-md-02409-WGY, 2013 WL 4832176 (D. Mass. Sept. 11, 2013).

There, plaintiffs alleged that AstraZeneca had paid generic manufacturers to delay the introduction of generic Nexium by agreeing not to introduce an authorized generic version of Nexium and forgiving contingent liabilities with respect to the infringement of patents on other products not at issue in the Nexium lawsuits.  *Id.* at \*15.  Like this Court in *In re Lipitor Antitrust Litig.*, No. 3:12-cv-2389 (PGS), at \*47-48 (D. N.J. Sept. 5, 2013), Judge Young rejected defendants' argument that these agreements were immune from antitrust scrutiny because they involved non-cash payments.  *Nexium*, 2013 WL 48321, at \*15 ("This Court does not see fit to read into [*Actavis*] a strict limitation of its principles to monetary-based arrangements alone.").  Instead, he held, similar to the FTC's approach, that because the consideration offered by AstraZeneca was "entirely disconnected from AstraZeneca's earlier *Nexium-related* suits," the "no-authorized generic agreement between AstraZeneca and Ranbaxy and AstraZeneca's forgiveness of Teva's and Dr. Reddy's contingent liabilities related to the infringement of non-Nexium-related patents sufficiently implicate adverse anticompetitive consequences to allow the Direct Purchasers' claims to proceed."  *Id.*

Thus, Judge Young's opinion adopts the position of the FTC with respect to the kind of settlements subject to antitrust analysis after *Actavis*.  It also squarely rejects Defendants' argument that they can claim *Noerr-Pennington* immunity for private reverse payment settlements implemented by consent decree.  As Judge

- 3 -

Young explained, a "decision of a court that serves merely to memorialize a bargained-for agreement that could have otherwise been resolved without judicial intervention ought not benefit from the exception allowed by *Noerr-Pennington*." *Id.* at *19. Any other result would provide "litigants with an avenue wholly impervious to antitrust scrutiny simply by seeking out a court's rubber-stamped approval." *Id.* The fact that the settlement agreements "would have been null and void absent the approval of the [district court] has no bearing on the . . . analysis." *Id.* at 20 n.28.

For the foregoing reasons, and those previously briefed and argued, Defendants' motions to dismiss should be denied.

Dated: September 27, 2013　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　/s Barry L. Refsin
　　　　　　　　　　　　　　　　　　　Barry L. Refsin (BLR-5343)
　　　　　　　　　　　　　　　　　　　Monica L. Rebuck
　　　　　　　　　　　　　　　　　　　HANGLEY ARONCHICK SEGAL PUDLIN
　　　　　　　　　　　　　　　　　　　& SCHILLER
　　　　　　　　　　　　　　　　　　　One Logan Square, 27th Floor
　　　　　　　　　　　　　　　　　　　Philadelphia, PA 19103
　　　　　　　　　　　　　　　　　　　(215) 568-6200
　　　　　　　　　　　　　　　　　　　brefsin@hangley.com
　　　　　　　　　　　　　　　　　　　mrebuck@hangley.com
　　　　　　　　　　　　　　　　　　　*Counsel for CVS and Rite Aid*

Deborah S. Corbishley (DC-3348)
Scott E. Perwin
Kenny Nachwalter P.A.
1100 Miami Center
201 South Biscayne Boulevard
Miami, FL 33131-4327
Telephone: (305) 373-1000
Facsimile: (305) 372-1861
sperwin@knpa.com
*Counsel for Walgreen Plaintiffs*

Bernard D. Marcus
Moira Cain-Mannix
Brian C. Hill
Marcus & Shapira LLP
One Oxford Centre, 35th Floor
301 Grant Street
Pittsburgh, PA 15219-6401
(412) 471-3490
marcus@marcus-shapira.com
mcm@marcus-shapira.com
hill@marcus-shapira.com
*Counsel for Plaintiff, Giant Eagle, Inc.*

Linda P. Nussbaum
Adam Steinfeld (AS-1224)
GRANT & EISENHOFER P.A.
485 Lexington Avenue
New York, NY 10017
Telephone: (646) 722-8500
Facsimile: (646) 722-8501
asteinfeld@gelaw.com
*Counsel for Meijer Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I, Barry L. Refsin, certify that this 27th day of September, 2013, I served the foregoing Individual Direct Purchaser Plaintiffs' Response to the FTC's *Amicus Brief* by filing it on the Court's ECF system where is available for viewing and downloading.

                                      /s Barry L. Refsin
                                      Barry L. Refsin