# WILENTZ
## WILENTZ, GOLDMAN & SPITZER P.A.
**ATTORNEYS AT LAW**

90 Woodbridge Center Drive
Suite 900 Box 10
Woodbridge, NJ 07095-0958
732.636.8000
Fax 732.855.6117

Meridian Center I
Two Industrial Way West
Eatontown, NJ 07724-2265
732.542.4500
Fax 732.493.8387

110 William Street
26th Floor
New York, NY 10038-3927
212.267.3091
Fax 212.267.3828

Two Penn Center Plaza
Suite 910
Philadelphia, PA 19102
215.940.4000
Fax 215.636.3999

www.wilentz.com

Please reply to:
Woodbridge
Direct Dial: (732) 855-6402
Direct Fax: (732) 726-6686
Email: kroddy@wilentz.com

DAVID T. WILENTZ (1919-1988)
G. GEORGE GOLDMAN (1922-1959)
HENRY M. SPITZER (1928-1988)
WARREN W. WILENTZ (1949-2010)
RICHARD F. LERT
JOHN A. HOFFMAN
STEPHEN E. BARCAN
VINCENT P. MALTESE
DAVID M. WILDSTEIN
GORDON J. GOLUM
MARVIN J. BRAUTH
STUART A. HOBERMAN
STEPHEN A. SPITZER
ANNE S. BABINEAU
CHRISTINE D. PETRUZZELL
BRIAN J. MOLLOY
RANDALL J. RICHARDS
JOSEPH J. JANKOWSKI
DAVID S. GORDON
FREDERICK J. DENNEHY
ROY H. TANZMAN
STEVEN J. TRIPP
JAY J. ZIZNEWSKI
JAMES E. TRABILSY
MAUREEN S. BINETTI
ANTHONY J. PANNELLA, JR.
MICHAEL J. BARRETT
MICHAEL F. SCHAFF
ANGELO JOHN CIFALDI
KEVIN M. BERRY
JOHN T. KELLY
EDWIN LEAVITT-GRUBERGER
BARRY A. COOKE
JON G. KUPILIK
PETER R. HERMAN
EDWARD T. KOLE
HESSER G. McBRIDE, JR.

ERIC JOHN MARCY
ROBERT C. KAUTZ
VIOLA S. LORDI
LYNNE M. KIZIS
KEVIN P. RODDY
DANIEL S. BERNHEIM 3d
DAVID H. STEIN
DOUGLAS WATSON LUBIC
DOMINICK J. BRATTI
LISA A. GORAB
LAWRENCE F. JACOBS
BETH HINSDALE-PILLER
FRED HOPKE
DONALD E. TAYLOR
BRETT R. HARRIS
JEFFREY W. CAPPOLA
ALFRED M. ANTHONY
DARREN M. GELBER
GRACE D. MACK
WILLIAM J. LINTON
DONNA M. JENNINGS
GIOVANNI ANZALONE
PETER A. GREENBAUM
WILLARD C. SHIH
LAWRENCE C. WEINER
LAURIE E. MEYERS
DAVID P. PEPE
JOHN E. HOGAN
EVERETT M. JOHNSON
DANIEL R. LAPINSKI
TODD E. LEHDER
PHILIP A. TORTORETI
KELLY A. ERHARDT-WOJIE
ALEX LYUBARSKY
ELLEN TORREGROSSA-O'CONNOR
MICHAEL A. PAFF
JOSEPH J. RUSSELL, JR.

OF COUNSEL
ALAN B. HANDLER
FRANCIS V. BONELLO
BRUCE M. KLEINMAN
C. KENNETH SHANK

COUNSEL
RUTH D. MARCUS
RICHARD J. BYRNES
JAMES E. TONREY, JR.
DEIRDRE WOULFE PACHECO
ROBERTO BENITES
JONATHAN J. BART
YVONNE MARCUSE
ABBY RESNICK-PARIGIAN
BARBARA J. KOONZ
EDWARD J. ALBOWICZ
ELIZABETH C. DELL
ROBERT L. SELVERS
JOHN P. MURDOCH II
GREGORY D. SHAFFER
ALYSON M. LEONE

ASSOCIATES
LINDA LASHBROOK
ALBERTINA WEBB
MARY H. SMITH
STEPHANIE D. GIRONDA
LOUIS J. SEMINSKI, JR.
MICHAEL F. FRIED
MATTHEW SKOLNIK
VINCENT CHENG
KEITH L. HOVEY

CHAD YABLONSKY
CHERYL E. CONNORS
JAMES TRACY
DANIEL J. KLUSKA
KARIN K. SAGE
CORINNE L. McCANN
SATISH V. POONDI
KUSH SHUKLA
RACHEL C. HEINRICH
ANNEMARIE T. GREENAN
ERIC M. FINKELSTEIN
NANOR L. TERJANIAN
ANDREW GROUS
BRIDGET V. KANE
RISA M. CHALFIN
JUSTIN HOLLANDER
LISA GORA

◄ Certified Civil Trial Attorney
□ Certified Criminal Trial Attorney
† Certified Workers Comp. Attorney
1 Not admitted NJ
2 Admitted NY
3 Admitted PA
4 Admitted CT
5 Admitted DC
6 Admitted MA
7 Admitted MD
8 Admitted VA
9 Admitted CA
10 Admitted FL
11 Admitted PR
12 Admitted VI

May 29, 2014

[Handwritten annotation: "This update on the case new affecting indirect purchasers was not previously approved by the Court. The issue will be discussed at the June meeting."]

[Stamp: SO ORDERED: Peter Sheridan / DATED: 5/29/14]

**VIA ECF**

Honorable Peter G. Sheridan, U.S.D.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

> Re: *In re Effexor XR Antitrust Litigation*, Lead Case No. 11-5479 (PGS/LHG)
> This Letter Relates To: Individual Third-Party Payor Action – Civil Action
> No. 11-5590 (PGS/LHG)

Dear Judge Sheridan:

The Individual Third-Party Payor Plaintiffs, Painters District Council No. 30 Health & Welfare Fund and Medical Mutual of Ohio (collectively "ITPPs"), by counsel and pursuant to this Court's Order dated May 7, 2014 (Dkt. No. 328), hereby submit supplemental authority concerning the plausibility and viability of their state law claims.

On January 12, 2012, in Civil Action No. 11-5590, the ITPPs filed their Second Amended Complaint asserting state law claims against the Wyeth Defendants (Dkt. No. 43).[1] On April 6, 2012, the Wyeth Defendants filed their motion to dismiss the ITPPs' claims (Dkt. No. 71-1). On May 30, 2012, the ITPPs filed their opposition to that motion (Dkt. No. 75). On August 3, 2012, the Wyeth

---

[1] The ITPPs' Second Amended Complaint asserts claims for (a) violations of state antitrust statutes, Dkt. No. 43, ¶¶ 361-377; (b) violations of state unfair and deceptive trade practices acts, *id.*, ¶¶ 378-390; (c) unjust enrichment and disgorgement of profits, *id.*, ¶¶ 390-478; and (d) violations of the New Jersey Racketeer Influenced and Corrupt Organizations Act ("NJRICO"), N.J. STAT. ANN. § 2C:41-1 *et seq.*, *id.*, ¶¶ 479-486.

#7548194.1



Defendants filed their reply brief (Dkt. No. 87). There has been no oral argument addressing the Wyeth Defendants' motion to dismiss and, given the passage of time since the above-referenced briefs were filed, the ITPPs submit this letter brief bringing relevant supplemental authority to this Court's attention.

### A. Supplemental Authority Supporting The ITPPs' Standing To Bring State Law Antitrust Claims (First Claim For Relief)

Since the initial briefing of the Wyeth Defendants' motion to dismiss, both the Federal Circuit Court of Appeals and this Court have rejected the argument raised by the Wyeth Defendants regarding the ITPPs' standing to assert so-called "*Walker Process* claims." *Compare* Dkt. No. 71-1 at 6-8 *with* Dkt. No. 75 at 2-5.

Like the Wyeth Defendants in this case, the defendant in *Ritz Camera & Image v. SanDisk Corp.*, 700 F.3d 503 (Fed Cir. 2012), argued that the plaintiff lacked standing to assert *Walker Process* claims because it was not the target of a patent enforcement action and could not challenge the enforceability of the patent at issue. *Id.* at 505. In that case, the Federal Circuit affirmed the district court's denial of the defendant's motion to dismiss and held that the plaintiff had "standing to pursue its *Walker Process* claim even if it could not have sought a declaratory judgment of patent invalidity or unenforceability." *Id.* at 508. The Federal Circuit noted that "[n]othing in *Walker Process* supports SanDisk's argument that the rules governing standing to bring patent validity challenges should be imported into an antitrust case simply because one element of the antitrust cause of action requires proof of improper procurement of a patent." *Id.* at 507.

More recently, in *In re Lipitor Antitrust Litig.*, 2013 WL 4780496, 2013 U.S. Dist. LEXIS 126468 (D.N.J. Sept. 5, 2013), this Court found the Federal Circuit's decision in *Ritz Camera* persuasive. *See Lipitor,* 2013 WL 4780496, at *17 (noting that the Federal Circuit's ruling in *Ritz Camera* was persuasive in light of its jurisdiction over many patent appeals and its "careful treatment" of *Walker Process* issues). Notably, this Court declined to follow other courts that have "categorically restricted purchaser standing," including *In re Remeron Antitrust Litig.*, 335 F. Supp. 2d 522, 528-529 (D.N.J. 2004) (Hochberg, J.), and *Carrot Components Corp. v. Thomas & Betts Corp.*, 229 U.S.P.Q. 61, 64 (D.N.J. 1986) (Thompson, J.), cases from this District that are relied upon by the Wyeth Defendants in their motion to dismiss. Dkt. No. 71-1 at 7.

### B. Supplemental Authority To Support Argument That The ITPPs' State Law Claims Are Not Preempted By Federal Patent Law (First And Second Claims For Relief)

In *In re DDAVP Indirect Purchaser Antitrust Litig.*, 903 F. Supp. 2d 198 (S.D.N.Y. 2012), Judge Seibel of the Southern District of New York held that "consistent with Federal Circuit precedent ... [p]laintiffs' state-law *Walker Process*-type antitrust and/or consumer protection law



claims [were] not preempted by federal patent law." *Id.* at 217.[2] *See also American Traffic Solutions, Inc. v. B&W Sensors, LLC*, 2014 WL 1272509, *7, 2014 U.S. Dist. LEXIS 40834 (E.D. Mo. Mar. 27, 2014) (holding that plaintiff's state law unfair competition and tortious interference claims were not preempted by federal patent law and noting that there was no indication that plaintiff's pursuit of such claims was an attempt to extend "patent-like protection to products or processes unpatentable under federal patent law") (internal quotation and citation omitted); *Caldera Pharm., Inc. v. Regents of Univ. of Calif.*, 140 Cal. Rptr. 3d 543, 560 (Ct. App. 2012) (plaintiff's state law fraud claim was not preempted by federal patent law; "a state law tort claim is not preempted by the federal patent law, even if it requires the state court to adjudicate a question of federal patent law, provided the state cause of action ... is not an impermissible attempt to offer patent-like protection to subject matter addressed by federal law") (citation omitted).

    **C.**    **Supplemental Authority Supporting Argument That The ITPPs' Consumer Protection Act Claims May Not Be Dismissed (Second Claim For Relief)**

        **1.**    **California**

The definition of what constitutes an "unfair" business practice, in violation of the California Unfair Competition Law, CAL. BUS. & PROF. CODE § 17200 *et seq.*, is unsettled. *See, e.g., In re Google, Inc. Privacy Policy Litig.*, 2103 WL 6248499, *14 & n.123, 2013 U.S. Dist. LEXIS 171124 (N.D. Cal. Dec. 3. 2013) (discussing various tests employed by California federal and state courts). Nonetheless, even under the *most* restrictive test utilized by California courts, the ITPPs have unquestionably alleged a violation of California's Unfair Competition Law. *See Wilson v. Hynek*, 144 Cal. Rptr. 3d 4 (Ct. App. 2012). Under the state's narrow "Cel-Tech test" for establishing unfairness, "a plaintiff must prove that the defendant's conduct is tethered to an[ ] underlying constitutional, statutory or regulatory provision, or that it threatens an incipient violation of an antitrust law, or violates the policy or spirit of an antitrust law." *Id.* at 11 (internal quotations and citation omitted).[3] Thus, it can reasonably be argued that ITPPs' allegations regarding the Wyeth Defendants' antitrust violations also constitutes "unfair" conduct under § 17200. Dkt. No. 75 at 10-12.

---

[2] Judge Seibel seemingly agreed with the plaintiffs, but did not ultimately decide, that *In re K-Dur Antitrust Litig.*, 2007 WL 5297755, 2007 U.S. Dist. LEXIS 100238 (D.N.J. Mar. 1, 2007), and *In re Ciprofloxacin Hydrochloride Antitrust Litig.*, 363 F. Supp. 2d 514 (E.D.N.Y. 2005), cases cited by the Wyeth Defendants in support of their motion (Dkt. No. 71-1 at 8), were wrongly decided on that point. *See DDVAP Indirect Purchaser*, 903 F. Supp. 2d at 217.

[3] The more liberal standard employed by other California courts to define "unfair" is "whether the practice offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Wilson*, 144 Cal. Rptr. 3d at 11 (internal quotations and citation omitted).


WILENTZ, GOLDMAN & SPITZER P.A.

### 2. Colorado

In addition to the cases previously cited by the ITPPs, *see* Dkt No. 75 at 12-16, this Court's attention is directed to *General Steel Domestic Sales, LLC v. Chumley*, 2014 WL 793090, *4 n.2, 2013 U.S. Dist. LEXIS 26065 (D. Colo. Feb 27, 2014), which reiterated: "[T]hird-party non-consumers have standing to bring actions under" the Colorado Consumer Protection Act, "so long as they can show an injury in fact to a legally protected right.") (citations omitted).

### 3. Missouri

In addition to the cases previously cited by the ITPPs, *see* Dkt. No. 75 at 17-19, this Court's attention is directed to *Peel v. Credit Acceptance Corp.*, 408 S.W.3d 191 (Mo. Ct. App. 2013), which stated that the Missouri Merchandising Practices Act "does not contemplate a direct contractual relationship between plaintiff and defendant, and Missouri courts have not imposed such a requirement through statutory construction." *Id.* at 207 (citation omitted).

### 4. New York

In *In re Automotive Parts Antitrust Litig.*, 2013 WL 2456612, 2013 U.S. Dist. LEXIS 80338 (E.D. Mich. June 6, 2013), defendants unsuccessfully moved to dismiss third-party payors' claims under N.Y. GEN. BUS. LAW § 349 on grounds identical to those raised by the Wyeth Defendants in this case. In that case, the end-payor plaintiffs alleged that they paid inflated prices and that the defendants took steps to conceal their conduct. This Court's attention is also directed to *Sergeants Benevolent Ass'n Health & Welfare Fund v. Sanofi-Aventis U.S. LLP*, 2014 WL 1894303, *26, 2014 U.S. Dist. LEXIS 65714 (E.D.N.Y. May 9, 2014), which stated that corporate competitors have standing to bring a claim under § 349 "so long as some harm to the public at large is at issue."

### 5. Oregon

In addition to the cases previously cited by the ITPPs, *see* Dkt. No. 75 at 22-23, the Court's attention is directed to *Roberts v. Legacy Meridian Park Hosp. Inc.*, 2014 WL 294549, *9, 2014 U.S. Dist. LEXIS 8751 (D. Or. Jan 24, 2014): "The specific question presented here is whether a private cause of action under the [Unlawful Trade Practices Act] is limited to a person (broadly defined and including non-natural entities) alleging that he, she, or it is a consumer of products or services provided by the defendant in violation of the statute. This question is quite familiar to the federal courts in this district and has been consistently ruled upon in the affirmative since at least 1998." Indeed, "person" is defined under Oregon's Unlawful Trade Practices Act to include "natural persons, corporations, trusts, partnerships, incorporated or unincorporated associations and *any other legal entity* except bodies or officers acting under statutory authority of this state or the United States." ORE. REV. STAT. § 646.605 (emphasis added).



WILENTZ, GOLDMAN & SPITZER P.A.

VIA ECF
Hon. Peter G. Sheridan
May 29, 2014
Page 5

    **D.**    **Supplemental Authority Supporting Argument That The ITPPs' Unjust Enrichment Claims Present Viable Independent Causes of Action (Third Claim For Relief)**

In addition to the cases previously cited by the ITPPs, *see* Dkt. No. 75 at 27-32, this Court's attention is directed to Judge Seibel's above-referenced decision in *DDAVP Indirect Purchaser*, 903 F. Supp. 2d at 234, holding that plaintiffs stated unjust enrichment claim under the laws of New York and Florida where they alleged that by purchasing drugs at elevated prices, they indirectly conferred some benefit on defendants who thereby profited from the ultimate victims of the unlawful conduct, namely, the drug's consumers.

    **E.**    **Supplemental Authority Supporting The Argument That The ITPPs Plausibly State A Claim For Violations Of NJRICO (Fourth Claim For Relief)**

As set forth above (*see* note 1, *supra*), in their Fourth Claim for Relief, the ITPPs assert a claim against the Wyeth Defendants for violations of NJRICO. Although the Wyeth Defendants moved to dismiss the ITPPs' claim, their pleading challenges were limited and they conceded that many of the elements of the NJRICO claim were properly and plausibly pled. *Compare* Dkt. No. 71-1 at 49-59 *with* Dkt. No. 75 at 32-40. In addition to the cases previously cited by the ITPPs, this Court should consider decisions issued by judges of this District since the above-referenced briefs were filed:

- ITPPs properly allege each element of their NJRICO claim, and NJRICO is construed more broadly than the federal RICO statute. *See* Dkt. No. 75 at 32-33 & 38-39; *The Prudential Ins. Co. of Am. v. Credit Suisse Secs. (USA) LLC*, 2013 WL 5467093, 2013 U.S. Dist. LEXIS 142191, *59-65 (D.N.J. Sept. 30, 2013) (Hayden, J.); *Slimm v. Bank of Am.*, 2013 WL 1867035, 2013 U.S. Dist. LEXIS 62849, *70 (D.N.J. May 2, 2013) (Hillman, J.); *Ford Motor Co. v. Edgewood Props., Inc.*, 2012 WL 4172133, 2012 U.S. Dist. LEXIS 125197, *86 (D.N.J. Aug. 31, 2012) (Salas, J.).

- ITPPs properly allege that they suffered injury to their business or property proximately caused by Wyeth's NJRICO violations. *See* Dkt. No. 75 at 33-39; *AMA Realty LLC v. 9440 Fairview Ave. LLC*, 2014 WL 1783099, 2014 U.S. Dist. LEXIS 61514, *9-18 (D.N.J. May 2, 2014) (McNulty, J.); *cf. Allstate N.J. Ins. Co. v. Summit Pharmacy, Inc.*, 2014 WL 1767528, 2014 U.S. Dist. LEXIS 61132, *24-29 (D.N.J. May 2, 2014) (Simandle, C.J.) (recognizing that overcharges for prescriptions would establish concrete financial loss for RICO standing).[4]

---

[4] In *Lipitor*, this Court recognized that "purchasers of goods or services have standing to assert antitrust overcharge claims under § 4 of the Clayton Act, which has been the case for over a century." 2013 U.S. Dist. LEXIS 126468, at *62 (citation omitted). The ITPPs have previously traced the direct lineage from § 4 of the Clayton Act to § 1964(c) of RICO, 18 U.S.C. § 1964(c), to § 2C:41-4(c) of NJRICO. *See* Dkt. No. 75 at 34-35 n.24.


WILENTZ, GOLDMAN & SPITZER P.A.

<u>VIA ECF</u><br>
Hon. Peter G. Sheridan<br>
May 29, 2014<br>
Page 6

- ITPPs allege predicate acts of racketeering activity with requisite particularity. *See* Dkt. No. 75 at 39-40; *AMA Realty LLC,* 2014 U.S. Dist. LEXIS 61514, at *10-14; *Prudential Ins.,* 2013 U.S. Dist. LEXIS 142191, at *64-65.

- To show proximate causation under NJRICO, ITPPs do not need to allege or prove at trial that they *relied* to *their* detriment on false or misleading statements made by Defendants. *See* Dkt. No. 75 at 36-37 & n.27; *Care One Mgmt., LLC v. United Healthcare Workers East, SEIU 1199,* 2013 WL 5603881, 2013 U.S. Dist. LEXIS 147119, *33 & n.14 (D.N.J. Oct. 10, 2013) (Wigenton, J.).

### F.   Conclusion

Counsel for the ITPPs respectfully request the opportunity to present oral argument concerning the above-referenced matters during the hearing before Your Honor scheduled for June 5, 2014.

Respectfully submitted,

WILENTZ, GOLDMAN & SPITZER, P.A.

*/s/ Kevin P. Roddy*

KEVIN P. RODDY

MILLER LAW LLC
Marvin A. Miller
Lori A. Fanning
115 S. LaSalle Street, Suite 2910
Chicago, IL  60603

JACOBS, BURNS, ORLOVE & HERNANDEZ
Joseph Burns
150 N. Michigan Avenue, Suite 1000
Chicago, IL  60601

ONE LLP
William J. O'Brien
301 Arizona Avenue, Suite 250
Santa Monica, CA  90401

HILL HILL CARTER FRANCO COLE & BLACK, P.C.
Pamela B. Slate
425 South Perry Street
Montgomery, AL  36104



<u>**VIA ECF**</u>
Hon. Peter G. Sheridan
May 29, 2014
Page 7

GIBSON & SHARPS
Mark M. Sandmann
9420 Bunsen Parkway, Suite 250
Louisville, KY 40220

**Counsel for Plaintiffs Painters District Council No. 30
Health & Welfare Fund and Medical Mutual of Ohio**