RECEIVED

JAN 1 6 2015

AT 8:30_____M
WILLIAM T. WALSH CLERK

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

---

**In re EFFEXOR XR ANTITRUST
LITIGATION**

**This Document Relates To:**

**All End-Payor Class Actions**

Lead Case No. 3:11-cv-05661 (PGS)(LHG)

Case No. 3:12-cv-01357 (PGS)(LHG)

---

### [PROPOSED] ORDER DISMISSING IN PART END-PAYOR CLASS PLAINTIFFS' COMPLAINTS AND ENTERING FINAL JUDGMENT UNDER FED. R. CIV. P. 54(b)

THIS matter having come before the Court by Motion of Defendants Wyeth LLC, Wyeth Pharmaceuticals, Inc., Wyeth-Whitehall Pharmaceuticals LLC, and Wyeth Pharmaceuticals Company (collectively, the "Wyeth Defendants"), and Teva Pharmaceuticals USA, Inc. and Teva Pharmaceutical Industries Ltd. (collectively, the "Teva Defendants") for the entry of an Order dismissing Indirect Purchaser Class Plaintiffs' Consolidated Class Action Complaint (Case No. 11-05661, ECF No. 37) ("End-Payor Class Complaint") and the Complaint filed by Nelson Morales Rivera, individually and on behalf of all others similarly situated (Case No. 12-1357, ECF No. 1) ("Rivera Class Complaint"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Case No. 11-05661, ECF Nos. 75, 77); and

WHEREAS, the Court having considered the submissions of the parties and any argument of counsel; and

WHEREAS, all plaintiffs have challenged the November 2, 2005 agreement between Wyeth and Teva settling patent litigation relating to Effexor XR (the "Challenged Settlement") on similar grounds and the parties agree that the reasoning of the Court's October 6, 2014 Memorandum and Order [Case No. 11-5479, ECF Nos. 353, 354], which dismissed the claim under Count II of the Direct Purchaser Class Plaintiffs' Second Amended Class Action Complaint [ECF No. 287], would apply to all similar

allegations pertaining to the Challenged Settlement asserted by all plaintiffs (without waiving their right to appeal); and

NOW THEREFORE, for the reasons set forth in the Memorandum dated October 6, 2014 and accompanying Order of even date, and for good cause shown,

IT IS on this _16th_ day of ~~December, 2014;~~ January, 2015,

ORDERED that the motion to dismiss filed by the Teva Defendants be and is hereby granted; and it is further

ORDERED that the motion to dismiss filed by the Wyeth Defendants be and is hereby granted in part; and it is further

ORDERED that the allegations in Counts 2 through 6 of the End-Payor Class Complaint and Counts 2 through 4 of the Rivera Class Complaint pertaining to the Challenged Settlement are hereby dismissed with prejudice and stricken; and it is further

ORDERED that all claims against the Teva Defendants are hereby dismissed in full with prejudice; and it is further

ORDERED that consideration of the remainder of Wyeth's motions to dismiss will be stayed pending the outcome of any appeal of this Order; and it is further

ORDERED that this Court directs entry of a final judgment as to the claims under Counts 2 through 6 of the End Payor Class Complaint and Counts 2 through 4 of the Rivera Class Complaint that pertain to the Challenged Settlement, pursuant to Fed. R. Civ. P. 54(b), as this Court finds no just reason for delay.

_____
PETER G. SHERIDAN, U.S.D.J.