UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

*In re* EFFEXOR XR ANTITRUST LITIGATION

This Document Relates To: All Actions

Lead Case No. 11-5479 (PGS)(LHG)

**ORDER**

This matter comes before the Court by way of a Motion to Intervene as Plaintiffs, filed by Timmy P. Thien, Amber Lambert, Wayne Albright, Chelsey M. Penix, Lisa M. Tullis, and Lisa R. Murphy (collectively, the "Proposed Intervenors"), appearing *pro se*. *See* Motion to Intervene as Plaintiffs (the "Motion") [Docket Entry No. 420]. The Motion is jointly opposed by Defendants Wyeth, LLC, Wyeth Pharmaceuticals, Inc., Wyeth-Whitehall Pharmaceuticals LLC, and Wyeth Pharmaceuticals Company ("Wyeth"), as well as by Defendants Teva Pharmaceuticals USA, Inc., and Teva Pharmaceutical Industries Ltd. ("Teva") (hereinafter, Wyeth and Teva collectively referred to as "Defendants"). Defendants' Memorandum in Opposition to Motion to Intervene ("Opposition") [Docket Entry No. 421]. The Motion is also opposed in a letter in lieu of more formal response that was filed by the Chair of the End Payor Executive Committee, representing indirect purchaser class plaintiffs ("Plaintiffs"; "Pls.' Letter") [Docket Entry No. 425].

I. BACKGROUND

This litigation comprises several class actions as well as individual antitrust lawsuits that are consolidated or coordinated for the purposes of discovery, pre-trial proceedings, and trial. *See, e.g.*, Class Action Complaint (the "Complaint") ¶¶ 249, 259–71 [Docket Entry No. 1]; Case Management Order #1 Consolidating & Coordinating Classes [Docket Entry No. 86]. Generally,

Teva amounted to a manipulation of the market for the drugs Effexor and Effexor XR. Complaint ¶¶ 1, 175–81, 241. As a result, Plaintiffs say they paid inflated prices for the two drugs. *See* Complaint ¶¶ 237, 245, 247.

Proposed Intervenors moved to intervene on April 6, 2015, well into the proceedings for this matter; the lead docket shows extensive motion practice, including motions to transfer venue and to dismiss. *See, e.g.,* [Docket Entry Nos. 44, 312, 355]. Proceedings are currently stayed pending appeal of the dismissals of various claims. *See* Order Dismissing in Part End-Payor Class Pls.' Complaints & Entering Final Judgment Under FED. R. CIV. P. 54(b) [Docket Entry No. 403].

## II. ARGUMENTS OF PROPOSED INTERVENORS AND THE PARTIES

In its entirety and without editing, Proposed Intervenors' handwritten Motion reads:

> Motion to Intervene as Plaintiffs with Newly discovered
> <u>Evidence under Fed. R. Civ. P. Rule 24(A)2, Rule
> 24(B)</u>
>
> Comes now, the intervenors, Moves this honorable court to intervene in the Effexor XR Antitrust Litigation as plaintiffs under Fed. R. Civ. P. Rule 24(A)2 – as a matter of Right.
> <u>Nevilles v. EEOC</u>
> Moves to intervene as Plaintiffs under Rule 24(b) – permissive Intervention
> Intervenors had personal and Financial Dealings with Effexor.
> Intervenors Just recently Found out about this Litigation
> Intervenors will provide questions of laws and Facts that are common in this Action with Newly discovered Evidence
> Intervenors will provide this honorable court with evidence which consists of Documents, exhibits, graphs, charts, medical records, Financial Documents, Banking Statements, emails, and photographs related to this case. Intervenors Respectfully pray this honorable Court will grant their motion for relief.

Motion at 1-2. Proposed Intervenors thus claim they have a right to intervene pursuant to Federal Rule of Civil Procedure 24(a) because they "had personal and financial dealings with Effexor" and only recently learned of the lawsuit or, in the alternative, that they should be permitted to

2

intervene pursuant to Rule 24(b) because they will "provide questions of laws and facts that are common in this action." *See* FED. R. CIV. P. 24(a)(2), (b)(1)(B). They promise to provide unspecified and generalized evidence to support either claim, and further cite *Nevilles v. EEOC*, 511 F.2d 303 (8th Cir. 1975) ("*Nevilles*").

Plaintiffs, relying on *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 314 (3d Cir. 2005) and *Christy v. Hammel*, 87 F.R.D. 381, 394 (M.D. Pa. 1980), urge that the Motion be denied because Intervenors have made no showing to overcome the presumption that the class is adequately represented by the existing party. Pls.' Letter at 1. Defendants argue that, as set forth in *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 369–70 (3d Cir. 1995), intervention as of right by a person with the same interest as an existing party requires a compelling showing that the existing representation is inadequate. Opposition at 3. Under that standard, because Proposed Intervenors have not articulated any specific relevant interest or even a purchase of the drugs at issue, the Motion ought to be denied. *Id.* at 4. Both opposing parties also argue that Proposed Intervenors have not established the elements necessary for permissive intervention under Rule 24(b)(1)(B). Pls.' Letter at 2 (citing *In re Safeguard Scientific*, 220 F.R.D. 43, 49 (E.D. Pa. 2004)); Opposition at 4.

Plaintiffs question the legitimacy of Proposed Intervenors' application insofar as it is substantially identical, in handwriting and argument, to a series of other *pro se* motions submitted in diverse litigations around the country. Pls.' Letter at 2 & n. 1 (citing an example from the District of New Jersey on the docket in *In re Gerber Probiotics Sales Practices Litigation*, Civil Action No. 12-835 (JLL)(CLW) filed on July 9, 2014 [*Gerber* Docket Entry No. 90]). Defendants concur. *See* Opposition at 5; Declaration of Brendan G. Woodard in Support of Memorandum in Opposition (the "Woodard Declaration") [Docket Entry 421-1] & Exhibits 1-4. Defendants add that *Nevilles*, 511 F.2d at 305 (denying intervention to applicants who asserted a

3

federally created right to intervene) is adverse to Proposed Intervenors' position and that the Motion is procedurally flawed because it fails to include a proposed pleading. Opposition at 4–5. Plaintiffs and Defendants agree that intervention would prejudice their case by introducing unwarranted delay to the proceedings. Pls.' Letter at 2; Opposition at 5. Proposed Intervenors have not replied.

### III.  ANALYSIS

Rule 24 provides for intervention as a matter of right and for permissive intervention. *United States v. Territory of Virgin Islands*, 748 F.3d 514, 519 (3d Cir. 2014). Intervention as of right must be granted when a party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." FED. R. CIV. P. 24(a)(2). Thus, an applicant must meet four elements to intervene as of right: (1) the application must be timely; (2) the applicant must have a sufficient interest in the litigation; (3) the resolution of the case must threaten to impair or affect, as a practical matter, the applicant's interest; and (4) the existing parties must not adequately represent the applicant's interest. *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 969 (3d Cir. 1988). "Although these requirements are intertwined, each must be met to intervene as of right." *United States v. Territory of Virgin Islands*, 748 F.3d 514, 519 (3d Cir. 2014) (quoting *Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir. 1987)).

With respect to the first element, whether an application is deemed timely is measured by (1) the stage of the proceeding, (2) the prejudice that delay may cause the parties, and (3) the reason for the delay. *See Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 369–70 (3d Cir. 1995) (internal citations omitted). As to delay, Proposed Intervenors assert that they just learned about this suit. Moreover, while the proceedings are relatively

4

advanced for this matter, the cases have been stayed. The Court therefore finds the current parties would not be prejudiced because of the timing if movants were permitted to intervene.

The second element, an applicant's sufficient interest in the litigation, escapes easy definition. The facts of a case therefore "assume overwhelming importance." *Kleissler*, 157 F.3d at 972. Proposed Intervenors must show an interest that is "specific to them, . . . capable of definition, and [that] will be directly affected in a substantially concrete fashion by the relief sought." *Id.* at 972. Here, the only material fact Proposed Intervenors allege is that they had "personal and financial dealings with Effexor." Motion at 1. Although a *pro se* litigant's filings are to be construed liberally, *see Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003), the Court is unable to glean from this conclusory statement that Proposed Intervenors have a sufficient interest in this litigation, let alone that they are even aware that the matter involves a prescription drug.[1] The Court therefore finds that Proposed Intervenors have failed to establish a sufficient interest in this litigation. Proposed Intervenors' application is also lacking insofar as it does not even address the third and fourth elements for intervention as of right. These factors presuppose that there has been a showing of sufficient interest and here there has been none. Accordingly, the Court finds that intervention as of right is not appropriate in this case.

In the alternative, "the Court may permit anyone to intervene who . . . has a claim or defense that *shares with the main action a common question of law or fact*." FED. R. CIV. P. 24(b)(1)(B) (emphasis added). Proposed Intervenors' stated intent to "provide questions of laws and facts that are common in this action," Motion at 1, is merely an unsupported, conclusory statement that does not satisfy the standard for permissive intervention. Their vague claim to

---

[1] This is borne out by the fact that combinations of the Proposed Intervenors have filed a "series of nearly identical motions to intervene . . . by the same person or persons." *See* Pls.' Letter at 2 n. 1; *see also* Woodard Declaration and Exhibits 1-4 thereto.

5

"personal and financial dealings with Effexor," does not sufficiently articulate a shared question with the main action. Accordingly, there is no right to permissive intervention under Rule 24(b).

For the reasons set forth above, and for good cause shown,

**IT IS** on this **23rd** day of **November, 2015**,

**ORDERED** that Proposed Intervenors' Motion to Intervene [Docket Entry No. 420] is hereby **DENIED WITH PREJUDICE.**

_____
LOIS H. GOODMAN
United States Magistrate Judge