# CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.

### COUNSELLORS AT LAW

| | | | | |
|---|---|---|---|---|
| CHARLES C. CARELLA | JAMES T. BYERS | **5 BECKER FARM ROAD** | PETER G. STEWART | RAYMOND J. LILLIE |
| BRENDAN T. BYRNE | DONALD F. MICELI | **ROSELAND, N.J. 07068-1739** | FRANCIS C. HAND | WILLIAM SQUIRE |
| JAN ALAN BRODY | A. RICHARD ROSS | **PHONE (973) 994-1700** | AVRAM S. EULE | STEPHEN R. DANEK |
| JOHN M. AGNELLO | CARL R. WOODWARD, III | **FAX (973) 994-1744** | CHRISTOPHER H. WESTRICK* | DONALD A. ECKLUND |
| CHARLES M. CARELLA | MELISSA E. FLAX | www.carellabyrne.com | JAMES A. O'BRIEN III** | MEGAN A. NATALE |
| JAMES E. CECCHI | DAVID G. GILFILLAN | | | ZACHARY S. BOWER+ |
| | G. GLENNON TROUBLEFIELD | | OF COUNSEL | MICHAEL CROSS |
| JAMES D. CECCHI (1933-1995) | BRIAN H. FENLON | | | CHRISTOPHER J. BUGGY |
| JOHN G. GILFILLAN III (1936-2008) | LINDSEY H. TAYLOR | | *CERTIFIED BY THE SUPREME COURT OF NEW JERSEY AS A CIVIL TRIAL ATTORNEY | JOHN V. KELLY III |
| ELLIOT M. OLSTEIN (1939-2014) | CAROLINE F. BARTLETT | August 2, 2018 | **MEMBER NY AND MA BARS ONLY | MICHAEL A. INNES |
| | | | | +MEMBER FL BAR ONLY |

<u>VIA ECF</u>

Honorable Lois H. Goodman
United States Magistrate Judge
Clarkson S. Fisher Federal Building and U.S. Courthouse
402 East State Street
Trenton, New Jersey  08608

    Re: *Effexor XR Antitrust Litigation*
      <u>Master Docket 11-5479(PGS)(LHG)</u>

Dear Judge Goodman:

  We are Chair of the End-Payor Class Plaintiffs' ("EPPs") Executive Committee in the above-captioned matter.  This responds, briefly, to Wyeth's August 1 letter regarding third party subpoenas.

  It is plain from Wyeth's letter that it is doing exactly what EPPs said they were doing, unilaterally staking out the scope of discovery via subpoenas to third parties while there is a dispute pending before the Court as to the appropriate scope of discovery.  Indeed, Wyeth's entire argument as to why the third-party subpoenas are appropriate is because its argument regarding the disputed scope of discovery is correct and should be adopted by the Court.  Wyeth took the opportunity of responding to EPPs letter to bolster its arguments why its positions in the Joint Letter are correct.

  Wyeth provided a status of its subpoenas, as the Court directed, but, notably, with respect to the third parties with whom it says it has reached an agreement, it does not say what those agreements actually entail, even from a 30,000 foot level.  Since Wyeth's requests to the third-parties are, like its original requests to Plaintiffs, overbroad and disputed, it would be helpful to the Court and Plaintiffs to know precisely what Wyeth has agreed to accept from the third-parties it has subpoenaed.  Such decisions on Wyeth's part may bear on the dispute presently in front of the Court as to the scope of discovery for Plaintiffs.

  As far as the subpoenas to other absent class-member third-party payors are concerned, Wyeth falls back on the same argument that it raised against Plaintiffs.  Wyeth simply claims that the subpoenaed information falls within its own definition of the scope of discovery.  To the

Honorable Lois H. Goodman
August 2, 2018
Page 2

extent that the subpoenaed information is "not available" from the class representative parties[1], it is because EPPs have objected to producing it, and the dispute about that objection is currently before the Court in the Joint Letter.

EPPs agree with Wyeth on one point; we agree that oral argument should be helpful to the Court in deciding the issues presently before the Court.

Thank you for your continued attention to his matter. If the Court has any questions, we are available at your convenience.

Respectfully submitted,

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.

/s/ Lindsey H. Taylor

LINDSEY H. TAYLOR

cc:    All counsel (via ECF)

---

[1] The third condition upon seeking discovery from absent class members is that "the information is not available from the class representative parties." (Wyeth Letter at 5, citing *Easton & Co. v. Mutual Benefie Life Insurance Co.*, 1994 WL 248172, at *3 (D.N.J. May 18, 1994)).