

**WALSH PIZZI O'REILLY FALANGA**

One Riverfront Plaza
1037 Raymond Blvd, Suite 600
Newark, NJ 07102

T: 973.757.1100
F: 973.757.1090

WALSH.LAW

Liza M. Walsh
Direct Dial: (973) 757-1101
lwalsh@walsh.law

October 29, 2018

**VIA ECF**

Honorable Lois H. Goodman, U.S.M.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

　　　　Re:　*In re Effexor XR Antitrust Litigation*
　　　　　　Master Docket No. 11-cv-05479 (PGS-LHG)

Dear Judge Goodman:

　　　This firm, together with White & Case LLP and Paul, Weiss, Rifkind, Wharton & Garrison LLP, represents Defendants Wyeth LLC, Wyeth Pharmaceuticals, Inc., Wyeth-Whitehall Pharmaceuticals LLC, and Wyeth Pharmaceuticals Company (collectively, "Wyeth") in the above-captioned matter.

　　　Pursuant to Judge Arpert's request at the October 4, 2018 motion hearing in the *Lipitor* matter, we write on behalf of all parties to provide the below list of discovery issues that remain open.

**June 6, 2018 discovery letter (Docket No. 528)**

　　　The parties submitted a discovery letter outlining a number of issues on which there was disagreement:

- Whether Wyeth should search the files of Wyeth employees that Wyeth identified in its Rule 26 Initial Disclosures (pages 6-8)

- Whether direct purchaser and retailer Plaintiffs must produce documents and data regarding a number of additional drugs identified by defendants (pages 8-17)

- Whether Plaintiffs must produce "downstream" discovery (pages 18-24)

- Whether retailer Plaintiffs must produce documents from third-party assignors (pages 24-26)

Hon. Lois H. Goodman, U.S.M.J.
October 29, 2018
Page 2

- Whether Plaintiffs must produce information they claim is protected by privilege (pages 26-28)
- The appropriate time period for conducting certain searches for discoverable materials (pages 28-30)

These issues remain unresolved.[1]

**Expert disclosure stipulation (Docket No. 455-3)**

As the Court will recall, the parties submitted an agreed upon Expert Disclosure Stipulation.  Dkt 455-3.  That stipulation has not yet been adopted by the Court.

**Non-party subpoenas (Docket Nos. 552, 555 and 556)**

End-Payor Plaintiffs ("EPPs") and Defendants submitted letters relating to third-party subpoenas that Defendants served upon third-party payors and pharmacy benefit managers. EPPs argue, and Defendants dispute, that these subpoenas are improper because they were directed to putative end-payor class members and/or seek documents that are the subject of current discovery disputes outlined in the June 6, 2018 discovery letter.

*****

We thank the Court for its time and attention to this matter.  As always, we are available should Your Honor have any questions.

Respectfully submitted,

*/s/ Liza M. Walsh*

Liza M. Walsh

cc:     All Counsel of Record

---

[1] The first issue addressed in this joint discovery letter (whether Wyeth should produce complete document families, including all related email attachments and embedded files (pages 1-6)) has been resolved by the parties.  *See* Dkt. No. 547 (informing the Court that this issue has been resolved by agreement).