**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY
(609) 989-0508

CHAMBERS OF
PETER G. SHERIDAN
JUDGE

Clarkson Fisher Building and
U.S. Courthouse
402 East State Street
Trenton, NJ 08608

TO:      Counsel of Record

FROM:      Peter G. Sheridan, U.S.D.J.

DATE:      March 29, 2019

RE:      *In re* Effexor XR Antitrust Litigation, 11-5479 (PGS) (LHG)

---

The purpose of this memorandum is to notify the parties that the Court is currently considering whether to appoint a special discovery master in the above-captioned matters. Federal Rule of Civil Procedure 53 ("Rule 53") provides that the Court may appoint a special master under certain conditions and to address certain issues. Rule 53 also requires the Court to "give the parties notice and an opportunity to be heard." Fed. R. Civ. P. 53(b)(1).

The Court makes the following findings:

1. The above referenced matters include: (1) four Direct Purchaser Class Actions consolidated into Civil Action No. 11-5479, pursuant to the Court's December 13, 2011 Case Management Order #1 Consolidating and Coordinating Cases ("Case Management Order #1") entered at [Docket Entry No. 86]; (2) eleven End Payor Class Actions consolidated into Civil Action No. 11-5590 and coordinated with the Direct Purchaser Class Actions pursuant to Case Management Order #1 entered at [Docket Entry No. 25]; and (3) four Individual Direct Purchaser Actions filed separately as Civil Action Nos. 11-6985, 11-7504, 12-3116, and 12-3523, also coordinated with the Direct Purchaser Class Actions pursuant to Case Management Order #1.

2. The Direct Purchaser Class Actions, the End Payor Class Actions, and the Individual Direct Purchaser Actions (collectively, the "Effexor Actions") contain overlapping parties and counsel, and similar factual allegations and legal issues.

3. The parties have vigorously litigated and continue to litigate numerous discovery issues (*See, e.g.*, Civil Action No. 11-5479, ECF Nos. 528, 552, 555, 556, and 576). The Court has devoted substantial time to addressing and attempting to resolve these disputes and conducting in-person conferences.

4. Rule 53 provides that the Court may appoint a special master to "perform duties consented to by the parties," OR "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Fed. R. Civ. P. 53(a)(1).

5. "The appointment of a special master must be limited in scope and is not justified simply because of docket congestion or the complexity of factual and/or legal issues . . . ." *Luppino v. Mercedes Benz USA, LLC*, No. 2:09-cv-05582, 2013 WL 5025229, at *3 (D.N.J. Sept. 11, 2013). Nevertheless, "Courts in this Circuit have appointed special masters to oversee and facilitate complicated and contentious discovery." *Id.*

6. The parties' submissions in the Effexor Actions and the discovery schedule make it clear that this matter will continue to require intensive case management involving the resolution of numerous discovery and other disputes.

7. The required level of case management is untenable given the burdens on the District of New Jersey. As all are aware, the District of New Jersey currently has five judicial vacancies and will have a sixth vacancy in May 2018. The Judicial Conference has indicated that in addition to the current judgeships (even if all vacancies were filled) the caseload in the District of New Jersey warrants an additional three new judgeships. Judicial Conference Committee on Judicial Resources, Joint Statement, Appendix 1 (2009), https://www.uscourts.gov/file/24332/download.

Accordingly, it may be appropriate to appoint a special master in the Effexor Actions pursuant to Rule 53. Each party must submit the following no later than April 9, 2019:

1. The party's consent or opposition to the appointment of a special master.

2. The party's position on the items identified in Rule 53(b)(2).

3. To the extent the party wishes to propose a candidate for Special Master, it is to submit no fewer than three candidates.

4. The party's position on any other issues the party would like the Court to consider in relation to the appointment of a special master.

Additionally, an in person status conference will be held on May 2, 2019, at 10:30 a.m. where the Court will address the appointment of a special discovery master.