**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY
(609) 989-0508

CHAMBERS OF
PETER G. SHERIDAN
JUDGE

Clarkson Fisher Building and
U.S. Courthouse
402 East State Street
Trenton, NJ 08608

TO: Counsel of Record

FROM: Peter G. Sheridan, U.S.D.J. PGS

DATE: June 20, 2019

RE: In Re: Effexor XR Antitrust Ligiation
11-cv-5479 (PGS)
Proposed Form of Order Appointing Discovery Master

---

Please find enclosed a draft of a proposed form of Order appointing a Discovery Master. This proposed Order is different than the one submitted by the parties on May 29, 2019 (ECF No. 591).

Please review same and submit comments within one week. I request that the parties confer, and submit a single draft of any changes or comments.

Thank you.

DRAFT

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **IN RE: EFFEXOR XR ANTITRUST LITIGATION**<br><br>This document relates to:<br><br>All Actions | Lead case: 3:11-cv-05479 (PGS) (LHG)<br><br>**DRAFT**<br>**ORDER APPOINTING DISCOVERY MASTER** |

WHEREAS, this matter comes before the Court regarding appointment of a special discovery master in this litigation. Pursuant to Federal Rule of Civil Procedure 78, no oral argument was heard; and

WHEREAS, "courts in this Circuit have appointed special masters to oversee and facilitate complicated and contentious discovery." *Luppino v. Mercedes Benz USA, LLC*, No. 2:09–CV–05582 (DMC), 2013 WL 5025229, at *3 (D.N.J. Sept. 11, 2013) (citing *Grider v. Keystone Health Plan Cent., Inc.*, No. 2:01-cv-05641 (JKG) (E.D. Pa. Aug. 25, 2005, ECF No. 373); *Williams v. BASF Catalysts, LLC*, No. 11:1754 (JLL) 2017 WL 4220282 at *1 (D.N.J. Sept. 21, 2017); and

WHEREAS, the Court finds that, given the history of this matter, and, in particular, considering the breadth of the parties' discovery disputes, as well as the likelihood that new disputes will arise with regularity for the duration of the discovery period, it is both necessary to appoint a special master in this multidistrict litigation and appropriate to do so pursuant to Federal Rule of Civil Procedure 53(a)(1)(C);

IT IS on this _____ day of June, 2019;

DRAFT

ORDERED:

1. This Order applies to all cases within this Master Docket.

2. Pursuant to Federal Rule of Civil Procedure 53, and by consent of all parties, the Court hereby appoints Jonathan J. Lerner as a discovery master (hereinafter the "Discovery Master") in the above-captioned matters in accordance with the terms set forth in this Order.

3. The authority of the Discovery Master hereunder shall be coextensive with those of a Magistrate Judge in the District of New Jersey pursuant to Local Civil Rule 72.1, and as such, any appeal of an action or decision made by the Discovery Master shall be filed with the District Court pursuant to Local Civil Rule 72.1(c)(1).

4. The Discovery Master shall have responsibility to decide, in the first instance, all currently pending discovery disputes that have been raised in letters to Magistrate Judge Goodman in the above-captioned matters. [ECF No. 528.] The Discovery Master shall also have responsibility to decide, in the first instance, all future discovery disputes that otherwise would have been directed to Magistrate Judge Goodman in these matters. After issuing an order, opinion, report or other directive, the Discovery Master shall reduce the order, opinion, report or other directive to writing and file it electronically on the case docket via Electronic Case Filing ("ECF").

5. The Discovery Master shall determine, after consultation with the parties, the format in which discovery disputes shall be presented to the Discovery Master. All substantive hearings before the Discovery Master shall be stenographically recorded by a court reporter, subject to the Discovery Master's preference and the agreement of both parties. The Court reporter shall make the transcripts available to the Discovery Master and the Parties within 7 days of the hearing. The costs of the transcript shall be borne by the parties as set forth in paragraphs 9

and 10.

6. The Discovery Master's decisions on any motion can be appealed to Judge Sheridan in the manner, and subject to the same deadlines and standards of review, as if it were a decision of a Magistrate Judge in accordance with L. Civ. R. 72.1(c) and Fed. R. Civ. P. 53(f)(3-5).

7. The Discovery Master shall be entitled to communicate *ex parte* with the Court in his discretion. In connection with the Discovery Master's role pursuant to this Order, the parties shall be bound by the same rules of *ex parte* communications as they are with the Court. The Discovery Master may have *ex parte* communications with attorneys only regarding non-substantive and solely administrative matters (e.g., confirming scheduling logistics for a hearing).

8. The Discovery Master may communicate issues with Magistrate Judges Arpert and Goodman as well as the Discovery Master in *In Re: Lipitor Antitrust Litigation* (Jose L. Linares) on an *ex parte* basis.

9. The Discovery Master shall bill his time on this matter at the rate of $1,000 per hour. The Discovery Master's fees shall be allocated 50% to the plaintiffs and 50% to the defendants. The plaintiffs shall agree among themselves as to the allocation of their collective 50% share and, failing agreement, the Discovery Master shall decide the allocation. Likewise, the defendants shall agree among themselves as to the allocation of their collective 50% share and, failing agreement, the Discovery Master shall decide the allocation. The Discovery Master shall bill the parties on a monthly basis, and the parties will provide the Discovery Master with the name of an individual(s) for each side who will be responsible for receiving billing and remitting payment.

10. The Discovery Master may utilize the resources of his firm, including attorneys

DRAFT

and paralegals, in managing and resolving discovery issues. These costs shall be subject to reasonable per hour rates.

11. The Discovery Master's appointment shall continue until he has disposed of all motions filed by the deadline for the filing of summary judgment motions. The parties may, however, request that the Court extend the appointment to deal only with specific discovery motions, if any, that are filed after that date.

12. The Court reserves the discretion to extend the appointment of the Discovery Master for good cause.

DRAFT

PETER G. SHERIDAN, U.S.D.J.

Date: