

RECEIVED

SEP 05 2019

AT 8:30_____M
WILLIAM T. WALSH
CLERK

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE: EFFEXOR XR ANTITRUST LITIGATION** | Lead Case: 3:11-cv-05479 (PGS)(LHG)<br><br>**ORDER**<br><br>**Relating to Plaintiffs' Motion to Compel Production of Documents (ECF #581)** |

**Jonathan J. Lerner, Special Discovery Master**

This discovery motion was filed by the Direct Purchaser Plaintiffs (the "Plaintiffs") on March 27, 2019 (the "Motion"), and subsequently raised in letters to Magistrate Judge Goodman dated April 30, 2019 [ECF #586] and May 1, 2019 [ECF #587], respectively. In the Motion, Plaintiffs are seeking to compel production of documents pursuant to a subpoena served on May 18, 2018 ("the Subpoena") in this litigation on non-parties Zydus Pharmaceuticals USA and Cadila Healthcare Limited (collectively, "Zydus").

A discovery dispute currently exists (ECF #614) and comes within the delegation of responsibility to the Discovery Master pursuant to Paragraph 4 of the Order Appointing the Discovery Master "to decide, in the first instance, all discovery disputes that have been raised in letters to Magistrate Judge Goodman and all future discovery disputes that otherwise would have been directed to Magistrate Judge Goodman in these matters." [ECF #603][1]

---

[1] In their Memorandum of Law in Support of the Motion to Compel, Plaintiffs have stated that Zydus has its headquarters in Pennington, New Jersey. (See Note 1.) Accordingly, this is the appropriate court to enforce compliance with the Subpoena.

On or about May 18, 2018, Plaintiffs served Zydus with a subpoena to produce documents (the "Subpoena"). (Affidavit of Luke Smith, Esq., submitted in Support of Motion to Compel at ¶¶ 2 and 10 (the "Smith Decl.")).[2]

To date, Zydus has failed to service any written responses or objections to the Subpoena as provided by Rule 45 (d)(2)(B) of the Federal Rules of Civil Procedure, which states: "the objection must be served before the earlier of the time specified in the subpoena or 14 days after the subpoenas is served". (Id. at ¶ 3.)

Plaintiffs' Counsel has described extensive efforts beginning on June 14, 2018 to obtain compliance with the Subpoena through telephone calls and emails. According to Plaintiffs' counsel, on or about October 12, 2018 these efforts resulted in the production of a limited number of the documents sought in the Subpoena. (Smith Decl. ¶ 10.) At least six categories of documents were not produced. (Id.) According to the Smith Declaration:

> On or about October 12, 2018, Zydus produced some documents, but failed to produce (i) its generic Effexor XR transaction-level sales data (as sought by Subpoena Requests 13-15); (ii) its complete abbreviated new drug application ("ANDA") file for generic Effexor XR, including all of Zydus' ANDA filings and related correspondence, both internal correspondence and correspondence with the Food and Drug Administration ("FDA") (as sought by Subpoena requests 6-7); (iii) documents concerning any regulatory, legal, technical, manufacturing or other issues regarding the readiness, willingness or ability of Zydus to launch (start selling) generic Effexor XR, including documents sufficient to show Zydus' manufacturing capacity (as sought by Subpoena Request 8); (iv) a complete set of Zydus' forecast and launch projection documents (as sought by Request 4); (v) Zydus' documents relating to the negotiation and settlement of the Wyeth-Zydus Effexor XR patent litigation (as sought by Requests 2 and 12); and (vi) documents

---

[2] Although Exhibit B, which is described in the Smith Declaration as the "return of service form" (Smith Decl. ¶ 2), appears to have been omitted from the Smith Declaration, the Smith Declaration states that a Zydus employee at the company's corporate offices "accepted service" (Smith Decl. ¶ 4), and it appears that Zydus produced certain documents pursuant to the Subpoena without reserving any right to challenge service. (Smith Decl. ¶ 10.).

>relating to Zydus' communications with other Effexor XR ANDA filers (as sought in Request 10 and 11).

(Id.)

Despite continued efforts by Plaintiffs' counsel, none of these documents have been produced. (Smith Decl. ¶ 11.)

On March 27, 2019, the Motion was filed. Under the Local Rules, the Motion had to be made on notice of at least 24 days and any Opposition was required to be filed at least 14 days prior to the return date. Local Civil Rules 7.1(d)(1) and 7.1(d)(2). In accordance with the Local Rules, the Motion initially was returnable on May 6, 2019 and the Opposition by Zydus was due no later than April 22, 2019. [ECF #586]

On April 30, 2019, Plaintiffs' Counsel informed Magistrate Judge Goodman that Zydus had failed to timely oppose the Motion. [ECF #586] On May 1, 2019, however, Plaintiffs' Counsel advised the Court that discussions had resumed and he requested the return date of the Motion be deferred until May 14, 2019. [ECF #587].

On August 15, 2019, in the absence of any further communication by the Parties with the Court, the Parties were directed to file a status report by August 21, 2019. [ECF #613] On August 21, 2019, Plaintiffs' Counsel timely filed a status report (the "Status Report") confirming Zydus had not produced any additional documents and still had not filed any opposition to the Motion. [ECF #614] In the Status Report, Plaintiffs' Counsel stated that "All of the issues raised in Plaintiffs' Motion to Compel (ECF No. 581) remain unresolved." The Status Report also indicated that subsequent to filing the Motion, additional meet and confers had occurred and it was accompanied by an exhibit consisting of a series of emails evidencing continued unsuccessful efforts by Plaintiffs' Counsel to secure compliance with the Subpoena or to reach a satisfactory resolution. [ECF#614, Ex. A]

3

The Status Report was submitted only on behalf of the Plaintiffs. Although the direction to file the Status Report was made by a letter emailed directly to Counsel for Zydus, as well as to Counsel for Plaintiffs, was filed electronically on the Docket and applied to both Parties to the Motion, Zydus did not timely file a separate status report, and has not subsequently made known any disagreement with Plaintiffs' version of events.

At no time did Zydus file, or attempt to file, any opposition to the Motion or obtain an extension of time to do so. Accordingly, the Opposition by Zydus is more than three months overdue, and Zydus has failed to file it in accordance with the applicable Local Rules. Where, as here, an Opposition is not filed in accordance with the requirements of the Local Rules it may be treated as unopposed. Taylor v. Harrisburg Area Community College, 579 Fed. Appx. 90, 93 (3d Cir. 2014) (*Per Curiam*)(Non-precedential) ("[a]s no response was filed . . . Local Rules . . . gave the District Court the power to deem the summary judgment motion as uncontested"). Following Taylor, courts in this district have determined that where, as here, a party fails to timely file opposition in accordance with the Local Rules, it may be treated as uncontested. See, e.g., Sconiers v. U. S. Postal Serv., Civ. No. 2:17-1835 (WJM) at n. 1 (D.N.J. Oct. 24, 2017), affirmed on other grounds, 896 F.3d 595 (3d Cir. 2018); Chapa v. United Credit Specialists, et al., Civ. Action No. 2:15-Civ-3125 at 2 (D.N.J. Feb. 17, 2016) ("a court may consider a Motion uncontested when opposition has not been filed as required by local rule"); Alzal Corp. v. Emporio Motor Group, LLC, et ano., Civ. Action No. 2:23-CV-4644 (D.N.J. March 23, 2015) (same). In Chapa, the court determined that by failing timely to provide written responses to a request for the production of documents "United is in default....and [o]pposition to the motion to compel was not filed." Accordingly, the Court held, in language equally applicable here, "Granting the motion to compel on the merits and as being uncontested is

therefore appropriate." Id. at 3. On the record here, including the factual and legal positions advanced by the Plaintiffs which appear, at least *prima facie*, to support the relevance of the documents requested, that the documents sought would not be available from the Defendants and no undue burden would be imposed by the Subpoena, the same result is warranted. Accordingly, it is ORDERED:

1. Plaintiffs' Motion to Compel the Production of Documents is granted to the extent set forth in Paragraphs (2) and (3) below:

2. On or before September 18, 2019, Zydus shall produce to Plaintiffs the following documents encompassed by the Subpoena:

(1) Zydus's data showing its sales of generic Effexor XR as set forth in Requests 13-15; (2) Zydus's ANDA file, including the ANDA itself and all related correspondence internally and with the FDA as set forth in Requests 6-7; (3) documents sufficient to show Zydus's generic Effexor XR manufacturing capacity as set forth in Request 8; (4) Zydus's forecasting and projection documents as set forth in Request 4; (5) documents relating to the settlement negotiation and eventual settlement of the Wyeth-Zydus Litigation as set forth in Requests 3, 11 and 12; and (6) communications with other Effexor XR ANDA filers regarding Effexor XR or generic Effexor XR as set forth in Requests 10 and 11.

3. Also, on or before September 18, 2019, Zydus shall provide to Plaintiffs' Counsel a written certification that production of the foregoing documents in Zydus's possession, custody and control has been completed.

Dated: September 4, 2019

Jonathan J. Lerner
Special Discovery Master

5