William H. Trousdale
Brian M. English
Tompkins, McGuire, Wachenfeld & Barry LLP
3 Becker Farm Road, Fourth Floor
Roseland, New Jersey 07068-1726
Tel. (973) 622-3000
Fax (973) 623-7780
wtrousdale@tompkinsmcguire.com
benglish@tompkinsmcguire.com

Devora W. Allon, P.C.
Kirkland & Ellis LLP
601 Lexington Ave
New York, New York 10022
Tel. (212) 446-4800
Fax (212) 446-4900
devora.allon@kirkland.com

Karen N. Walker, P.C.
Alexandra I. Russell
Gavin R. Tisdale
1301 Pennsylvania Ave N.W.
Washington, D.C. 20004
Tel. (202) 389-5000
Fax (202) 389-5200
karen.walker@kirkland.com
alexandra.russell@kirkland.com
gavin.tisdale@kirkland.com

*Attorneys for Defendants Teva Pharmaceutical Industries Ltd. and Teva Pharmaceuticals USA, Inc.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE EFFEXOR XR ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>**ALL ACTIONS** | Civil Action Nos.: 11-5479 (PGS)(LHG)<br>11-5590 (PGS)(LHG)<br>11-5661 (PGS)(LHG)<br>11-6985 (PGS)(LHG)<br>11-7504 (PGS)(LHG)<br>12-3116 (PGS)(LHG)<br>12-3523 (PGS)(LHG) |

**DECLARATION OF GAVIN R. TISDALE
IN SUPPORT OF MOTION TO SEAL BY
TEVA PHARMACEUTICAL INDUSTRIES LTD.
AND TEVA PHARMACEUTICALS USA, INC.**

I, Gavin R. Tisdale, do hereby declare as follows:

1. I am counsel for Defendants Teva Pharmaceutical Industries Ltd. and Teva Pharmaceuticals USA, Inc. (collectively, "Teva"), in the above-captioned action. I am fully familiar with the facts set forth herein as well as the categories and types of information that Teva keeps confidential and is obligated to keep confidential. I am also familiar with the harm that Teva would sustain if its confidential information were to become public.

2. I submit this Declaration in support of Teva's Motion to Seal the September 13, 2019 Decision and Order (DE No. 619) entered in this case by Jonathan J. Lerner, Special Discovery Master, on September 18, 2019 (the "Decision").

3. In support of the motion, an index has been prepared identifying the reasons Teva seeks to seal the Decision, and further explaining: (a) the nature of the materials at issue; (b) the legitimate private or public interest that warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request. A copy of the index is attached hereto as Exhibit 1.

4. This is an antitrust dispute between private parties involving confidential information that Teva has a legitimate interest in protecting because its competitors in the marketplace could utilize the non-public information to gain an unfair advantage over Teva.

5. The Decision contains or refers to Teva's proprietary and competitively sensitive business information, which has been designated and/or otherwise treated as confidential by Teva pursuant to the Discovery Confidentiality Order ("DCO") entered in this case on August 23, 2013, at DE No. 244. Specifically, portions of the Decision quote or describe confidential reports

2

containing Teva product launch information, which is the type of information that Teva maintains in confidence in light of the highly competitive pharmaceuticals marketplace.

6. Teva would suffer clearly defined, substantial and specific injuries, including but not limited to, financial damage, damage to business relationships, damage to commercial standing, and/or other irreparable harm if any of the confidential proprietary and competitively sensitive business information contained in portions of the Decision are publicly disclosed in contravention of the terms of the DCO. Competitors would improperly and unfairly benefit from the disclosure of Teva's non-public business information and would likely use the confidential information to enhance their market or negotiation position and cause Teva to lose its competitive advantage in the highly competitive pharmaceuticals marketplace.

7. Sealing of the Decision is being sought based on the prior designation and/or treatment of the confidential information contained in the Decision as confidential.

8. Teva invested significant resources into the development of its products with the expectation that such competitively sensitive business information would remain confidential and unavailable to competitors.

9. There is a substantial public interest in ensuring that non-public information relating to Teva's proprietary documents remains confidential and will not subsequently become public.

10. Sealing the Decision is the least restrictive alternative available to protect Teva's non-public confidential information. Teva's Motion to Seal is narrowly tailored to the information that Teva deems confidential and a redacted version of the Decision has been publicly filed (DE No. 620).

11. Accordingly, Teva respectfully requests that the Court grant its Motion to Seal.

I certify under penalty of perjury that the foregoing is true and correct.

Dated: October 1, 2019