COHN LIFLAND PEARLMAN
HERRMANN & KNOPF LLC
MATTHEW F. GATELY
PETER S. PEARLMAN
Park 80 Plaza West-One
250 Pehle Avenue, Suite 401
Saddle Brook, NJ 0766
Tel: (201) 845-9600
Fax: (201) 845-9423

*Attorneys for the Direct Purchaser Plaintiff Class*

[Additional Counsel on Signature Page]

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: Effexor XR Antitrust Litigation<br><br>This Document Relates to:<br><br>All Actions | Lead case: 3:11-cv-05479-PGS-LHG (D.N.J.)<br><br>FILED UNDER SEAL |

**PLAINTIFFS' OPPOSITION TO MOTION TO SEAL BY TEVA PHARMACEUTICAL INDUSTRIES LTD. AND TEVA PHARMACEUTICALS USA, INC.**

Plaintiffs[1] oppose the October 2, 2019 motion (ECF No. 624) brought by Defendants

Teva Pharmaceutical Industries Ltd. and Teva Pharmaceuticals USA, Inc. (collectively, "Teva")

---

[1] "Plaintiffs" includes (a) the direct purchaser plaintiffs, Professional Drug Company, Inc., Rochester Drug Co-Operative, Inc., Stephen L. LaFrance Holdings, Inc., and Uniondale Chemists, Inc.; (b) the retailer plaintiffs, Rite Aid Corporation, Rite Aid Hdqtrs. Corp., JCG (PJC) USA, LLC, Maxi Drug d/b/a Brooks Pharmacy, Eckerd Corporation, CVS Caremark Corporation, Walgreen Co., The Kroger Co., Safeway Inc., Supervalu, Inc., HEB Grocery Company LP, and American Sales Company, Inc.; Giant Eagle, Inc.; (c) the end-payor plaintiffs, A. F. of L. – A.G.C. Building Trades Welfare Plan, IBEW - NECA Local 505 Health & Welfare Plan, Louisiana Health Service Indemnity Company d/b/a Bluecross/Blueshield of Louisiana, New Mexico United Food And Commercial Workers Union's And Employers' Health And Welfare Trust Fund, Plumbers and Pipefitters Local 572 Health and Welfare Fund, City of Providence, Rhode Island, Sergeants Benevolent Association Health and Welfare Fund, and Patricia Sutter; and (d) the individual third-party payor plaintiffs (or "ITPPs").

1

to seal portions of the Special Discovery Master's September 13, 2019 Decision and Order (the "Order") (ECF No. 619),[2] denying Teva's claims of attorney-client privilege as to certain documents.[3] Teva has failed to satisfy the burden placed on a party seeking to overcome the presumption of access afforded to court documents. The Order should be public, and not sealed.

First, the clearest deficiency in Teva's motion is that the references made in the Order, while they describe documents subject to the protective order, do not actually divulge any confidential, proprietary, or sensitive information.[4] The following table lists the excerpts from the Order that Teva seeks to redact, with Teva's proposed redactions in underlined italics and Plaintiffs' responses to the right. None of the information Teva seeks to redact, if disclosed, would injure Teva.

| Page in Order | Portions of Order that Teva Seeks to Redact (in underlined italics) | Why This Information Is Not Confidential and Should Not Be Sealed |
|---|---|---|
| Page 38 | Based on the *in camera* inspection, ▮▮▮▮▮▮▮▮▮▮ | References to "▮▮▮▮▮" and the "▮▮▮▮▮▮▮" is not confidential, contains no proprietary or competitively sensitive business information, and reveals nothing about the content of the confidential documents. |

---

[2] The Order is dated September 13, 2019, but was docketed on September 17, 2019.

[3] Plaintiffs have filed this opposition under seal because it quotes language from the Order that Teva has moved to seal. Plaintiffs, however, do not believe that this opposition contains confidential information or should be sealed and, if Teva's motion is denied, this opposition should also be unsealed.

[4] The information referenced and/or quoted is distinct from the kind of confidential pricing data, launch dates, or other proprietary information whose disclosure could be competitively harmful.

| Page in Order | Portions of Order that Teva Seeks to Redact (in underlined italics) | Why This Information Is Not Confidential and Should Not Be Sealed |
|---|---|---|
| Page 40 | Based on the *in camera* review, none of the references to the FDA regulatory requirements or FDA approval in the launch timing rationales involved any legal advice. ███████████ ███████████ ███████████ ███████████ ████ | Reference to the mere fact of Teva's ████ ███████████ ███████████ ████, does not provide any further detail and does not quote the documents Teva has designated as confidential. This information is not confidential, contains no proprietary or competitively sensitive business information, and reveals nothing about the content of confidential documents or Teva's involvement with the FDA. |
| Page 42 | A limited number of the documents listed on Exhibit D are █████ ███████████ ███████████ ███████████ ███████████ ███████████ ███████████ | Excerpts that indicate that Teva identified "█████" for changes as related to "█████ ███████████ do not provide any detail as to the content of these confidential documents, ███████████ ███████████ themselves. Neither the existence of ███████████ in Teva's launch reports nor their wording is confidential and the excerpts contain no proprietary or sensitive business information. |
| Page 42 | Document Priv. -20374, entitled "2005-2010 Launch Dates for US" is illustrative. It contains a █████ ███████████ ███████████ █████ (Priv. -20374 at 2, see also Priv. -08778 ("███████████ ███████████") Priv. -021947 ("███████████"). | Excerpts that indicate that Teva identified "█████" for changes as related to "█████ ███████████ do not provide any detail as to the content of these confidential documents, ███████████ ███████████ themselves. Neither the existence of ███████████ in Teva's launch reports nor their wording is confidential and the excerpts contain no proprietary or sensitive business information. |
| Page 42-43 | A closer review of the balance of document Priv. -20374, which also includes columns for "launch timing rationale" for the projected launch dates of Teva's generic drug portfolio indicates legal advice was not involved. The launch timing rationales for another drug provides ███████████ ███████████ for Venlafaxine (see Priv. -20374 at 49). | Excerpts that indicate that Teva identified "███████████" for changes as "███████████" do not provide any detail as to the content of these confidential documents, ███████████ ███████████ Neither the existence of ███████████ in Teva's launch reports nor their wording is confidential and the excerpts contain no proprietary or sensitive business information. |

| Page in Order | Portions of Order that Teva Seeks to Redact (in underlined italics) | Why This Information Is Not Confidential and Should Not Be Sealed |
|---|---|---|
| Page 43 | The text immediately following this reference, which appears intended to explain the ▓▓▓▓ ▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓ would not qualify as "legal advice" protected by the attorney-client privilege. | An excerpt that describes a ▓▓▓▓ with a generalized reference to a "▓▓▓▓▓ ▓▓▓▓" without any further description or language quoted from the documents Teva has marked as confidential, does not provide any detail as to the content of this confidential document, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓. Neither the existence of the ▓▓ ▓▓▓▓▓▓▓ nor its wording is confidential and the excerpt contains no proprietary or sensitive business information. |
| Page 43 | In all events, the label ▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ are insufficient to conclude that the charges were predicated on "legal advice." | Excerpts that indicate that Teva identified "▓▓▓▓" for changes as related to "▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓" do not provide any detail as to the content of these confidential documents, ▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Neither the existence of ▓▓▓▓▓▓▓▓ in Teva's launch reports nor their wording is confidential and the excerpts contain no proprietary or sensitive business information. |
| Page 44 | These projected launch dates also were contained in a document entitled "Teva New Product Launches", (Priv. -21985.) This document bears a label at the top ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. | Excerpts that indicate that a particular document appears to have been intended for use ▓▓▓▓▓▓▓▓▓▓▓▓▓, without any further detail about or quotation from the document at issue, is not confidential. These descriptions contain no proprietary or competitively sensitive business information and reveal nothing about the content of the confidential document they reference. |

None of the information Teva has moved to seal would reveal anything commercially sensitive about the "highly competitive pharmaceuticals marketplace" that competitors could then coopt to harm Teva. *See* Declaration of Gavin R. Tisdale ¶ 5 (Oct. 2, 2019) ("Tisdale Decl.") (ECF No. 624-1). The mere existence of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ in the distant past are unsurprising, banal facts about the industry, providing no commercial benefit to Teva's

competitors or the prospect of commercial detriment to Teva.  *See*, *e.g.*, *Nelson v. Nissan N. Am., Inc.*, 2014 WL 12617593, at *5-7 (D.N.J. Dec. 22, 2014) ("The mere allegation that [a moving party] will suffer some undefined competitive harm from the release of . . . outdated information is insufficient to overcome the presumptive right of public access").

Second, Teva has failed to carry its burden of showing that the excerpts should be sealed even if they actually divulged confidential, proprietary, or sensitive information (and they do not).  Instead, Teva resorts to broad, unspecified allegations of harm, which the Third Circuit has held to be an insufficient basis for sealing judicial records.  In *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, the Third Circuit recently cautioned that, "[a]nalytically distinct from the District Court's ability to protect discovery materials under Rule 26(c), the common law presumes that the public has a right of access to judicial materials."  924 F.3d 662, 672 (3d Cir. 2019).  "Once a document becomes a judicial record, a presumption of access attaches . . . [and t]he party seeking to overcome the presumption of access bears the burden of showing that the interest in secrecy outweighs the presumption."  *Id.* (internal citations and quotations omitted).  To carry this burden, "[t]he movant must show that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure."  *Id.* (internal citations and quotations omitted).  What is more, "[i]n delineating the injury to be prevented, specificity is essential . . . Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient."  *Id.* at 673 (internal citations and quotations omitted).

Teva's argument falls well short of the Third Circuit's standard.  Teva bases its motion to seal on allegations that the Special Master's decision "contains or refers to Teva's proprietary and competitively sensitive business information, which has been designated and/or otherwise

5

treated as confidential by Teva pursuant to the Discovery Confidentiality Order," and that "portions of the Decision quote or describe confidential reports containing Teva product launch information." *See* Tisdale Decl. ¶ 5. The standard for sealing judicial documents, however, is distinct from whether something is confidential pursuant to a protective order, *In re Avandia*, 924 F.3d at 672, and Plaintiffs do not challenge the general confidentiality designation of the documents Teva references.

Since a mere assertion that material is subject to the protective order is not a sufficient basis to seal a court record that references it, Teva must articulate specific harm that would result from disclosure. Teva only offers a sweeping claim that it would be injured in the form of:

> financial damage, damages to business relationships, damage to commercial standing, and/or other irreparable harm if any of the confidential proprietary and competitively sensitive business information contained in portions of the Decision are publicly disclosed . . . [because c]ompetitors would improperly and unfairly benefit from the disclosure of Teva's non-public business information and would likely use the confidential information to enhance their market or negotiation position and cause Teva to lose its competitive advantage in the highly competitive marketplace.

Tisdale Decl. ¶ 6. Absent from Teva's submission is any demonstration of how the specific references in the Special Master's decision would work harm on Teva. The general nature of this claim is underscored by the fact that Teva reiterates its description of the basis for sealing and the purported injury for each portion of the Special Master's decision that it seeks to redact. *See* Tisdale Decl., Ex. 1.

Plaintiffs thus respectfully request that the Court deny Teva's motion to seal and order the unsealing of the related briefing.

Dated:  October 10, 2019  Respectfully submitted,

By: */s/ Matthew F. Gately*
COHN LIFLAND PEARLMAN

6

   HERRMANN & KNOPF LLP
Matthew F. Gately
Peter S. Pearlman
Park 80 West - Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, NJ 07663
Tel.: (201) 845-9600

*Liaison Counsel for the Direct Purchaser Class Plaintiffs*

| | |
|---|---|
| David F. Sorensen | Thomas M. Sobol |
| Caitlin G. Coslett | Gregory T. Arnold |
| Berger Montague PC | Kristen A. Johnson |
| 1818 Market Street, Suite 3600 | Hagens Berman Sobol Shapiro LLP |
| Philadelphia, PA 19103 | 55 Cambridge Parkway, Suite 301 |
| Telephone: (215) 875-3000 | Cambridge, MA 02142 |
| Facsimile: (215) 875-4604 | Telephone: (617) 482-3700 |
| dsorensen@bm.net | Facsimile: (617) 482-3003 |
| ccoslett@bm.net | tom@hbsslaw.com |
| | grega@hbsslaw.com |
| Peter Kohn | kristenj@hbsslaw.com |
| Faruqi & Faruqi LLP | |
| One Penn Center, Suite 1550 | Barry S. Taus |
| 1617 John F. Kennedy Boulevard | Taus, Cebulash & Landau, LLP |
| Philadelphia, PA 19103 | 80 Maiden Lane, Suite 1204 |
| Telephone: (215) 277-5770 | New York, NY 10038 |
| Facsimile: (215) 277-5771 | Telephone: (212) 931-0704 |
| pkohn@faruqilaw.com | btaus@tcllaw.com |
| | |
| Dianne M. Nast | Don Barrett |
| Erin C. Burns | Barrett Law Group, P.A. |
| NastLaw LLC | 404 Court Square |
| 1101 Market Street, Suite 2801 | P.O. Box 927 |
| Philadelphia, PA 19107 | Lexington, MS 39095 |
| Telephone: (215) 923-9300 | Telephone: (662) 834-2488 |
| Facsimile: (215) 923-9302 | Facsimile: (662) 834-2628 |
| dnast@nastlaw.com | dbarrett@barrettlawgroup.com |
| eburns@nastlaw.com | |

*Executive Committee for the Direct Purchaser Class Plaintiffs*

Linda P. Nussbaum
Bradley J. Demuth
Nussbaum Law Group, P.C.
1211 Avenue of the Americas, 40th Floor
New York, NY 10036
Telephone: (917) 438-9189
lnussbaum@nussbaumpc.com
bdemuth@nussbaumpc.com

*Counsel for Plaintiffs Meijer, Inc. and Meijer Distribution, Inc.*

David E. Kovel
Karen M. Lerner
Elizabeth Brehm
KIRBY MCINERNEY LLP
825 Third Avenue
New York, NY 10022
Telephone: (212) 371-6600
Facsimile: (212) 751-2540
dkovel@kmllp.com
klerner@kmllp.com
ebrehm@kmllp.com

*Counsel for Plaintiff Uniondale Chemists, Inc.*

Bernard D. Marcus
Moira Cain-Mannix
Brian C. Hill
Marcus & Shapira LLP
One Oxford Centre, 35th Floor
Pittsburgh, PA 15219-6401
Telephone: (412) 471-3490
Facsimile: (412) 391-8758
marcus@marcus-shapira.com
mcm@marcus-shapira.com
hill@marcus-shapira.com

*Counsel for Plaintiff Giant Eagle, Inc.*

David M. Taus
Devero Taus LLC
266 King George Road, Suite I
Warren, NJ 07059
Telephone: (908) 375-8142
dtaus@deverotaus.com

*Local Counsel for Plaintiff Giant Eagle, Inc.*

James E. Cecchi
Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C.
5 Becker Farm Road
Roseland, NJ 07068
Telephone: (973) 994-1700
Facsimile: (973) 994-1744
jcecchi@carellabyrne.com

*Chair of Executive Committee for the Indirect Purchaser Class Plaintiffs*

Kenneth A. Wexler
Bethany R. Turke
Justin N. Boley
Wexler Wallace LLP
55 W Monroe Street, Suite 3300

Jeffrey L. Kodroff
John Macoretta
Spector Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103

8

Chicago, IL 60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022
kaw@wexlerwallace.com
brt@wexlerwallace.com
jnb@wexlerwallace.com

James R. Dugan, II
Douglas R. Plymale
Dugan Law Firm, LLC
One Canal Place, Suite 1000
365 Canal Street
New Orleans, LA 70130
Telephone: (504) 648-0180
jdugan@dugan-lawfirm.com
dplymale@dugan-lawfirm.com

Telephone: (215) 496-0300
Facsimile: (215) 496-6611
jkodroff@srkattorneys.com
jmacoretta@srkattorneys.com

Michael M. Buchman
Motley Rice LLC
600 Third Ave, Suite 2101
New York, New York 10016
Telephone: (212) 577-0040
Facsimile: (212) 577-0054
mbuchman@motleyrice.com

Richard J. Burke
Jeff A. Leon
Quantum Legal LLC
1010 Market Street, Suite 1310
St. Louis, MO 63101
Telephone: (314) 880-7000

*Executive Committee for the End-Payor Class Plaintiffs*

Scott E. Perwin
Lauren C. Ravkind
Kenny Nachwalter, P.A.
Four Seasons Tower
1441 Brickwell Avenue, Suite 1100
Miami, FL 33131
Telephone: (305) 373-1000
sep@knpa.com

*Counsel for Walgreen Plaintiffs*

Barry L. Refsin
Hangley Aronchick Segal Pudlin & Schiller
One Logan Square, 27th Floor
Philadelphia, PA 19103
Telephone: (215) 568-6200
brefsin@hangley.com

Monica L. Kiley
Hangley Aronchick Segal Pudlin & Schiller
2805 Old Post Road, Suite 100
Harrisburg, PA 17110
Telephone: (717) 364-1030
mkiley@hangley.com

*Counsel for Rite Aid Corporation,*
*Rite Aid Hdqtrs. Corp., JCG (PJC)*
*USA, LLC, Maxi Drug, Inc.*
*d/b/a Brooks Pharmacy,*
*Eckerd Corporation, and*
*CVS Caremark Corporation*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was served by email on counsel of record.

*/s/ Matthew F. Gately*
Matthew F. Gately
