William H. Trousdale
Brian M. English
Tompkins, McGuire, Wachenfeld & Barry LLP
3 Becker Farm Road, Fourth Floor
Roseland, New Jersey 07068-1726
Tel.  (973) 622-3000
Fax  (973) 623-7780
wtrousdale@tompkinsmcguire.com
benglish@tompkinsmcguire.com

Devora W. Allon, P.C.
Kirkland & Ellis LLP
601 Lexington Ave
New York, New York 10022
Tel. (212) 446-4800
Fax (212) 446-4900
devora.allon@kirkland.com

Karen N. Walker, P.C.
Alexandra I. Russell
Gavin R. Tisdale
1301 Pennsylvania Ave N.W.
Washington, D.C. 20004
Tel. (202) 389-5000
Fax  (202) 389-5200
karen.walker@kirkland.com
alexandra.russell@kirkland.com
gavin.tisdale@kirkland.com

*Attorneys for Defendants Teva Pharmaceutical Industries Ltd. and
Teva Pharmaceuticals USA, Inc.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE EFFEXOR XR ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>**ALL ACTIONS** | Civil Action Nos.: 11-5479 (PGS)(LHG)<br>11-5590 (PGS)(LHG)<br>11-5661 (PGS)(LHG)<br>11-6985 (PGS)(LHG)<br>11-7504 (PGS)(LHG)<br>12-3116 (PGS)(LHG)<br>12-3523 (PGS)(LHG) |

**TEVA REPLY BRIEF IN SUPPORT OF MOTION TO SEAL**

**PRELIMINARY STATEMENT**

Defendants Teva Pharmaceutical Industries Ltd. and Teva Pharmaceuticals USA, Inc. (collectively, "Teva"), have brought this motion to seal in order to protect confidential reports containing product launch information ("Launch Reports"). Those Launch Reports were referred to and quoted in the written decision issued by Special Discovery Master Jonathan Lerner on September 13, 2019 ("Decision") that resolved a discovery dispute between Teva and Plaintiffs.

As documents submitted to the Special Discovery Master as part of the equivalent of a discovery motion, the Launch Reports **are not** subject to a presumption of public access. They are not judicial records, and there is no need for the Court to conduct the Local Rule 5.3 analysis required for motions to seal documents submitted on non-discovery motions.

In addition, even if this Court proceeded to the Rule 5.3 analysis, Plaintiffs have focused on the wrong issue here. Plaintiffs disparage the confidentiality of the specific quotes from and references to the Launch Reports, but under Third Circuit precedent the public disclosure of those quotes and references in the Decision creates the risk that the indisputably confidential Launch Reports themselves will be rendered publicly available. Plaintiffs' emphasis on the relative unimportance of the information from the Launch Reports actually supports the sealing of the Decision—the public is not being deprived of any significant information while Teva will be in jeopardy of losing confidential treatment for the Launch Reports.

The Special Discovery Master resolved, not surprisingly, the equivalent of a discovery motion. Therefore, the documents he considered are not judicial records to which the public has a right of access. The Court should grant Teva's motion to seal and the Decision should remain under seal, with a slightly redacted version publicly available.

1

## STATEMENT OF FACTS

Teva's motion to seal arises from "a challenge by Plaintiffs to the invocation by Teva of the attorney-client privilege as the basis for redacting or withholding of information from discovery." (Page 1 of Decision). The dispute was submitted to Special Discovery Master Lerner pursuant to paragraph 4 of his appointment order (DE No. 603), which delegated to him responsibility "to decide, in the first instance, all discovery disputes that have been raised in letters to Magistrate Judge Goodman and all future *discovery disputes* that otherwise would have been submitted to Magistrate Judge Goodman in these matters." (emphasis added).

On August 8, 2019, Teva submitted unredacted versions of 109 disputed documents to the Special Discovery Master for *in camera* review to determine whether the attorney-client privilege was properly asserted. (Pages 2 and 3 of Decision). Special Discovery Master Lerner found that the parties had agreed that the dispositive issue in the dispute was "whether Teva's projected 'as early as' or 'as late as' Launch dates for Venlafaxine, Teva's generic version of Effexor XR, and the reasons for changes made to those projected Launch Dates provided in certain of the spreadsheets, are protected by attorney-client privilege." (Page 3 of Decision).

Special Discovery Master Lerner ultimately ruled on September 13, 2019 that the 109 disputed documents were not protected by the attorney-client privilege and ordered production by Teva to Plaintiffs of all information withheld or redacted from the disputed documents. (Page 46 of Decision). In the course of his Decision, Mr. Lerner discussed a subcategory of 51 disputed documents known as Launch Reports. (Page 28 of Decision). Teva previously produced the Launch Reports to Plaintiffs and designated them as confidential pursuant to the August 23, 2013 Discovery Confidentiality Order (DE No. 244).

Most importantly with regard to Teva's motion to seal, the Special Discovery Master

quotes from or references some of these Launch Reports at ten different points in the Decision. (See DE No. 624-2 and highlighted version of Decision provided to the Court). Due to these quotes and references, at Teva's request Mr. Lerner filed his Decision under seal on the public docket on September 18, 2019. (DE No. 619). The next day, Teva filed a redacted version of the Decision, with minimal redactions limited to the quotes and references to the Launch Reports. (DE No. 620).

In compliance with Local Civil Rule 5.3, Teva prepared a motion to seal directed at the redactions to the Decision filed on the public docket. Having received no objections from Plaintiffs after circulating the index listing the language redacted from the Decision (DE No. 624-2), Teva filed its motion to seal under Local Civil Rule 5.3 on October 2, 2019. (DE No. 624). Eight days later, Plaintiffs for the first time raised objections to Teva's redactions by filing an opposition to the motion to seal. (DE No. 626).

## LEGAL ARGUMENT

### I. THERE IS NO PRESUMPTION OF PUBLIC ACCESS TO DOCUMENTS SUBMITTED TO THE SPECIAL DISCOVERY MASTER AS PART OF A DISCOVERY MOTION.

As a threshold matter, Plaintiffs are incorrect in their assertion that there is a presumption of public access to documents referenced by Special Discovery Master Lerner in his Decision, (Page 5 of Opp.), because no presumption of public access attaches to documents produced in a discovery motion. *United States v. Wecht*, 484 F.3d 194, 209 (3d Cir. 2007). The Teva Launch Reports were submitted to Special Discovery Master Lerner to resolve a discovery dispute by way of a proceeding equivalent to a discovery motion as agreed upon by the parties. The importance of that fact in the context of a motion to seal has been explained by Magistrate Judge Wettre:

> "It is well-settled that there exists, in both criminal and civil cases, a common law public right of access to judicial proceedings and records." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001). A limited exception to this right of access to judicial records has been

3

> recognized in this Circuit with respect to discovery materials filed in support of discovery motions. Because materials exchanged in civil discovery are not subject to a common law right of access, the Third Circuit has observed that "[w]hen discovery materials are filed with the trial court, the private nature of discovery comes into conflict with the public's right to access judicial records." *United States v. Wecht*, 484 F.3d 194, 209 (3d Cir. 2007). **The Third Circuit has resolved the conflict by holding that discovery materials filed as part of a discovery motion generally are not subject to the common law right of access.** *See id.* (discussing *Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*, 998 F.2d 157 (3d Cir. 1993)).

*City of Sterling Heights General Employees' Retirement System v. Prudential Financial, Inc.,* 2016 WL 234838, at *1 (D.N.J. Jan. 19, 2016) (emphasis added); *see also Securimetrics, Inc. v. Iridian Technologies, Inc.,* 2006 WL 827889, *2 (D.N.J. Mar. 30, 2006) ("[W]here the motion to seal pertains to discovery motions and related documents, there is no such presumptive right to public access.").

One of the rationales advanced by the Third Circuit for treating discovery motion materials differently when considering a motion to seal is especially applicable here:

> [A] holding that discovery motions and supporting materials are subject to a presumptive right of access would make raw discovery, ordinarily inaccessible to the public, accessible merely because it had to be included in motions precipitated by inadequate discovery responses or overly aggressive discovery demands. This would be a holding based more on expediency than principle. Moreover, we do not know what the effect would be on the discovery process itself of holding such discovery presumptively accessible.

*Leucadia,* 998 F.2d at 164.

Pursuant to Paragraph 4 of the Order appointing Special Discovery Master Lerner, the Launch Reports were submitted to him as part of a discovery dispute and are consequently not judicial records subject to public access. "Since the documents at issue are not 'judicial records,' it is unnecessary to make the further determination of whether the prospective injury to the defendants is sufficient to rebut the presumption of public access." *Garber v. Pharmacia Corp.,*

2009 WL 3424186, *2 (D.N.J. Oct. 20, 2009). Plaintiffs have assumed that the documents quoted in the Decision are part of the "judicial record" without explaining why this is so, particularly in light of Third Circuit cases concerning sealing of discovery motions. In doing so, Plaintiffs have put the cart before the horse. Teva's motion to seal should be granted, and the Special Discovery Master's Decision should remain under seal.

II. **ALLOWING THE PUBLIC FILING OF THE DECISION PUTS TEVA'S INDISPUTABLY CONFIDENTIAL LAUNCH REPORTS AT RISK. KEEPING THE DECISION UNDER SEAL WITH THE SLIGHTLY REDACTED VERSION PUBLICLY AVAILABLE SERVES BOTH TEVA'S AND THE PUBLIC'S INTERESTS.**

Even assuming that the presumption of public access attaches, Plaintiffs mistakenly focus their opposition to Teva's motion to seal on the actual language of the quotes from, and references to, the Launch Reports contained in the Decision. But as stated in the Tisdale Declaration, Teva's motion ultimately seeks to protect the Launch Reports themselves from public disclosure, not simply the quoted language. (¶ 5 of Tisdale Decl.).

In *Littlejohn v. BIC Corp.,* 851 *F.2d* 673, 680 (1988), the Third Circuit cited with approval *Matter of Continental Illinois Securities Litigation,* 732 F.2d 1302, 1312-13 (7th Cir. 1984), in which the court found that quoting from, and referring to, a confidential report waived the party's confidentiality interest, which thereby rendered the report open to public access. In light of that ruling, Teva could not possibly acquiesce in the public filing of the Decision while still protecting its confidentiality interest in the documents. Plaintiffs' opposition seeking such a filing could ultimately be the basis for determining that Teva waived its confidentiality interest and allow for the production of the Launch Reports themselves (and not just the quotes and references in the decision) to the public at large, without any restraint on the purposes for which that information could be used.

5

Additionally, Teva has taken the least restrictive means of protecting its confidential information by filing a redacted version of the Decision. In *AstraZeneca LP v. Breath Limited*, 2008 WL 11383792 (D.N.J. Dec. 1, 2008), plaintiffs sought to seal a reply brief that quoted from and referred to confidential documents. Magistrate Judge Donio found that the briefs should be sealed, but held that "a less restrictive alternative to filing the briefs under seal is filing redacted versions of the briefs." *Id.* at *2.

Plaintiffs' emphasis on the benign nature of the actual language in the Decision quoting or referencing the Launch Reports actually supports Teva's motion to seal. According to Plaintiffs, the quotes and references in the Decision do not provide any significant information. As such, the public is not deprived if only the redacted version of the Decision is available on the public docket. The redacted version of Special Master Lerner's Decision provides the public with the substance of the Decision while still protecting the confidentiality of Teva's documents.

Finally, Plaintiffs have the Launch Reports and therefore have access to the information redacted from the Decision. "Plaintiffs' opposition to the motion seems to be based primarily on a stated desire to vindicate a purported interest of the public in these materials that the public has not expressed by means of intervening in opposition to the motion to seal." *City of Sterling Heights,* 2016 WL 234838 at *4 n. 1.

## **CONCLUSION**

For the reasons stated herein and in Teva's original moving papers, this Court should grant Teva's motion to seal.

Dated: October 28, 2019

By: /s/Brian M. English
William H. Trousdale
Brian M. English
Tompkins, McGuire, Wachenfeld & Barry LLP
3 Becker Farm Road, Fourth Floor
Roseland, New Jersey 07068-1726
Tel.  (973) 622-3000
Fax (973) 623-7780
wtrousdale@tompkinsmcguire.com
benglish@tompkinsmcguire.com

Devora W. Allon, P.C.
Kirkland & Ellis LLP
601 Lexington Ave
New York, New York 10022
Tel. (212) 446-4800
Fax (212) 446-4900
devora.allon@kirkland.com

Karen N. Walker, P.C.
Alexandra I. Russell
Gavin R. Tisdale
1301 Pennsylvania Ave N.W.
Washington, D.C. 20004
Tel. (202) 389-5000
Fax (202) 389-5200
karen.walker@kirkland.com
alexandra.russell@kirkland.com
gavin.tisdale@kirkland.com

*Attorneys for Defendants Teva Pharmaceutical Industries Ltd. and Teva Pharmaceuticals USA, Inc.*