# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re EFFEXOR XR ANTITRUST LITIGATION | Civil Action No. 11-05661 (ZNQ) (JBD) |
| This Document Relates To: All Indirect Purchaser Class Actions | Master Docket No. 3:11-cv-05479 (ZNQ) (JBD) |
| | **ORDER GRANTING PRELIMINARY APPROVAL OF CLASS-ACTION SETTLEMENT** |

WHEREAS, pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(3), and 23(e), the parties seek entry of an order, *inter alia*, preliminarily approving the class Settlement of this Action ("Settlement") pursuant to the terms and provisions of the Settlement Agreement dated March 7, 2025, with attached exhibits ("Settlement Agreement"); preliminarily certifying the Indirect Purchaser Class for settlement purposes only; directing Notice to the Settlement Class pursuant to the proposed Notice Plan; preliminarily appointing the Settlement Class Representatives, Class Counsel, Claims Administrator, and Escrow Agent; directing the timing and procedures for any objections to, and requests for exclusion from, the Settlement; setting forth other procedures, filings and deadlines; and scheduling the Fairness Hearing; and

WHEREAS, the Court has read and considered the Settlement Agreement and its exhibits, and Plaintiffs' Unopposed Motion for Preliminary Approval;

NOW, IT IS HEREBY ORDERED THAT:

1.     This Order incorporates by reference the definitions in the Settlement Agreement, and all terms used in this Order shall have the same meanings as set forth in the Settlement Agreement attached to the Decl. of James E. Cecchi in Supp. of Mot. for Preliminary Approval of Class-Action Settlement ("Cecchi Decl.") as Exhibit A. The motion for preliminary approval (**ECF No. ____**) is **GRANTED**.

2.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d), and venue is proper in this District.

3.     The Court has personal jurisdiction over the Indirect Purchaser Plaintiffs,[1] Settlement Class Members, and Defendants Teva Pharmaceuticals USA, Inc. and Teva Pharmaceutical Industries Ltd. (collectively, "Teva" and, together with the Indirect Purchaser Plaintiffs, the "Parties").

---

[1] A. F. of L. – A.G.C. Building Trades Welfare Plan, IBEW - NECA Local 505 Health & Welfare Plan, Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana, New Mexico United Food and Commercial Workers Union's and Employers' Health And Welfare Trust Fund, Painters District Council No. 30 Health and Welfare Fund, Plumbers and Pipefitters Local 572 Health and Welfare Fund, City of Providence, Rhode Island, Sergeants Benevolent Association Health and Welfare Fund, and Patricia Sutter.

**<u>Preliminary Certification of the Settlement Class</u>**

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court

preliminarily certifies, for settlement purposes only, the following Settlement

Class:

> All persons or entities in Arizona, California, Florida, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Montana, Nevada, New Hampshire, New Mexico, New York, North Carolina, Oregon, Rhode Island, South Dakota, Tennessee, West Virginia, and Wisconsin (the "Class States") who purchased, paid, and/or provided reimbursement for Effexor XR or AB-rated generic versions of Effexor XR for consumption by themselves, their families, or their members, employees, insureds, participants or beneficiaries, from June 14, 2008 through May 31, 2011 (the "Class Period").[2]

For purposes of this definition, persons or entities "purchased" Effexor XR or its

generic versions if they paid or reimbursed some or all of the purchase price.

5.      Excluded from the Indirect Purchaser Settlement Class are (a) Wyeth,[3]

Teva, and their respective subsidiaries and affiliates; (b) State and local

governments to the extent their claims may be asserted under applicable state law

only by the state Attorney General, or are otherwise prohibited by applicable law

from being asserted by private counsel on a contingent fee basis; (c) all persons or

entities who purchased Effexor XR or its generic equivalent for purposes of resale

---

[2] Hereinafter, the "Indirect Purchaser Settlement Class" or the "Settlement Class."

[3] "Wyeth" as used herein refers collectively to Wyeth LLC, f/k/a Wyeth, Inc., f/k/a American Home Products; Wyeth Pharmaceuticals, Inc.; Wyeth-Whitehall Pharmaceuticals; and Wyeth Pharmaceuticals Company.

or directly from Wyeth, Teva, or their affiliates; (d) fully insured health plans (*i.e.*, Plans that purchased insurance from another third-party payor covering 100% of the Plan's reimbursement obligations to its members); (e) pharmaceutical benefit managers; and (f) the judges in this case and any members of their immediate families.

6.    Under Rule 23(a)(1), the Court determines that the Settlement Class is so numerous that joinder of all members is impracticable. Thousands of indirect purchasers paid or reimbursed for all or part of the purchase price of Effexor XR during the Class Period. This is sufficient to establish numerosity and to establish the impracticality of joinder requirement of Rule 23 (a)(1).

7.    Under Rule 23(a)(2), the Court determines that the Settlement Class presents questions of law or fact common to the Settlement Class, including common questions regarding whether Wyeth willfully obtained and maintained monopoly power in the market for Effexor XR and its generic equivalents; whether Wyeth and Teva engaged in anticompetitive conduct; whether that conduct delayed

generic entry; and whether that conduct led to overcharges for branded and generic Effexor XR.

8.    The Court preliminarily appoints the Indirect Purchaser Plaintiffs as Settlement Class Representatives for the following reasons:

(a)    The Indirect Purchaser Plaintiffs allege, on behalf of the Settlement Class, the same manner of injury from the same course of conduct of which they complain themselves, and they assert on their own behalf the same legal theories they assert for the Settlement Class as a whole. The Court therefore determines that, for purposes of the Settlement Class, the Indirect Purchaser Plaintiffs' claims are typical of the claims of the proposed Settlement Class within the meaning of Rule 23(a)(3); and

(b)    Pursuant to Rule 23(a)(4), the Court determines that the Indirect Purchaser Plaintiffs have and will continue to fairly and adequately protect the interests of the Settlement Class. The Indirect Purchaser Plaintiffs' interests do not conflict with the interests of absent Settlement Class members. All members of the Settlement Class share a common interest in proving the alleged anticompetitive conduct, and all Settlement Class members share a common interest in recovering damages from Defendants. Moreover, like the group of Indirect

Purchaser Plaintiffs, the Settlement Class is made up of business entities and individual consumers, and any member of the Settlement Class that wishes to opt out will be given an opportunity to do so. Furthermore, the Indirect Purchaser Plaintiffs' Counsel are well qualified to represent the Settlement Class in this case, given their experience in prior cases and the vigor with which they have prosecuted this Action for over a decade.

9.    The Court determines that the Class is ascertainable under the standards established by the Third Circuit.  The class definition consists of objective criteria and the Class can be ascertained through a reliable and administratively feasible methodology.

10.    Pursuant to Rule 23(b)(3), the Court determines that common questions of law and fact predominate over questions affecting only individual members of the Settlement Class. The issues in this Action are subject to generalized proof, and thus applicable to the Settlement Class as a whole, and such issues predominate over those issues that are subject only to individualized proof.

11.    Also pursuant to Rule 23(b)(3), the Court determines that a class action is superior to other available methods for the fair and efficient adjudication of this Action. The Court believes it is desirable, for purposes of judicial and litigation efficiency, to concentrate in a single action the claims of the Indirect

Purchaser Settlement Class. The Court also believes there are few manageability problems presented by a case such as this, particularly given the Settlement preliminarily approved in this Order. *See Sullivan v. DB Invs., Inc.*, 667 F. 3d 273, 302-03 (3d Cir. 2011) (noting that a settlement class eliminates manageability concerns because there will be no trial).

12.      Pursuant to Rules 23(c)(l)(B) and 23(g), the Court having considered the factors provided in Rule 23(g)(1)(A), the Court preliminarily appoints the law firms of Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. as Lead Class Counsel and Wexler Boley & Elgersma LLP, Motley Rice LLC, Dugan Law Firm, APLC, Spector, Roseman & Kodroff, P.C., Quantum Legal, LLC, and Miller Law LLC as Class Counsel for the Settlement Class.

## **Preliminary Approval of the Proposed Settlement**

13.      At preliminary approval, a court evaluates whether the proposed settlement is within the range of possible approval and free of obvious deficiencies or reasons to doubt its fairness. *Easterday v. USPack Logistics LLC*, No. 15-cv-7559, 2023 WL 4398491, at *5 (D.N.J. July 6, 2023).

14.      The Court finds that the Settlement has no obvious shortcomings and is within the range of possible approval.

15.      The Court also finds that the Settlement Agreement has been reached as a result of extensive, arm's-length negotiations of disputed claims, including

after the use of an experienced third-party neutral mediator, and that the proposed Settlement is not the result of any collusion.

16. In addition, the Court finds that the proceedings that occurred before the Parties entered into the Settlement Agreement afforded counsel the opportunity to adequately assess the claims and defenses in the Action, the relative positions, strengths, weaknesses, risks, and benefits to each Party, and as such, to negotiate a Settlement Agreement that is fair, reasonable, and adequate, and which reflects those considerations.

17. The Court thus preliminarily approves the Settlement Agreement, and all its terms, as fair, reasonable, and adequate under Rule 23, and in the best interests of the Indirect Purchaser Settlement Class, subject to further consideration at the Fairness Hearing.

18. The Court also preliminarily approves the proposed Plan of Allocation as fair, reasonable, and adequate.

19. The Court appoints Citibank, N.A. as Escrow Agent for the purpose of administering the Escrow Account holding the Settlement Fund. All expenses

incurred by the Escrow Agent must be reasonable and shall be payable solely from the Settlement Fund.

## Approval of the Plan of Notice to the Settlement Class

20.    The proposed Notice Plan includes, *inter alia*, direct mail notice to third-party payors and consumers who can be identified through previous claims submissions and other reasonable efforts, a digital and social media campaign, and the establishment of a dedicated informational Settlement website. Cecchi Decl., Ex. G (Pang Decl.); Ex. A to Pang Decl. (Proposed Notice Plan).

21.    The proposed Notice Plan is reasonably calculated to apprise the Settlement Class of the pendency of the Action; the certification of the Settlement Class for settlement purposes only; the terms of the Settlement, its benefits, and the Release of Claims; the Settlement Class Members' rights, including the right to, and the deadlines and procedures for, requesting exclusion from the Settlement or objecting to the Settlement; Class Counsel's application for fees, costs, and expenses not previously covered by the previous settlement; the deadline, procedures, and requirements for submitting a claim pursuant to the Settlement's terms; the time, place, and right to appear at the Fairness Hearing; and other pertinent information about the Settlement.

22.    The Court finds that this Notice Plan satisfies the requirements of Rule 23(e) and due process, is otherwise fair and reasonable, and constitutes the

best notice practicable under the circumstances. Accordingly, the Court approves, and directs the implementation of, the Notice Plan.

23.     The Court also approves the form and content of the Settlement Class Notices and the TPP and Consumer Claim Forms. Cecchi Decl., Exs. C-F. The Parties may make non-material modifications to the Settlement Class Notices and Claim Forms prior to mailing and publication if they jointly agree any such changes are appropriate.

24.     The Court appoints A.B. Data, Ltd. as the Settlement Claims Administrator ("Claims Administrator"). All expenses incurred by the Claims Administrator must be reasonable and shall be payable solely from the Settlement Fund. Class Counsel may, without an order of Court so directing, withdraw up to Two-Hundred and Fifty Thousand Dollars ($250,000) for notice, notice-related expenses, escrow-administration costs, and taxes.

25.     The Claims Administrator is directed to perform all settlement administration duties set forth in, and pursuant to the terms and time periods of, the Settlement Agreement, including implementing and maintaining the Settlement website, implementing the Notice Plan, processing and reviewing timely submitted and proper Claims for Reimbursement under the Settlement's terms, and

submitting any declarations and other materials to counsel and the Court, as well as

any other duties required under the Settlement Agreement.

26.    Teva shall comply with its obligation to give notice under the Class

Action Fairness Act ("CAFA"), 28 U.S.C. §1711, *et seq.*

27.    A hearing on final approval (the "Fairness Hearing") shall be held

before this Court at [                ] on [                    ], at the United States

District Court for the District of New Jersey, Clarkson S. Fisher Building & U. S.

Courthouse, 402 East State Street, Courtroom 4W, Trenton, New Jersey. At the

Fairness Hearing, the Court will consider, *inter alia*: (a) the fairness,

reasonableness, and adequacy of the Settlement and whether the Settlement should

be finally approved; (b) whether the Court should approve the proposed Plan of

Allocation of the Settlement Fund among members of the Indirect Purchaser Class;

(c) whether the Court should approve awards of attorneys' fees and reimbursement

of costs and expenses to Class Counsel; and (d) whether entry of a Final Judgment

and Order terminating the litigation between Indirect Purchaser Plaintiffs and Teva

should be entered. The Fairness Hearing may be rescheduled or continued; in that

event, the Court will furnish all counsel with appropriate notice. Class Counsel

shall be responsible for communicating any such notice promptly to the Indirect

Purchaser Class by posting a conspicuous notice on the following website of the
Claims Administrator: www.EffexorXRIndirectSettlement.com.

28.     Any Settlement Class Member who wishes to be excluded from the
Settlement Class must mail, by first-class mail postmarked no later than forty-five
(45) days after the date on which the Claims Administrator mails the Settlement
Notice, a written request for exclusion ("Request for Exclusion") to the Claims
Administrator at the address specified in the Class Notice. To be effective, the
Request for Exclusion must be timely and must:

(a)     Identify the case name and number;

(b)     Include the Settlement Class Member's full name, address, and
         telephone number;

(c)     Be signed by the Settlement Class Members who is opting out, or by
         its, his, or her authorized representative;

(d)     For any request for exclusion by a purported authorized agent or
         representative of a Settlement Class Member, the request must be
         accompanied by proof of the representative's legal authority and
         authorization to act and request exclusion on behalf of the Settlement
         Class Member;

(e)    Specifically and unambiguously state the desire to be excluded from the Settlement Class in *In re Effexor XR Antitrust Litigation*, No. 3:11-cv-05479; and

(f)    For any third-party payor Settlement Class Member seeking exclusion, it must include all data reflecting their purchases of, and payments for, branded and generic Effexor XR.

29.    Group or class-wide exclusions shall not be permitted.

30.    Any Settlement Class Member who fails to submit a timely and complete Request for Exclusion sent to the proper addressee shall remain in the Settlement Class and shall be subject to and bound by all determinations, orders, and judgments in the Action concerning the Settlement, including but not limited to the Released Claims set forth in the Settlement Agreement.

31.    Consumer identities shall not be made public as part of the exclusion process. Identifying information shall be kept confidential and, absent a consumer's consent, any opt-out requests shall be filed under seal.

32.    Any Settlement Class Member who has not submitted a Request for Exclusion may object to the fairness of the Settlement Agreement and/or the requested amount of Class Counsel's fees, costs, and expenses.

(a)    To object, a Settlement Class Member must either: (i) file the objection, together with any supporting briefs and/or documents, with

the Court in person or via the Court's electronic filing system within forty-five (45) days of the Notice Date; or (ii) mail, via first-class mail postmarked within forty-five (45) days of the Notice Date, the objection, together with any supporting briefs and/or documents, to each of the following: (a) the Clerk's Office of the United States District Court, District of New Jersey, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, New Jersey 08608; (b) James E. Cecchi, Esq., Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C., 5 Becker Farm Road, 3rd Floor, Roseland, New Jersey 07068, on behalf of Class Counsel; and (c) Devora W. Allon P.C., Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022, on behalf of Teva.

(b) Any objecting Settlement Class Member must include the following with their objection: (i) the objector's full name, address, and telephone number; (ii) documentation establishing the objector is a Settlement Class Member; (iii) a written statement of all grounds for the objection, accompanied by any legal support for such objection; (iv) copies of any papers, briefs, or other documents upon which the objection is based and that are pertinent to the objection; (v) the name, address, and telephone number of any counsel representing said

objector; (vi) a statement of whether the objecting Settlement Class Member intends to appear at the Fairness Hearing, either with or without counsel, and the identities of any counsel who will appear on behalf of the Settlement Class Member at the Fairness Hearing; (vii) the following statement followed by the objector's signature: "I declare under penalty of perjury under the laws of the United States of America that [insert objector name] is a member of the Class."; and (viii) a list of all other objections submitted by the objector, or the objector's counsel, to any class-action settlements submitted in any court in the United States in the previous five (5) years, including the full case name, the jurisdiction in which it was filed and the docket number. If the Settlement Class Member or their counsel has not objected to any other class-action settlement in the United States in the previous five (5) years, they shall affirmatively so state in their objection.

(c)    Individual consumers who do not want their identities to be put on the public record as part of the objection process may send their objection only to the Claims Administrator, who will redact (or "blackout") such consumers' names, addresses, and telephone numbers and then provide such redacted versions to the Court for filing on the public court

docket. The Claims Administrator will also send copies of the original, unredacted objections to the Clerk of the Court, Class Counsel, and Teva's counsel. Appropriate steps must be taken to keep the identifying information confidential.

(d)     The Clerk's Office shall file on the public docket all objections other than those sent only to the Claims Administrator pursuant to section 32(c) above.

(e)     Subject to the approval of the Court, any Settlement Class Member who has properly filed a timely objection may appear, in person or by counsel, at the Fairness Hearing to explain why the proposed Settlement should not be approved as fair, reasonable, and adequate, or to object to any motion for award of Class Counsel's fees, costs, and expenses. In order to appear, any Settlement Class Member must, no later than the objection deadline, file with the Clerk of the Court and serve upon all counsel designated in the Class Notice, a Notice of Intention to Appear at the Fairness Hearing. The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence and the identity of all witnesses that the objecting Settlement Class Member (or the objecting Settlement Class Member's counsel) intends to present to the Court in connection with the Fairness Hearing. Any

Settlement Class Member who does not provide a Notice of Intention
to Appear in accordance with the deadline and other requirements set
forth in this Order and the Class Notice shall be deemed to have
waived any right to appear, in person or by counsel, at the Fairness
Hearing. Any lawyer representing a Class Member for the purpose of
making comments or objections must also file a Notice of Appearance
with the Court using the Court's Case Management/Electronic Case
Files (CM/ECF) System.

(f)     Any Settlement Class Member who has not properly filed a timely
objection in accordance with the deadline and requirements set forth in
this Order and the Class Notice shall be deemed to have waived any
objections to the Settlement and any adjudication or review of the
Settlement Agreement and/or its approval by appeal or otherwise.

33.    In the event the Settlement is not granted final approval by the Court,
or for any reason the Parties fail to obtain a Final Judgment and Order as
contemplated in the Settlement Agreement, or the Settlement is terminated
pursuant to its terms for any reason, the following shall apply:

(a)     All orders and findings entered in connection with the Settlement shall
become null and void and have no further force and effect, and shall

not be admissible or discoverable in this or any other proceeding, judicial or otherwise;

(b)    All of the Parties' respective pre-Settlement claims, defenses, and procedural rights will be preserved, and the parties will be restored to their positions *status quo ante*;

(c)    Nothing contained in this Order is, or may be construed as, any admission or concession by or against Teva, the Released Parties, or Indirect Purchaser Plaintiffs of any allegation, claim, defense, or point of fact or law in connection with this Action;

(d)    The Settlement terms may not be used as evidence in this or any other proceeding, judicial or otherwise; and

(e)    The preliminary certification of the Settlement Class pursuant to this Order shall be vacated automatically, and the Action shall proceed as though the Settlement Class had never been preliminarily certified.

34.    All proceedings in the Action between the Indirect Purchaser Plaintiffs and Teva are hereby stayed until such time as the Court renders a final decision regarding the approval of the Settlement and, if the Court approves the

Settlement, enters Final Judgment and Order, and dismisses such Action as to Teva with prejudice.

35.    Pending the Fairness Hearing and the Court's decision whether to grant final approval of the Settlement, no Settlement Class Member—including those Settlement Class Members who filed Requests for Exclusion from the Settlement which have not yet been reviewed and approved by the Court at the Fairness Hearing—shall directly, representatively, or in any other capacity commence, prosecute, continue to prosecute, or participate in, against any of the Released Parties, any action or proceeding in any court or tribunal (judicial, administrative, or otherwise) asserting any of the matters, claims, or causes of action that are to be released in the Settlement Agreement. Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Action.

36.    Pending the Fairness Hearing and any further determination thereof, this Court shall maintain continuing jurisdiction over these Settlement proceedings.

37.    Based on the foregoing, the Court sets forth the following schedule for the Fairness Hearing and the actions preceding it. If any deadline set forth in this Order falls on a weekend or federal holiday, then such deadline shall be extended to the next business day. These deadlines may be extended by order of the Court,

for good cause shown, without further notice to the Class. Settlement Class

Members must check the Settlement website regularly for updates and further

details regarding this Settlement:

| **Event** | **Deadline for Compliance** |
|---|---|
| Date for Fairness Hearing | 120 days after entry of the Preliminary Approval Order |
| Mailing of Notice | No later than 30 calendar days after entry of Preliminary Approval Order (the "Notice Date") |
| Commencement of Digital and Social Media Campaign | No later than 30 calendar days after entry of the Preliminary Approval Order |
| Filing deadline for objections | No later than 45 calendar days after the Notice Date |
| Filing deadline for requests for exclusion | No later than 45 calendar days after the Notice Date |
| Deadline for filing Claim Forms | No later than 120 calendar days after entry of the Preliminary Approval Order |
| Date for Indirect Purchaser Plaintiffs to file motion for final approval of the Settlement, the Plan of Allocation, and application for attorneys' fees and reimbursement of costs and expenses. | 35 calendar days prior to the Fairness Hearing |
| Date for Indirect Purchaser Plaintiffs to file reply in further support of motion for final approval of the Settlement, the Plan of Allocation, | 7 calendar days prior to the Fairness Hearing |

| and application for attorneys' fees and reimbursement of costs and expenses. | |
|---|---|
| | |

SO ORDERED:

Date: _____, 2025                    _____
                                                Hon. Zahid N. Quraishi,
                                                United States District Judge