# TOMPKINS, McGUIRE, WACHENFELD & BARRY, LLP

*Counselors at Law*

3 BECKER FARM ROAD, SUITE 402
ROSELAND, NEW JERSEY 07068-1726
Roseland (973) 622-3000
New York (212) 714-1720

**Michael S. Miller**
Partner

FAX (973)623-7780
www.tompkinsmcguire.com

Direct Line (973) 623-7562
mmiller@tompkinsmcguire.com

May 21, 2025

Honorable J. Brendan Day, U.S.M.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

Re:    *In re Effexor XR Antitrust Litigation*, No. 11-5479 (ZNQ/JBD)

Dear Judge Day:

Pursuant to Your Honor's April 15, 2025 text order (ECF No. 813), the parties jointly submit this letter to apprise the Court of certain discovery issues for which the Court granted an extension of the fact discovery deadline from April 15, 2025 to May 16, 2025.

**Deposition of Cardinal Health.**  The parties completed the deposition of Cardinal Health on April 25, 2025.

**Non-Party Document Discovery**.

*PBMs*.  In the parties' April 11, 2025 joint letter, Defendant Teva informed this Court that four of the five subpoenaed pharmacy benefit management companies ("PBMs") needed additional time to make their productions in response to Teva's subpoenas.

Following the Court's limited extension of the discovery deadline, Prime and Optum have completed their productions before the May 16, 2025 deadline.

Express Scripts intended to make its production on May 16, 2025.  However, due to weather conditions (specifically, tornado warnings) and the size of the production, Express Scripts experienced technical issues with transmitting the production electronically.  As a result, Express Scripts transferred the production onto a thumb drive, which it mailed to Teva's counsel. Teva's counsel received the thumb drive on May 20, 2025.  Teva respectfully requests an extension of the discovery deadline to include Express Script's production.

Page 2

Though Teva has yet to transmit Express Scripts's recent production to Plaintiffs, Plaintiffs do not oppose an extension of the deadline to accommodate Express Scripts's delayed production.

***Teva's statement and request for an extension of fact discovery for Caremark.*** Shortly after the Court lifted the stay, Teva served Caremark with a document subpoena, on October 24, 2024, requesting the production of claims data, amongst other document requests. While Wyeth previously served a subpoena on Caremark, Teva had no standing to enforce that subpoena nor was Wyeth interested in enforcing its subpoena, given that it entered a settlement agreement with Plaintiffs. Caremark previously represented that it would produce its claims data by April 18, 2025, but Caremark has failed to do so. Caremark's claims data is particularly important to this action because, unlike the other PBMs, Caremark has agreed to produce data for the complete relevant time period (2002 to 2012). Such a production of claims data will reinforce that the antidepressant market exhibited robust competition before Plaintiffs allege Wyeth and Teva restricted competition. Following Caremark's failure to produce documents by the promised April 18 date, Teva's counsel has repeatedly requested that Caremark's counsel provide a date certain for when Caremark would produce its data. Despite multiple requests, Caremark's counsel has refused to provide an estimated date, but Caremark's counsel has represented that she is "pushing as hard as [] possibl[e]" to receive and transmit Caremark's production and that Caremark is "doing everything [it] can" to produce the data "ASAP." Teva respectfully requests an extension of discovery to permit Teva to receive Caremark's production.

***Plaintiffs' response to Teva's request regarding Caremark.*** Plaintiffs oppose a further extension of fact discovery to accommodate a production of claims data from Caremark. Teva has used subpoenas in this case to collect hundreds of gigabytes of claims data from non-party PBMs. With so much data already collected, Teva offers no basis to suggest Caremark's additional data is necessary. Moreover, Teva could and should have begun its collection of Caremark's claims data years earlier. Caremark was first subpoenaed in this litigation by Teva's former co-defendant Wyeth in May of 2018, but Teva waited more than six years until October 2024 to issue its subpoena seeking Caremark's claims data. Plaintiffs have graciously declined to oppose Teva's previous requests for fact discovery extensions, but with expert discovery well under away (Plaintiffs served opening expert reports on May 15, 2025) fact discovery must come to an end.

***Uniondale's Assignor***. Just after the close of fact discovery, QK Healthcare, Inc., which is Plaintiff Uniondale Chemists, Inc.'s assignor, transmitted document productions.

Although Plaintiffs never requested Teva's or this Court's consent for QK Healthcare, Inc. to serve untimely productions, Teva does not object to the Court extending discovery to include QK Healthcare, Inc.'s document productions.

Page 3

        Respectfully yours,

        /s/Michael S. Miller

        Michael S. Miller
        For TOMPKINS, McGUIRE, WACHENFELD & BARRY

cc: Counsel of Record (via ECF)