# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE: EFFEXOR XR ANTITRUST LITIGATION**<br><br>**THIS DOCUMENT RELATES TO:**<br><br>*All Direct Purchaser Class Actions* | Master Docket No. 3:11-cv-05479 (ZNQ/JBD) |

# DIRECT PURCHASER CLASS PLAINTIFFS' PROPOSED TRIAL PLAN

Direct Purchaser Class Plaintiffs Rochester Drug Co-Operative, Inc., Stephen L. LaFrance Holdings, Inc. d/b/a SAJ Distributors, and Uniondale Chemists, Inc. (the "Plaintiffs" or "DPPs") submit this Proposed Trial Plan to set forth the claims that will be tried on a Class-wide basis. Plaintiffs reserve the right to amend this Proposed Trial Plan prior to trial, including as a result of any issues that may arise regarding discovery, expert reports, changes in the law governing this litigation, or any orders of the Court.

## I.   INTRODUCTION

Plaintiffs represent a class (the "Class" or "Direct Purchaser Class") defined as:

> All persons or entities in the United States and its territories who purchased Effexor XR and/or AB-rated generic versions of Effexor XR directly from Wyeth or Teva[1] at any time during the period June 14, 2008 through and until May 31, 2011 (the "Class Period").
>
> Excluded from the Direct Purchaser Class are Wyeth and Teva and their officers, directors, management, employees, subsidiaries, or affiliates, all governmental entities, and all persons or entities that purchased Effexor XR directly from Wyeth during the Class Period that did not also purchase generic Effexor XR directly.

Broadly, Plaintiffs claim that Wyeth[2] and Teva unlawfully agreed in 2005 to

---

[1] "Wyeth" means Wyeth LLC, Wyeth Pharmaceuticals, Inc., Wyeth-Whitehall Pharmaceuticals LLC, and Wyeth Pharmaceuticals Company, collectively or individually. "Teva" means Teva Pharmaceuticals USA, Inc. and Teva Pharmaceutical Industries Ltd., collectively or individually.

[2] Plaintiffs settled with Wyeth. *See* ECF No. 746. The Court certified a settlement class, approved the settlement, and dismissed Wyeth. *See id.* Thus, Teva is the only remaining defendant.

delay and suppress generic Effexor XR competition. In exchange for Teva's commitment to delay entry of generic Effexor XR in the United States until July 1, 2010, Wyeth paid Teva by (a) agreeing not to launch an authorized generic version of Wyeth's blockbuster brand drug Effexor XR during Teva's first 180 days on the market, thus shielding Teva from any form of generic competition during that period, (b) providing Teva the right to launch generic immediate-release Effexor ("Effexor IR") in the United States years earlier than Teva otherwise would have been able to do so, ensuring that Teva would not face competition from an authorized generic or any other generic Effexor IR manufacturer prior to the June 2008 expiration of the venlafaxine compound patent, and (c) allowing Teva to launch generic Effexor XR in Canada before Teva otherwise would have been able to do so.

Plaintiffs allege that these actions were undertaken for the purpose of, and had the intended effect of, restraining generic Effexor XR competition, and resulted in harm to competition and overcharges to the Class.

## II.    TRIAL PLAN OVERVIEW

All of Plaintiffs' claims arise under federal law, Section 1 of the Sherman Act, 15 U.S.C. § 1, and are made privately actionable through Section 4 of the Clayton Act, 15 U.S.C. § 15(a). Plaintiffs propose to try all claims and defenses as to liability, impact (injury/causation), and damages on a Class-wide basis in a single trial.

Plaintiffs will seek a sum certain in a single jury verdict. Mandatory trebling, attorney fees, and costs are determined by law, pursuant to Section 4 of the Clayton Act, 15 U.S.C. § 15(a).

### III. PROVING LIABILITY AND IMPACT THROUGH COMMON EVIDENCE

Plaintiffs will establish liability for all claims and defenses with predominantly common evidence (*i.e.*, evidence that is applicable to the Class as a whole, not individual to its members). The issues applicable to liability, which Plaintiffs will prove and/or rebut (as appropriate) through common evidence, include:

a) whether Teva and Wyeth entered into an illegal contract, combination, conspiracy and/or other agreement in restraint of trade;

b) whether Teva engaged in unlawful conduct causing antitrust impact in the form of Class members paying higher prices than they otherwise would have;

c) whether Teva engaged in unlawful conduct that substantially affected interstate commerce; and

d) whether damages in the form of overcharges can be readily and reliably measured and the quantum of aggregate overcharge damages to the Class.[3]

This common evidence will include witness testimony by defense witnesses and testifying experts, and internal documents from Wyeth and Teva and non-parties, all of which will be common to the Class as a whole rather than individual to its members.

---

[3] *See* ECF No. 287, DPPs' Second Am. Compl. ¶ 404.

## IV. PROVING DAMAGES THROUGH COMMON EVIDENCE

Plaintiffs will establish the quantum of overcharge damages owed to the Class in the aggregate under Section 4 of the Clayton Act, 15 U.S.C. § 15(a) using evidence that is applicable to the Class as a whole rather than individual to its members.

Plaintiffs will quantify the Class's aggregate overcharge damages using a methodology that utilizes benchmarks or yardsticks to estimate what would have happened absent Teva's (and Wyeth's) unlawful conduct. Plaintiffs will use data produced by Wyeth and Teva and non-party generic pharmaceutical companies to calculate the prices the Class actually paid for brand and generic Effexor XR, and will calculate the prices the Class would have paid had the conspiracy not restrained competition using benchmarks. The estimates of what the Class would have spent on brand and generic Effexor XR will then be subtracted from the known quantities of brand and generic Effexor XR actually purchased at known prices during the relevant time period to arrive at estimated, aggregate overcharge damages. Plaintiffs intend to use evidence common to the Class as a whole, rather than individual to its members, to calculate such damages, evidence such as:

a) Transactional data from Wyeth, Teva, and other manufacturers of generic Effexor XR showing unit and dollar sales, pricing, discounts, rebates, chargebacks, and other unit and/or dollar adjustments for brand and generic Effexor XR sold to the Class;

b) Internal generic conversion models and forecasts of Teva, Wyeth, and other manufacturers of generic Effexor XR;

c) The extensive body of economic literature and empirical evidence regarding

4

      the effects of generic competition; and

   d) Expert analysis and opinion, applicable to all Class members on a Class-wide basis.

## V. ENTRY OF JUDGMENT AND POST-JUDGMENT PROCEEDINGS

If the jury renders a verdict for Teva, judgment for Teva would enter. Such a verdict and judgment would be against the Class as a whole, and not differ between or among its members.

If the jury renders a verdict for the Class, then issues of trebling the jury verdict (a matter of simple verdict molding) and of awarding attorney fees and costs and post-judgment interest would be determined by the Court under applicable law including Section 4 of the Clayton Act, 15 U.S.C. § 15(a). Such a verdict would be in favor of the Class as a whole and not differ between or among its members. A molded judgment in a total sum on the basis of the aggregate Class-wide damages would issue on behalf of the Class. Allocation of monies recovered under the judgment would take place, upon usual proceedings for the allocation of such recovery in matters such as this, *pro rata* to each Class member in proportion to its purchases of brand and/or generic Effexor XR. *See In re Suboxone (Buprenorphine Hydrochlorine & Naloxone) Antitrust Litig.*, 967 F.3d 264, 272 & n.13 (3d Cir. 2020) (*pro rata* allocation of damages permissible); *see also* ECF No. 729-3 (*pro rata* Plan of Allocation of the Settlement Fund); ECF No. 746 ¶ 9 (approving Plan of Allocation).

Dated: May 22, 2025								Respectfully submitted,

/s/ Matthew F. Gately
**COHN LIFLAND PEARLMAN HERRMAN & KNOPF LLP**
Matthew F. Gately
Park 80 West, Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, NJ 07663
mfg@njlawfirm.com

*Liaison Counsel for the Direct Purchaser Class Plaintiffs*

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Thomas M. Sobol
Gregory T. Arnold
One Faneuil Hall, Square, 5th Floor
Boston, MA 02109
tom@hbsslaw.com
grega@hbsslaw.com

**BERGER MONTAGUE PC**
David F. Sorensen
Caitlin G. Coslett
1818 Market Street, Suite 3600
Philadelphia, PA 19103
dsorensen@bm.net
ccoslett@bm.net

**FARUQI & FARUQI LLP**
Peter Kohn
One Penn Center, Suite 1550
1617 John F. Kennedy Boulevard
Philadelphia, PA 19103
pkohn@faruqilaw.com

**TAUS, CEBULASH & LANDAU, LLP**
Barry S. Taus
123 William Street, Suite 1900A
New York, NY 10038
btaus@tcllaw.com

**NASTLAW LLC**
Dianne M. Nast
1101 Market Street, Suite 2801
Philadelphia, PA 19107
dnast@nastlaw.com

**BARRETT LAW GROUP, P.A.**
Don Barrett
404 Court Square
P.O. Box 927
Lexington, MS 39095
donbarrettpa@gmail.com

*Interim Executive Committee for the Direct Purchaser Class Plaintiffs*