## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: EFFEXOR XR ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*All Direct Purchaser Class Actions* | Master Docket No. 3:11-cv-05479 (ZNQ/JBD) |

## [PROPOSED] ORDER GRANTING DIRECT PURCHASER CLASS PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

And now, on this _____ day of _____, 2025, upon consideration of Direct Purchaser Class Plaintiffs' Motion for Class Certification, and all responses and arguments thereto, it is hereby ORDERED that the Motion is GRANTED. The Court makes the following findings and determinations as required by Rule 23:

1.    Pursuant to Federal Rule of Civil Procedure 23(c)(1)(B), the Class, which shall hereinafter be denominated the "Class" or "Direct Purchaser Class" is defined as follows:

> All persons or entities in the United States and its territories who purchased Effexor XR and/or AB-rated generic versions of Effexor XR directly from Wyeth or Teva[1] at any time during the period June 14, 2008 through and until May 31, 2011 (the "Class Period").

---

[1] "Wyeth" means Wyeth LLC, Wyeth Pharmaceuticals, Inc., Wyeth-Whitehall Pharmaceuticals LLC, and Wyeth Pharmaceuticals Company, collectively or individually. "Teva" means Teva Pharmaceuticals USA, Inc. and Teva Pharmaceutical Industries Ltd., collectively or individually.

Excluded from the Direct Purchaser Class are Wyeth and Teva and their officers, directors, management, employees, subsidiaries, or affiliates, all governmental entities, and all persons or entities that purchased Effexor XR directly from Wyeth during the Class Period that did not also purchase generic Effexor XR directly.

2.      The Class is so numerous and geographically dispersed that joinder of all members thereof is impracticable.  *See* Fed. R. Civ. P. 23(a)(1).  According to data produced in this litigation, the Class has 67 members geographically dispersed throughout the United States, which is sufficient to satisfy the impracticality of joinder requirement of Rule 23(a)(l).  In the alternative, even assuming that certain absent Class members who have filed individually opt out of the Class, there would be 59 members geographically dispersed throughout the United States, which is also sufficient to satisfy the impracticality of joinder requirement of Rule 23(a)(l).

3.      Pursuant to Rule 23(c)(l)(B), the Court determines that the following issues relating to claims and/or defenses present common, Class-wide questions, including:

a) whether Teva and Wyeth entered into an illegal contract, combination, conspiracy and/or other agreement in restraint of trade;

b) whether Teva engaged in unlawful conduct causing antitrust impact in the form of Class members paying higher prices than they otherwise would have;

c) whether Teva engaged in unlawful conduct that substantially affected interstate commerce; and

d) whether damages in the form of overcharges can be readily and reliably measured and the quantum of aggregate overcharge damages to the Class.

4. The Court determines that the foregoing Class-wide issues relating to claims and/or defenses are questions of law or fact common to the Class that satisfy Rule 23(a)(2).

5. Rochester Drug Co-Operative, Inc., Stephen L. LaFrance Holdings, Inc. d/b/a SAJ Distributors, and Uniondale Chemists, Inc. (collectively, "Plaintiffs" or "DPPs") are hereby appointed as representatives of the Class for the following reasons:

    a) Plaintiffs allege on behalf of the Class the same manner of injury from the same course of conduct that Plaintiffs complain of for themselves, and Plaintiffs assert on their own behalf the same legal theory that they assert for the Class. The Court therefore determines that Plaintiffs' claims are typical of the claims of the proposed Class within the meaning of Rule 23(a)(3); and

    b) Pursuant to Rule 23(a)(4), the Court determines that Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs' interests do not conflict in any cognizable or material way with the interests of absent members of the Class. All of the Class members share a common interest in proving Wyeth and Teva's alleged anticompetitive conduct, and all Class members share a common interest in recovering the overcharge damages sought in Direct

Purchasers Class Plaintiffs' Second Amended Consolidated Class Action Complaint and Jury Demand, ECF No. 287.  Moreover, any Class member that wishes to opt out of the Class will be given an opportunity to do so.  Furthermore, Plaintiffs are well-qualified to represent the Class in this case, given their experience in prior cases, their retention of qualified counsel, and the vigor with which they have prosecuted this action thus far.

6.    Pursuant to Rule 23(b)(3), the Court determines that common questions of law and fact predominate over questions affecting only individual members.  In light of the Class-wide claims, issues, and defenses set forth above, the issues in this action that are subject to generalized proof, and thus applicable to the Class as a whole, predominate over those issues that are subject only to individualized proof. Also pursuant to Rule 23(b)(3), the Court determines that a class action is superior to other available methods for the fair and efficient adjudication of this action.  The Court believes it is desirable, for purposes of judicial and litigation efficiency, to concentrate the claims of the Class in a single action.  The Court also believes that there are few if any manageability problems presented by a case such as this.

7.    The Court finds that counsel for the Class has prosecuted this litigation effectively to date, and, having considered the factors provided in Rule 23(g)(1)(A), appoints Hagens Berman Sobol Shapiro LLP; Berger Montague PC; Faruqi & Faruqi

LLP; Taus, Cebulash & Landau LLP; Nastlaw LLC; and Barrett Law Group, P.A. as Co-Lead Counsel for the Class, and Cohn Lifland Pearlman Herrmann & Knopf LLP as Liaison Counsel for the Class pursuant to Fed. R. Civ. P. 23(c)(l)(B) and 23(g). Co-Lead Counsel for the Class has extensive experience in cases like this challenging restraints of generic drug competition and is working effectively to prosecute this case.  *See* ECF No. 85, ¶ 1 (appointing these firms as interim class counsel executive committee and liaison counsel for the proposed class); ECF 732 ¶ 10 (finding Co-Lead Counsel met the requirements of Rule 23(g)(1)(A) for the settlement class).  Co-Lead Counsel for the Class is directed to ensure that any remaining work in this litigation that is performed by counsel for the Class is performed efficiently and without duplication of effort.

     **IT IS SO ORDERED.**

Dated: _____, 2025

                                                   _____

                                                ZAHID N. QURAISHI, U.S.D.J.