## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re EFFEXOR XR ANTITRUST LITIGATION | Civil Action No. 3:11-cv-05661 (ZNQ)(JBD) |
| This Document Relates To:<br>All Indirect Purchaser Class Actions | Master Docket No. 3:11-cv-05479 (ZNQ)(JBD) |
| | **DECLARATION OF JAMES E. CECCHI IN SUPPORT OF INDIRECT PURCHASER CLASS PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS-ACTION SETTLEMENT AND FINAL CERTIFICATION OF THE SETTLEMENT CLASS AND MOTION FOR AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES** |

JAMES E. CECCHI, of full age, hereby declares as follows:

1.     I am an attorney licensed to practice in New Jersey and am a partner of Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. I respectfully submit this Declaration in support of the Indirect Purchaser Class Plaintiffs' Motion for Final Approval of Class-Action Settlement and Final Certification of the Settlement Class and Motion for Award of Attorneys' Fees and Reimbursement of Litigation Expenses.

2.      I am the Chair of the Court-appointed Executive Committee for the Indirect Purchaser Plaintiffs in this Action. I have served as Lead or Co-Lead Counsel in numerous nationwide class actions and have substantial experience litigating complex civil litigation. I have personal knowledge of the matters described below and, if called to testify, would be competent to do so.

3.      This Declaration supplements the August 8, 2024 Declaration I submitted in support of final approval of Indirect Purchaser Class Plaintiffs' Settlement with Wyeth[1] (ECF No.[2] 750-1).

4.      After the Judicial Panel on Multidistrict Litigation centralized and transferred to this Court various actions alleging similar anticompetitive schemes to delay market entry of generic Effexor XR, the Court consolidated such indirect purchaser class actions for all purposes, including trial. ECF No. 18, 3:11-cv-05661.

5.      By Order dated December 14, 2011, the Court appointed interim class counsel for the indirect purchasers ("Lead Class Counsel"). ECF No. 33, 3:11-cv-05661. Specifically, the Court appointed an Executive Committee consisting of myself, Kenneth A. Wexler (of Wexler Boley & Elgersma LLP), Michael M. Buchman (of Motley Rice LLC), Richard J. Burke (of Quantum Legal LLC), James

---

[1] Wyeth—a/k/a Wyeth LLC, f/k/a Wyeth, Inc., f/k/a American Home Products; Wyeth Pharmaceuticals, Inc.; Wyeth-Whitehall Pharmaceuticals; and Wyeth Pharmaceuticals Company (collectively, "Wyeth").
[2] Unless otherwise indicated below, "ECF" citations are to Case No. 3:11-cv-5479, the Master Docket for the consolidated *In re Effexor XR Antitrust Litigation*.

R. Dugan, II (of The Dugan Law Firm PLC), and Jeffrey L. Kodroff (of Spector Roseman & Kodroff P.C.). Marvin A. Miller (of Miller Law LLC) joined the Executive Committee after his client, Painters District Council No. 30 Health and Welfare Fund, was consolidated into the Indirect Purchaser Class Action.[3]

6.      In this Declaration, I describe the time and expenses incurred by Lead Class Counsel related to the litigation that were not submitted as part of the Wyeth Settlement.

7.      On March 17, 2025, Indirect Purchaser Class Plaintiffs moved for preliminary approval of their Settlement with Teva Pharmaceuticals USA, Inc. and Teva Pharmaceutical Industries Ltd. (together, "Teva"). ECF No. 807. Indirect Purchaser Plaintiffs sought: (i) preliminary approval of the Settlement; (ii) certification of the proposed Indirect Purchaser Class for settlement purposes; (iii) approval of the form and manner of giving notice of the proposed Settlement to Class Members; and (iv) a date for the Fairness Hearing.

8.      On April 29, 2025, Teva caused notice of the proposed settlement to be served on the appropriate officials as required by 28 U.S.C. § 1715(b).

---

[3] The firm and attorney profiles describing the Executive Committee's respective professional backgrounds and qualifications are attached as Exhibits I-O of the Declaration I submitted in support of Indirect Purchaser Plaintiffs' Motion for Preliminary Approval of the Wyeth Settlement. *See* ECF No. 733-2, at 216-377.

9.     The Court entered the Preliminary Approval Order on March 19, 2025, granting the requested relief. ECF No. 809.

10.     The deadline for Class Members to object to the Settlement or request exclusion from the Class was June 2, 2025. As of that deadline, the Claims Administrator had received only one exclusion request. Lead Class Counsel are not aware of any objections to the Settlement and/or requests to speak in person at the Fairness Hearing.

## I.     ATTORNEYS' FEES AND UNREIMBURSED EXPENSES

11.     Counsel for Indirect Purchaser Plaintiffs have decades of experience litigating antitrust cases on behalf of indirect purchasers.

12.     From the outset, Indirect Purchaser Plaintiffs' counsel understood they were undertaking complex, expensive, and potentially lengthy litigation, which could require—and, indeed, has required—the investment of thousands of hours of attorney time. Counsel did so at the significant risk of no recovery, and many declined other business opportunities because of the time and expense this case demanded.

13.     In undertaking this risk, Indirect Purchaser Plaintiffs' counsel were obligated to, and did, ensure that sufficient resources were dedicated to prosecuting this matter. And, as evident from the litigation history, significant amounts of such resources were necessary to get to this point of the litigation. Although counsel

endeavored to minimize fees and expenses to the extent possible, the vigorous defense waged by Defendants' counsel and the evolving state of antitrust law—particularly concerning reverse-payment pharmaceutical litigation—occasioned significant additional legal maneuvering.

14.    Lead Class Counsel have diligently and steadfastly prosecuted this Action since its filing in 2011.

15.    Lead Class Counsel previously submitted their lodestar from the inception of the case until August 8, 2024.  Since that time, Lead Class Counsel have worked on behalf of the Class to bring the litigation to resolution as to Teva. Moreover, Lead Class Counsel will continue to perform legal work on behalf of the Class should the Court approve the Settlement, with additional resources expended assisting Class Members with their Claim Forms and related inquiries and working with A.B. Data to ensure the smooth progression of claims processing.

16.    All additional time incurred from August 8, 2024 through June 30, 2025 is reflected in the annexed **Exhibits A-C**.[4]

17.    Since August 8, 2024, Lead Class Counsel have incurred 371.3 hours with a lodestar value of $327,318.00, and out-of-pocket expenses totaling $5,848.65.

---

[4] Given that the hours worked by Lead Class Counsel's firms alone result in a significant negative lodestar multiplier when compared to the percentage of the recovery sought—even without considering the time of any other counsel—only Lead Class Counsel's time is detailed herein.

18.    In combination with the previous time submitted in the Wyeth Settlement, Lead Class Counsel have incurred 20,411.6 hours, with a lodestar value of $15,160,717.74, and out-of-pocket expenses of $524,096.64.

19.    Lead Class Counsel respectfully request attorneys' fees in the amount of $765,000, representing 34% of the Settlement Amount, plus interest, and unreimbursed expenses in the amount of $5,848.65.

20.    Under current billing rates, Lead Class Counsel's lodestar for this litigation when combined is $15,147,880.24, meaning they will realize a negative multiplier of .62.

## II.    LEAD COUNSEL'S ATTORNEY HOURS AND UNREIMBURSED EXPENSES

21.    The schedule attached as **Exhibit A-1** sets forth Carella Byrne's total hours and lodestar, computed at current rates, for the period from August 8, 2024 through June 30, 2025. The total number of hours spent by Carella Byrne during this period was 114.90, with a corresponding lodestar of $87,457.00. This schedule was prepared from contemporaneous, daily time records prepared and maintained by Carella Byrne.

22.    The lodestar amount reflected in **Exhibit A-1** is for work performed by attorneys and professional staff at Carella Byrne for the benefit of the Class. The hourly rates for the attorneys and professional staff in my firm reflected in Exhibit

A-1 are the usual and customary hourly rates currently charged by my firm in similar matters.

23.     Carella Byrne has expended a total of $5,655.09 in unreimbursed costs and expenses in connection with the prosecution of the Action through June 30, 2025. These costs and expenses are set forth in the schedule attached as **Exhibit A-2** and are reflected on the books and records of my firm. They were incurred on behalf of Indirect Purchaser Plaintiffs by my firm and have not been reimbursed.

24.     The Declaration of Kenneth A. Wexler, annexed hereto as **Exhibit B**, sets forth the lodestar and costs expended by Wexler Boley & Elgersma LLP.

25.     The Declaration of Jeffrey Kodroff, annexed hereto as **Exhibit C**, sets forth the lodestar and costs expended by Spector Roseman & Kodroff, P.C.

26.     I hereby declare under penalty of perjury that the foregoing is true and correct.

Dated: July 8, 2025

/s/ James E. Cecchi
JAMES E. CECCHI

**EXHIBIT A-1**

In re EFFEXOR XR ANTITRUST LITIGATION
Civil Action No. 3:11-cv-05661 (ZNQ)(JBD)
Master Docket No. 3:11-cv-05479 (ZNQ)(JBD)
Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C.
August 8, 2024 to June 30, 2025

| NAME | | HOURS | RATE | LODESTAR |
|---|---|---|---|---|
| Cecchi, James | (P) | 13.50 | $1,300.00 | $17,550.00 |
| Ecklund, Donald | (P) | .50 | $975.00 | $487.50 |
| Cooper, Kevin | (P) | 87.50 | $750.00 | $65,625.00 |
| Steele, Jordan | (A) | .40 | $600.00 | $240.00 |
| Lee, Grant | (A) | 1.20 | $750.00 | $900.00 |
| | | | | |
| Paralegals | | | | |
| Falduto, Jeff | | 11.00 | $225.00 | $2,475.00 |
| Rago, Mary Ellen | | .80 | $225.00 | $180.00 |
| *TOTAL* | | *114.90* | | *$87,457.50* |

(P) Partner
(A) Associate

**EXHIBIT A-2**

In re EFFEXOR XR ANTITRUST LITIGATION
Civil Action No. 3:11-cv-05661 (ZNQ)(JBD)
Master Docket No. 3:11-cv-05479 (ZNQ)(JBD)
Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C.
August 8, 2024 to June 30, 2025

| CATEGORY | AMOUNT |
|---|---|
| Filing, Witness and Other Fees | $72.60 |
| Transportation, Hotels & Meals | $5,504.36 |
| Messenger, Overnight Delivery | $78.13 |
| TOTAL | $5,655.09 |

EXHIBIT B

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re EFFEXOR XR ANTITRUST LITIGATION<br><br>This Document Relates To:<br>All Indirect Purchaser Class Actions | Civil Action No. 3:11-cv-05661 (ZNQ)(JBD)<br><br>Master Docket No. 3:11-cv-05479 (ZNQ)(JBD) |

### DECLARATION OF KENNETH A. WEXLER IN SUPPORT OF INDIRECT PURCHASER CLASS PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

I, Kenneth A. Wexler, declare and state as follows:

1.      I am a partner of Wexler Boley & Elgersma LLP ("WBE") and one of the Court-appointed Settlement Class Counsel for the Indirect Purchaser Plaintiffs. The Court made its appointment on March 19, 2025, when it entered its Order preliminarily approving the Indirect Purchaser Plaintiffs' settlement with Defendants Teva Pharmaceuticals USA, Inc. and Teva Pharmaceutical Industries Ltd. (collectively, "Teva" and, together with the Indirect Purchaser Plaintiffs, the "Parties"). ECF No. 809.

2.      I submit this Declaration in support of Settlement Class Counsel's motion for attorneys' fees and reimbursement of costs and expenses in connection with services rendered and expenses incurred by my firm in connection with this litigation. I make this Declaration based on my personal knowledge and if called as a witness, I could and would competently testify to the matters stated herein.

3.      During the pendency of this litigation, my firm has acted as Interim Class Counsel for the Indirect Purchaser Plaintiffs' putative class.

4.      During the period from August 8, 2024 until June 30, 2025, and in coordination with other Interim Class Counsel, my firm has continued to diligently represent the class, including

by:

- Preparing for and appearing at the Wyeth settlement hearing and subsequent status conference before District Court Judge Zahid N. Quraishi;

- Participating in ongoing, pre-settlement litigation efforts against Teva, including as to strategy and logistics of continued discovery;

- Negotiating with Teva's counsel in connection with the settlement;

- Drafting settlement-related documents and filings; and

- Assisting with class notice efforts and addressing class-member inquiries.

5.     Attached hereto as Exhibit B-1 is a detailed summary showing the amount of time spent by the partners, attorneys, and paralegals of my firm who have been involved in this litigation during the period from August 8, 2024 until June 30, 2025. The lodestar calculation is based upon my firm's current hourly billing rates.

6.     The total number of hours expended on this litigation by my firm from August 8, 2024 until June 30, 2025 is 165.8 hours. The total lodestar for my firm during that period is $156,813.00. My firm's lodestar figures are based on the firm's current hourly billing rates. The hourly rates for the partners, attorneys, and professional support staff in my firm are the same as the usual and customary hourly rates charged for their services in contingent billable matters. The total hours were determined by the examination of contemporaneous, daily time records regularly prepared and maintained by my firm.

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration was executed on July 8, 2025, in Chicago, Illinois.

2

**EXHIBIT B-1**

In re EFFEXOR XR ANTITRUST LITIGATION
Civil Action No. 3:11-cv-05661 (ZNQ)(JBD)
Master Docket No. 3:11-cv-05479 (ZNQ)(JBD)
Wexler Boley & Elgersma LLP
August 8, 2024 to June 30, 2025

| *NAME* | | *HOURS* | *RATE* | *LODESTAR* |
|---|---|---|---|---|
| Wexler, Kenneth | (P) | 45 | $ 1,200.00 | $ 54,000.00 |
| Boley, Justin | (P) | 1.3 | $ 985.00 | $ 1,280.50 |
| Turke, Bethany | (P) | 95.1 | $ 975.00 | $ 92,722.50 |
| | | | | |
| **Paralegals** | | | | |
| Otto, Ashtin | | 14.9 | $ 400.00 | $ 5,960.00 |
| Vanek, Jocelyn | | 9.5 | $ 300.00 | $ 2,850.00 |
| | | | | |
| | | | | |
| *TOTAL* | | *165.8* | | *$ 156,813.00* |

(P) Partner
(A) Associate
(OC) Of Counsel

EXHIBIT C

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re EFFEXOR XR ANTITRUST LITIGATION<br><br>This Document Relates To:<br>All Indirect Purchaser Class Actions | Civil Action No. 11-5590(ZNQ)(JBD)<br><br>Master Docket No. 3:11-cv-05479 (ZNQ)(JBD) |

### DECLARATION OF JEFFREY L. KODROFF IN SUPORT OF THE TIME AND EXPENSES OF SPECTOR ROSEMAN & KODROFF, P.C.

I, Jeffrey L. Kodroff, declare as follows:

1.      I am a Partner with Spector Roseman & Kodroff P.C. (SRK).  SRK is one of the Lead Counsel for the Indirect Purchaser Plaintiffs in this Action. I submit this declaration in support of Lead Counsels' motion for an award of attorneys' fees and expenses in connection with the services rendered, and costs and expenses incurred, in the *In re Effexor XR Antitrust Litigation* (the "Action").

3.      The schedule attached as Exhibit C-1 sets forth my SRK's total hours and lodestar, computed at current rates, for the period from August 8, 2024 through June 30, 2025. The total number of hours spent by SRK during this period of time was 90.6, with a corresponding lodestar of $ $83,047.50. This schedule was prepared from contemporaneous, daily time records prepared and maintained by SRK. In connection with representing the Indirect Purchaser Plaintiffs in the Action my firm did the following: My firm has served as one of the Lead Counsel and has actively been involved in every phase of the litigation and settlement process.

4.       The lodestar amount reflected in Exhibit C-2 is for work performed by
attorneys and professional staff at SRK for the benefit of the Class. The hourly rates for the
attorneys and professional staff in my firm reflected in Exhibit A are the usual and
customary hourly rates currently charged by my firm in similar matters.

5.       SRK has expended a total of $193.56 in unreimbursed costs and expenses in
connection with the prosecution of the Action from August 8, 2024 through June 30, 2025.
These costs and expenses are set forth in the schedule attached as Exhibit C-2 and are
reflected on the books and records of my firm. They were incurred on behalf of Indirect
Purchaser Plaintiffs by my firm and have not been reimbursed.

I declare under penalty of perjury under the laws of the United States of America
that the foregoing is true and correct.

Executed on this 8th day of July 2025 in Philadelphia, Pennsylvania.

*Jeffrey L. Kodroff*

_____

Jeffrey L. Kodroff

**EXHIBIT C-1**

In re EFFEXOR XR ANTITRUST LITIGATION
Civil Action No. 3:11-cv-05661 (ZNQ)(JBD)
Master Docket No. 3:11-cv-05479 (ZNQ)(JBD)
Spector Roseman & Kodroff, P.C.
August 8, 2024 to June 30, 2025

| *NAME* | | *HOURS* | *RATE* | *LODESTAR* |
|---|---|---|---|---|
| Caldes, William | (P) | 4.00 | $993.75 | $3,975.00 |
| Corrigan, Jeffrey | (P) | 2.85 | $987.28 | $2,813.75 |
| Zinser, Diana | (P) | 0.50 | $800.00 | $400.00 |
| Kodroff, Jeffrey | (P) | 67.00 | $993.28 | $66,550.00 |
| Spector, Jeffrey | (P) | 4.25 | $867.65 | $3,687.50 |
| Zhang, Cary | (A) | 10.75 | $495.00 | $5,321.25 |
| | | | | |
| **Paralegals** | | | | |
| DeMarshall, Gerri | (PR) | 0.25 | $320.00 | $80.00 |
| Iozzo, Alexander | (PR) | 1.00 | $220.00 | $220.00 |
| | | | | |
| | | | | |
| *TOTAL* | | *90.60* | | *$83,047.50* |

(P) Partner
(A) Associate
(OC) Of Counsel

**EXHIBIT C-2**

In re EFFEXOR XR ANTITRUST LITIGATION
Civil Action No. 3:11-cv-05661 (ZNQ)(JBD)
Master Docket No. 3:11-cv-05479 (ZNQ)(JBD)
Spector Roseman & Kodroff, P.C.
August 8, 2024 to June 30, 2025

| CATEGORY | AMOUNT |
|---|---|
| Transportation, Hotels & Meals | $12.00 |
| Online Legal and Financial Research | $181.56 |
| *TOTAL* | *$193.56* |