## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re EFFEXOR XR ANTITRUST LITIGATION | Civil Action No. 11-05661 (ZNQ) (JBD) |
| This Document Relates To: All Indirect Purchaser Class Actions | Master Docket No. 3:11-cv-05479 (ZNQ) (JBD) |

## ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS-ACTION SETTLEMENT

WHEREAS, this Court, having reviewed and carefully considered all of the filed submissions relating to the proposed Class Settlement of this Action as to Teva Pharmaceuticals USA, Inc., and Teva Pharmaceuticals Industries, Ltd. (collectively, "Teva" and, together with Indirect Purchaser Plaintiffs,[1] the "Parties")), including Indirect Purchaser Plaintiffs' Motion for Final Approval of the Class-Action Settlement and Final Certification of the Settlement Class (ECF No. 823) and exhibits thereto, Indirect Purchaser Plaintiffs' Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (ECF No. 824), the Parties' Settlement

---

[1] Indirect Purchaser Plaintiffs are A. F. of L. – A.G.C. Building Trades Welfare Plan, IBEW - NECA Local 505 Health & Welfare Plan, Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana, New Mexico United Food and Commercial Workers Union's and Employers' Health and Welfare Trust Fund, Painters District Council No. 30 Health and Welfare Fund, Plumbers and Pipefitters Local 572 Health and Welfare Fund, City of Providence, Rhode Island, Sergeants Benevolent Association Health and Welfare Fund, and Patricia Sutter.

Agreement dated March 7, 2025 (ECF No. 807-3) (the "Settlement Agreement"), the supporting Declaration of James E. Cecchi and accompanying exhibits, the Declaration of Eric J. Miller of the Claims Administrator, A.B. Data, Ltd., and all other submissions and filings in this Action;

WHEREAS, on March 19, 2025, this Court entered an Order Granting Preliminary Approval of Class-Action Settlement (ECF No. 809) ("Preliminary Approval Order"), which granted preliminary approval of the Class Settlement, provisionally certified, for settlement purposes only, the proposed Settlement Class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), preliminarily appointed the Settlement Class Representatives, Settlement Class Counsel, and the Settlement Claims Administrator, approved the form and content of the Class Notices and Claim Forms, and approved and directed the dissemination of the Class Notices and Claim Forms pursuant to the Parties' Proposed Notice Plan ("Notice Plan") as the best notice practicable under the circumstances and comporting in all respects with Fed. R. Civ. P. 23(e) and due process; and

WHEREAS, the approved Notice Plan has been effectuated in a timely and proper manner; and

WHEREAS, this Court having held a Fairness Hearing on August 19, 2025 and having carefully considered all of the submissions, arguments, and applicable law, and with due deliberation thereon,

NOW, this Court hereby finds, determines, and orders as follows:

1.      **Final Approval of the Class Settlement.** The Court hereby **GRANTS the Motion (ECF No. 823)**; the Court grants final approval of the Class Settlement and all of the terms and provisions of the Settlement Agreement. The Court finds that the Class Settlement is fair, reasonable, and adequate, and in all respects satisfies the requirements of Fed. R. Civ. P. 23 and applicable law.

2.      **Certification of the Settlement Class.** The Court here certifies, for Settlement purposes only, the proposed Settlement Class set forth in the Settlement Agreement and in the Preliminary Approval Order (ECF No. 809). The Court finds that, for the purposes of Settlement, the applicable prerequisites for certification of the proposed Settlement Class under Fed. R. Civ. P 23(a) and 23(b)(3) are fully satisfied, namely: the Settlement Class is so numerous that joinder of all members is not practicable; questions of law and fact are common to the Settlement Class; the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class; the Settlement Class Representatives and Settlement Class Counsel have fairly and adequately represented, and will continue to fairly and adequately represent, the interests of the Settlement Class; questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members; and a class action is superior to other available methods for fairly and efficiently adjudicating this controversy. The Court further

determines that the Class is ascertainable under the standards established by the Third Circuit. In addition, because this Action is being settled rather than litigated to conclusion, the Court need not consider manageability issues that might be presented by a trial of this action. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

3.    **Notice of the Settlement to the Settlement Class.** The Court finds that Notice of the Class Settlement was timely and properly disseminated and effectuated pursuant to the approved Notice Plan, and that said Notice constitutes the best notice practicable under the circumstances and satisfies all requirements of Rule 23(e) and due process.

4.    **CAFA Notice.** The Court finds that in accordance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), Defendant Teva properly and timely caused to be mailed a copy of the proposed Settlement and all other documents required by law to the Attorney General of the United States and the Attorneys General of each State where class members reside. No Attorney General has filed any objection to, or voiced any concern over, the Class Settlement or any of its terms and provisions.

5.    **Defined Terms of the Settlement Agreement.** Unless otherwise defined herein, the terms used in this Order that are defined in the Settlement

Agreement shall have the same definition and meaning as set forth in the Settlement Agreement.

6. **The Settlement is Fair, Reasonable, and Adequate**. The Court finds that the Class Settlement is fair, reasonable, and adequate, and in all respects satisfies Fed. R. Civ. P. 23. The Settlement provides substantial benefits to, and is in the best interests of, the Settlement Class, and is particularly fair, reasonable, and adequate when considering the issues presented by this case, including, but not limited to, the disputed nature of the claims, the potential defenses thereto, the risks of non-recovery or reduced recovery to the Settlement Class, the risks surrounding class certification, the substantial burdens, time, and expense of further litigation, and the delays of any potential recovery associated with the continued litigation of the Action.

7. **The Class Settlement is the Result of Extensive Arm's-Length Negotiation of Highly Disputed Claims by Experienced Class-Action Counsel, and is Not the Product of Collusion.** The Court further finds that the Class Settlement was entered into as a result of extensive arm's-length negotiations of highly disputed claims among experienced class-action counsel on both sides. The Settlement is not the product of collusion, and it was entered into with a sufficient understanding by counsel of the strengths and weaknesses of their respective claims and defenses, and of the potential risks and benefits of continued litigation.

8.    **Appointment of Settlement Class Representatives and Settlement Class Counsel.** The Court hereby grants final approval and appointment of Indirect Purchaser Plaintiffs A. F. of L. – A.G.C. Building Trades Welfare Plan, IBEW - NECA Local 505 Health & Welfare Plan, Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana, New Mexico United Food And Commercial Workers Union's And Employers' Health And Welfare Trust Fund, Painters District Council No. 30 Health and Welfare Fund, Plumbers and Pipefitters Local 572 Health and Welfare Fund, City of Providence, Rhode Island, Sergeants Benevolent Association Health and Welfare Fund, and Patricia Sutter as Representatives of the Settlement Class ("Settlement Class Representatives"), and of the law firms of Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. as Lead Class Counsel and Wexler Boley & Elgersma LLP, Motley Rice LLC, Dugan Law Firm, APLC, Spector, Roseman & Kodroff, P.C., Quantum Legal, LLC, and Miller Law LLC as Lead Class Counsel for the Settlement Class ("Settlement Class Counsel" or "Class Counsel").   The Court finds that said Settlement Class Representatives and Settlement Class Counsel have fairly and adequately represented, and will continue to fairly and adequately represent, the interests of the Settlement Class.

8.    **Appointment of Escrow Agent.** The Court further grants final appointment of Citibank, N.A. as Escrow Agent for the purpose of administering the

Escrow Account holding the Settlement Fund.

9.    **Appointment of Settlement Claims Administrator.** The Court further grants final appointment of A.B. Data, Ltd. as the Settlement Claims Administrator to effectuate its duties and responsibilities set forth in the Settlement Agreement and the Preliminary Approval Order.

10.    **Objections and Requests for Exclusion.** Settlement Class Members were duly afforded a reasonable and ample opportunity to object to or request exclusion from the Settlement, and they were duly advised of the deadlines and procedures for doing so. Of the Settlement Class Members, the Court has received zero (0) objections to the Settlement. The Parties have received one (1) request for exclusion. The Court finds that the absence of objections and small number of requests for exclusion demonstrates overwhelmingly that the Settlement Class favors the Settlement and further supports that the Class Settlement is fair, reasonable and adequate, and warrants final approval by this Court.

111.    **Plan of Allocation.** The Court hereby approves the Plan of Allocation of the Settlement Fund as proposed by Lead Class Counsel (the "Plan of Allocation"), which was referenced in the Notice of Proposed Settlement, made available on the case-specific website, and filed as part of Exhibit B with Plaintiffs' Motion for Preliminary Approval of Settlement. *See* ECF No. 807-3, Ex. B (Plan of Allocation). The Court hereby directs A.B. Data, the firm retained by Lead Class

Counsel and previously appointed by the Court as the Claims Administrator, to distribute the Net Settlement Fund as provided in the Plan of Allocation.

14.    **Attorneys' Fees and Reimbursement of Expenses.**   Lead Class Counsel have moved for the award of attorneys' fees and reimbursement of expenses. Lead Class Counsel request an award of attorneys' fees of 34% of the Settlement amount (including the interest accrued thereon) and reimbursement of the reasonable costs and expenses incurred in the prosecution of this Action in the amount of $5,848.65. Such motion has been on the docket and otherwise publicly available since March 17, 2025.

15.    Upon consideration of the motion for attorneys' fees, costs and expenses, the Court hereby **GRANTS the Motion (ECF No. 824)**; the Court awards attorneys' fees of $765,000 (representing 34% of the Settlement Fund), together with a proportionate share of the interest thereon from the date the funds are deposited in the Settlement Escrow Account until payment of such attorneys' fees, costs, and expenses, at the rate earned by the Settlement Fund and to be paid solely from the Settlement Fund, and costs and expenses totaling $5,848.65. The attorneys' fees, costs, and expenses authorized and approved by this Final Judgment and Order shall be paid within ten (10) business days after this Final Approval Order is entered or as otherwise agreed by Teva and Indirect Purchaser Plaintiffs or ordered by the Court.

**IT IS THEREFORE ORDERED AND ADJUDGED AS FOLLOWS:**

16.    The Court certifies, for the purpose of settlement, the following Indirect

Purchaser Settlement Class consisting of:

> All persons or entities in Arizona, California, Florida, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Montana, Nevada, New Hampshire, New Mexico, New York, North Carolina, Oregon, Rhode Island, South Dakota, Tennessee, West Virginia, and Wisconsin (the "Class States") who purchased, paid, and/or provided reimbursement for Effexor XR or AB-rated generic versions of Effexor XR for consumption by themselves, their families, or their members, employees, insureds, participants or beneficiaries, from June 14, 2008 through May 31, 2011 (the "Class Period"). For purposes of this definition, persons or entities "purchased" Effexor XR or its generic versions if they paid or reimbursed some or all of the purchase price.

> Excluded from the Indirect Purchaser Settlement Class are (a) Wyeth— a/k/a Wyeth LLC, f/k/a Wyeth, Inc., f/k/a American Home Products; Wyeth Pharmaceuticals, Inc.; Wyeth-Whitehall Pharmaceuticals; and Wyeth Pharmaceuticals Company (collectively, "Wyeth"), Teva, and their respective subsidiaries and affiliates; (b) state and local governments to the extent their claims may be asserted under applicable state law only by the state Attorney General, or are otherwise prohibited by applicable law from being asserted by private counsel on a contingent fee basis; (c) all persons or entities who purchased Effexor XR or its generic equivalent for purposes of resale or directly from Wyeth, Teva, or their affiliates; (d) fully insured health plans (*i.e.*, Plans that purchased insurance from another third-party payor covering 100% of the Plan's reimbursement obligations to its members); (e) pharmaceutical benefit managers; and (f) the judges in this case and any members of their immediate families.

18.    The Court hereby grants final approval of the Class Settlement as set

forth in the Settlement Agreement and all of its terms and provisions. The Settlement

is fair, reasonable, adequate, and in all respects satisfies the requirements of Fed. R.

Civ. P. 23. Specifically, the Court has analyzed each of the factors set forth in Fed.

R. Civ. P. 23(e)(2), *Girsh v. Jepson*, 521 F.2 153, 157 (3d Cir. 1975), and *In re Prudential Ins. Co. Am. Sales Practice Litig.*, 148 F.3d 283, 323 (3d Cir. 1998), and finds that they support, justify, and warrant, final approval of this Class Settlement.

19.    The Court excludes from the Settlement and Release, on the basis of their timely and valid requests for exclusion, the one (1) Settlement Class Member listed on Exhibit A annexed hereto.

20.    The Parties are directed to perform all obligations under the Settlement Agreement in accordance with its terms and provisions.

21.    The Parties and all Settlement Class Members—except for the one (1) identity identified in Exhibit A that has timely and properly excluded itself from the Settlement Class—are hereby bound in all respects by the terms and conditions of the Settlement Agreement, including but not limited to the Release and Covenant Not to Sue contained therein, and the Plaintiffs and each and every Settlement Class Member—except for the one (1) entity identified in Exhibit A that has timely and properly excluded itself from the Settlement Class—shall be deemed to have, and by operation of this Final Order and Judgment shall have, fully, completely, and

forever released and discharged all Released Parties from all Released Claims as set forth in the Settlement Agreement.

22.    The Action, as to the claims of the Indirect Purchaser Plaintiffs and Settlement Class Members, is hereby dismissed with prejudice as to Teva.

23.    The Settlement Agreement, and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law, of any liability or wrongdoing by Teva, or of the truth of any of the claims or allegations contained in the Complaint or any other pleading or document in the Indirect Purchaser Class Action; and evidence thereof shall not be discoverable, admissible, or otherwise used indirectly, in any way (except in accordance with the terms of this Settlement; and provided that the provisions of this Settlement Agreement can be used by the Parties to enforce the provisions of the Settlement Agreement), whether in the Indirect Purchaser Class Action or in any other action or proceeding.

24.    In the event that any provision of the Settlement or this Final Order and Judgment is asserted as a defense by Teva or any Released Party (including, without limitation, as a basis for dismissal and/or a stay), in whole or in part, to any claim, suit, action, or proceeding in any forum, judicial or otherwise, brought by a Settlement Class Member or any person acting or purporting to act on behalf of any Settlement Class Member(s), that claim, suit, action and/or proceeding shall

immediately be stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion.

25.      Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement and this Order and any obligations thereunder.

26.      Indirect Purchaser Plaintiffs and each and every Settlement Class Member—except for the one (1) entity identified in Exhibit A that has timely and properly excluded itself from the Settlement Class—and any other Releasing Party as defined in the Settlement Agreement, is/are hereby permanently barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any forum whatsoever, including any court of law or equity, arbitration tribunal, or administrative forum, asserting the Released Claims against the Released Parties (as those terms are defined in the Settlement Agreement). This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Final Order and Judgment, and this Court's authority to enforce and effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments. However, this provision will not bar any communications with, or compliance with requests or inquiries from, any governmental authorities.

27.    Without affecting the finality of this Final Order and Judgment, this Court hereby retains exclusive jurisdiction, and all Settlement Class Members are hereby deemed to have submitted to the exclusive jurisdiction of this Court, of, over, and with respect to, the consummation, implementation, and enforcement of this Settlement and its terms, including the release of claims therein, and any suit, action, proceeding (judicial or otherwise) or dispute arising out of or relating to this Final Order and Judgment, the Settlement Agreement and its terms, or the applicability of the Settlement Agreement. This exclusive jurisdiction includes, without limitation, the Court's power pursuant to the All Writs Act, 28 U.S.C. § 1651, or any other applicable law, to enforce the above-described bar and injunction against the commencement, institution, prosecution, and/or continued prosecution of any Released Claim against any Released Party.

**IT IS SO ORDERED AND ADJUDGED.**

Date:  August 19, 2025

Hon. Zahid N. Quraishi
United States District Judge

## EXHIBIT A

Entity Seeking Exclusion:

1. Citation Oil & Gas Corp.