

Park 80 West–Plaza One  (201) 845-9600 Main
250 Pehle Avenue  (201) 845-9423 Fax
Suite 401
Saddle Brook, NJ 07663

njlawfirm.com

Matthew F. Gately, Esq.
mfg@njlawfirm.com
Direct Line: (551) 497-7189

October 28, 2025

**VIA ECF**
Hon. Zahid N. Quraishi, U.S.D.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

Leave to file the supplemental Leitzenger report is hereby GRANTED. So Ordered this 4th day of November 2025.

_____
ZAHID N. QURAISHI, U.S.D.J.

Re:   *In re Effexor XR Antitrust Litigation,* No. 11-5479 (ZNQ/JBD)

Dear Judge Quraishi:

The undersigned is counsel to Direct Purchaser Class Plaintiffs ("DPPs") in the above-captioned litigation. As Your Honor is aware, presently before the Court is DPPs' motion for class certification. *See* ECF No. 818. DPPs filed the Expert Report of Dr. Jeffrey J. Leitzinger, Ph.D., dated May 15, 2025, as Exhibit 1 to that motion. *See* ECF No. 819-1. On September 25, 2025, DPPs filed the Rebuttal Report of Dr. Leitzinger, Ph.D., dated September 18, 2025, as Exhibit 39, along with DPPs' reply in further support of their class certification motion. *See* ECF 838-1.

DPPs hereby request leave to supplement the class certification record to include the Supplemental Report of Jeffrey J. Leitzinger, Ph.D. dated October 8, 2025 (the "Leitzinger Supplemental Report"). A copy of the Leitzinger Supplemental Report is attached hereto as Exhibit A (filed under seal). The Leitzinger Supplemental Report was served on Teva on October 8, 2025, more than a month before Dr. Leitzinger's scheduled November 18, 2025 deposition, and several months before the class certification hearing scheduled for February 4, 2025 (ECF No. 835). Defendant Teva consents to this request.

The Leitzinger Supplemental Report addresses the revised damage calculations in the rebuttal report of Dr. Keith Leffler, Ph.D., dated September 18, 2025. Dr. Leffler has provided damages calculations (and other expert opinions) for the Retailer Plaintiffs[1] that have filed individual complaints in this matter based in part on assignments from members of the Direct

---

[1] The Retailer Plaintiffs are Walgreen Co., The Kroger Cp., Safeway Inc., United Natural Foods f/k/a Supervalue Inc., H-E-B, L.P. f/k/a HEB Grocery Company, L.P., American Sales Company, Inc., CVS Caremark Corporation, Rite Aid Corporation, Rite Aid Hdqtrs. Corp., JCG (PJC) USA, LLC, Maxi Drug, Inc. d/b/a Brooks Pharmacy, Eckerd Corporation, Meijer, Inc., Meijer Distribution, Inc. and Giant Eagle, Inc.

Purchaser Class Plaintiffs.[2]  Dr. Leffler's damages calculations are relevant to Dr. Leitzinger's calculations of Direct Purchaser Class damages because Dr. Leitzinger excludes damages incurred by the Retailer Plaintiffs.  Dr. Leffer's rebuttal report included revised damage calculations that Dr, Leitzinger has used to prepare the attached Supplemental Report.  Because Dr. Leffler served his rebuttal report on the same day as Dr. Leitzinger served his rebuttal report, Dr. Leitzinger could not incorporate Dr. Leffler's revised calculations previously.

Dr. Leitzinger's Supplemental Report uses the same damages methodologies as Dr. Leitzinger's prior reports and simply updates certain calculations and exhibits to account for the revised Retailer Plaintiff damages calculations from Dr. Leffler's rebuttal report.  As Dr. Leitzinger makes clear in paragraph 3 of the attached Leitzinger Supplemental Report, the changes are minimal—his updated calculations show a decrease of less than 0.1% in overcharge damages for every scenario that was set forth in his rebuttal report.  Supplementation is warranted under these circumstances.  *See, e.g.*, *In re Xyrem (Sodium Oxybate) Antitrust Litig.*, 2024 WL 4789136, at *1 (N.D. Cal. Nov. 14, 2024) (allowing plaintiffs to submit "a one-and-a-half-page [supplemental expert damages report], accompanied by a one-page table, that incorporates" new information because "the proffered supplemental report is not a new legal theory; it is an updated analysis"); *Carl Zeiss X-Ray Microscopy, Inc. v. Sigray, Inc.*, 2025 WL 980830, at *3 (N.D. Cal. Apr. 1, 2025) (similar; citing cases).

As noted above, defendant Teva consents to the instant application.

If this request is amenable to the Court, we respectfully request that Your Honor So Order this correspondence and enter it on the docket.  DPPs thank the Court for its continued attention to this matter.

Respectfully Submitted,

*/s/ Matthew F. Gately*
 Matthew F. Gately

cc: Counsel of Record (*via ECF*)

---

[2] *See* Case No. 12-cv-03523, ECF No. 1 (Complaint of Rite Aid Corporation, Rite Aid Hdqtrs. Corp., JCG (PJC) USA, LLC, Maxi Drug, Inc. d/b/a Brooks Pharmacy, Eckerd Corporation and CVS Caremark Corporation); Case No. 11-cv-6985, ECF No. 1 (Complaint of Walgreen Co., The Kroger Co., Safeway Inc., Supervalu Inc., HEB Grocery Company LP, and American Sales Company, Inc.); Case No. 12-cv-3116, ECF No. 1 (Complaint of Giant Eagle, Inc.); and Case No. 11-cv-7504, ECF No. 1 (Complaint of Meijer, Inc. and Meijer Distribution, Inc.).