William H. Trousdale
Arthur M. Owens
Clark Guldin Attorneys at Law
20 Church Street, Suite 15
Montclair, New Jersey 07042
Tel. (973) 707-5346
wtrousdale@clarkguldin.com
aowens@clarkguldin.com

Devora W. Allon, P.C.
Kevin M. Neylan, Jr.
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, New York 10022
Tel: 212-446-4800
devora.allon@kirkland.com
kevin.neylan@kirkland.com

*Attorneys for Defendants Teva Pharmaceutical Industries Ltd. and Teva Pharmaceuticals USA, Inc.*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re Effexor XR Antitrust Litigation<br><br>This Document Relates To:<br><br>All Actions | Master Docket No.<br><br>3:11-cv-05479 (ZNQ/JBD) |

**DECLARATION OF KEVIN M. NEYLAN, JR. IN SUPPORT OF JOINT MOTION TO SEAL**

Kevin M. Neylan, of full age, hereby declares as follows:

1. I am an attorney at law in the State of New York and admitted to appear *pro hac vice* in this matter. I am a partner of the firm of Kirkland & Ellis LLP, attorneys for Defendants Teva Pharmaceutical Industries Ltd. and Teva Pharmaceuticals USA, Inc. ("Teva") in the above-captioned matter. I have personal knowledge of, and am competent to testify to, the facts set forth in this Declaration.

2.  I submit this declaration on behalf of Teva in support of the parties' Joint Motion to Seal portions of the parties' class certification filings as follows:

   a. Memorandum of Law in Support of DPPs' Motion for Class Certification, dated May 22, 2025 (ECF No. 819-00);

   b. Exhibits 1-3, 7, 11-12, 14, and 16 to the Declaration of Matthew F. Gately, dated May 22, 2025, (ECF Nos. 819-1 to 819-3; 819-7; 819-11 to 819-12; 819-14; 819-16);

   c. Teva's Opposition to DPP's Motion for Class Certification, dated July 24, 2025 (ECF No. 828-00);

   d. Exhibits 1-4 to the Declaration of Kevin Neylan, dated July 24, 2025 (ECF Nos. 828-2 to 828-5);

   e. Exhibits 39-41 and 64-65 to the Declaration of Matthew F. Gately, dated September 25, 2025 (ECF Nos. 838-1 to 838-3; 838-7 to 838-8); and

   f. Exhibit 1 to Letter from DPPs re Leave to Supplement (ECF No. 849-1).

   ("Confidential Material").

3.  In support of this Motion to Seal and in accordance with L. Civ. R. 5.3(c)(3), Teva submits an Appendix (Appendix A.2) identifying the Confidential Material it seeks to seal and describing with particularity: (a) the nature of the materials; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request. Appendix A.2 is being submitted concurrently with the motion to seal.

4.     The Confidential Material contains, references, and/or reflects Teva's confidential business information.  The information is regarded as highly proprietary and kept confidential by Teva and is not otherwise disseminated to the public.  There is little, if any, public interest in disclosing this competitively sensitive proprietary business information.

5.     If the Confidential Material were to become available to the public, Teva would suffer serious commercial injury.  Public disclosure of this sensitive business information would give competitors an unfair advantage in a highly competitive marketplace, potentially causing Teva significant competitive harm including, but not limited to, financial damage, damage to business relationships, damage to its commercial standing, and/or other irreparable harm.  Furthermore, a clearly defined and serious injury will result to Teva if the Court does not permit the Confidential Information to be filed under seal.

6.     Without leave to file the Confidential Material under seal, Teva will become severely limited in its ability to effectively advocate its position.  As such, if this request to seal is not granted, disclosure of the confidential business information would provide the public insight into the business and operations of Teva, could cause competitive harm to it, and could have an impact on the intellectual property litigation landscape.

7.     Accordingly, Teva has: (i) a legitimate interest in protecting this information from disclosure, which warrants the sealing of this information; and (ii) a clearly defined injury if the Confidential Material is not sealed.  No less restrictive alternative to sealing is available because this request is tailored to seal only the Confidential Materials.

8.     Pursuant to L. Civ. R. 5.3(c)(1) and 7.1(d)(4), no brief is necessary because all facts in support of this Motion are set forth herein.

9.  Pursuant to L. Civ. R. 5.3(c)(1), Teva relies upon Appendix A.2 submitted in support of the Motion to Seal.

10. Accordingly, Teva respectfully requests that the Court grant the motion to seal the Confidential Material.

I hereby declare, under penalty of perjury, that the foregoing statements made by me are true.

Dated: November 6, 2025

/s/ Kevin M. Neylan, Jr.
Kevin M. Neylan, Jr.