### APPENDIX A.1

### DPP'S INDEX IN SUPPORT OF JOINT MOTION TO SEAL

| Material | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|
| **July 17, 2025 Expert Report of Bruce E. Stangle, filed at ECF Nos. 828-3, 838-3** | | | | |
| Page 28: fn. 72 (starting at "(Q. And let's talk about …) | To prevent disclosure of Plaintiffs' competitively sensitive information contained in documents and 30(b)(6) deposition testimony designated "ATTORNEYS' EYES ONLY," regarding the pricing Plaintiffs' received from suppliers of brand and generic Effexor, Plaintiffs' confidential interactions with its customers and Plaintiffs' internal business analyses and considerations. | Disclosure could permit customers, competitors, or pharmaceutical manufacturers to develop business strategies to negatively impact relationship between Direct Purchaser Class members and their customers and/or pharmaceutical manufacturers in the future. | No less restrictive alternative is available. Plaintiffs have proposed only redacting limited information in the impacted section. | None. |
| Pages 33-34: ¶51 (sentences starting with "For example…") | See above. | See above. | See above. | |

| Page 35: ¶57 (sentence starting with "For example…") | See above. | See above. | See above. | None. |
|---|---|---|---|---|
| Exhibit 3 (entirety of exhibit ) | See above. | See above. | See above. | None. |
| Exhibit 4 (entirety of exhibit) | See above. | See above. | See above. | None. |
| Exhibit 5 (entirety of exhibit) | See above. | See above. | See above. | None. |
| Exhibit 7 (entirety of exhibit) | See above. | See above. | See above. | None. |
| Exhibit 9 (entirety of exhibit) | See above. | See above. | See above. | None. |
| **May 25, 2025 Expert Report of Jeffrey J. Leitzinger, filed at ECF No. 819-1** | | | | |
| Page 15: fn. 42 (forecast percentage numbers) | To prevent disclosure of Non-party competitively sensitive information contained in documents designated "ATTORNEYS' EYES ONLY," regarding proprietary  forecasting results for  brand and generic Effexor | Disclosure could permit customers, competitors, or pharmaceutical manufacturers to develop business strategies to negatively impact pharmaceutical manufacturers in the future. | No less restrictive alternative is available. Plaintiffs have proposed only redacting limited information in the impacted section. | None. |

| | | | |
|---|---|---|---|
| PDF Page 53: Ex. 8 (entirety exhibit). | To prevent disclosure of Plaintiffs' and class members' competitively sensitive information detailing the price individual and class members Plaintiffs received from suppliers of brand and generic Effexor. | Disclosure could permit customers, competitors, or pharmaceutical manufacturers to develop business strategies to negatively impact relationship between Direct Purchaser Class members and their customers and/or pharmaceutical manufacturers in the future. | No less restrictive alternative is available. Plaintiffs have proposed only redacting limited information in the impacted section. |
| PDF Page 54: Ex. 9 (entirety of exhibit). | See above. | See above. | See above. |
| **Sept. 18, 2025 Rebuttal Expert Report of Jeffrey J. Leitzinger, filed at ECF No. 838-1** | | | |
| Page 18: Table 1 (entirety of table that lists price information for two individual class members) | To prevent disclosure of Plaintiffs' and class members' competitively sensitive information detailing the price individual and class members Plaintiffs received from suppliers of brand and generic Effexor. | Disclosure could permit customers, competitors, or pharmaceutical manufacturers to develop business strategies to negatively impact relationship between Direct Purchaser Class members and their customers and/or pharmaceutical manufacturers in the future. | No less restrictive alternative is available. Plaintiffs have proposed only redacting limited information in the impacted section. |
| Page 19: ¶ 43 (lines 5-7 listing pricing information for two individual class members) | See above. | See above. | See above. |

**APPENDIX A.2**

**TEVA'S INDEX IN SUPPORT OF JOINT MOTION TO SEAL**

| Material to be Sealed | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted) | Why a Less Restrictive Alternative to the Relief Sought is Not Available) | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| **DPPs' Motion for Class Certification, dated May 25, 2025** | | | | | |
| Memorandum in support (ECF No. 819-00) | • pp. 5-8, language between "In exchange for three reverse payments" to "*see supra*." <br><br> • Footnotes 22 & 27, in their entirety <br><br> • p. 35, language between "(3) sales data" and "additional generics launched" <br><br> • Footnote 109, in its entirety | Teva requests sealing of the information because it reveals, contains, and/or reflects non-public, highly sensitive business information, including but not limited to the terms of the parties' settlement agreement. | This information is regarded as highly proprietary and kept confidential, and is not otherwise disseminated to the public. As such, if this request to seal is not granted, the disclosure of this information would give competitors an unfair advantage in a highly competitive marketplace, potentially causing significant competitive harm to Teva. | Any alternative to sealing does not provide the protections required for such proprietary information, and Teva has proposed only redacting limited information in the impacted section. | None. |

| Ex. 1 (ECF No. 819-1) Expert Report of J. Leitzinger, dated May 15, 2025 | • ¶ 8(c) and ¶ 8(d), in their entirety<br><br>• References to all dollar figures in ¶ 20<br><br>• ¶ 27, in its entirety<br><br>• ¶ 29, in its entirety<br><br>• ¶ 47, the phrase "$2.77"<br><br>• Exhibits 3, 8, 9, 11, 12A, 12B, and 13, in their entirety. | Teva requests sealing of the information because it reveals, contains, and/or reflects non-public, highly sensitive business information, including forecasts and other confidential pricing information. | See above. | See above. | None. |
|---|---|---|---|---|---|
| Ex. 2 (ECF No. 819-2) Expert Report of Thomas G. McGuire, dated May 15, 2025 | • ¶ 104, in its entirety<br><br>• ¶ 105, language from "Wyeth also proposed" to "we should talk"<br><br>• Footnote 190, in its entirety<br><br>• ¶ 106, from "XR product" to the end of the paragraph<br><br>• ¶ 108, from "Teva proposed a royalty | Teva requests sealing of the information because it reveals, contains, and/or reflects non-public, highly sensitive business information, including an analysis of the terms of the parties' settlement agreement. | See above. | See above. | None. |

|  | rate" to the end of the paragraph |  |  |  |
|--|--|--|--|--|
|  | • ¶¶ 111-112, the phrase "lower royalties" |  |  |  |
|  | • ¶ 114, language from "Teva agreed" to the end of the paragraph. |  |  |  |
|  | • Footnote 217, in its entirety |  |  |  |
|  | • ¶ 115, language from "Teva was obligated" to the end of the paragraph |  |  |  |
|  | • Footnote 222, language from "the date on which" to the end of the paragraph |  |  |  |
|  | • ¶ 116, from "royalty rate was set to increase" to the end of the paragraph |  |  |  |

| | | | | |
|---|---|---|---|---|
| | • Footnotes 222 and 223, in their entirety<br><br>• ¶ 117, language from "(ii)" to "June 13, 2008"<br><br>• ¶ 118, in its entirety<br><br>• ¶ 119, language between "Novopharm's entry date" to "December 1, 2006"<br><br>• ¶ 120, in its entirety<br><br>• ¶ 145, language from "A Teva forecast" to "by the end of the first year."<br><br>• ¶ 193, language from "Teva split profits" through the end of the paragraph<br><br>• ¶ 195, language from "Wyeth's profit-sharing with | | | |

|  | Teva" through "multiple generic entry."<br><br>• ¶ 219, the phrase "royalty terms"<br><br>• Footnote 407, language from "split profits" to the end of the paragraph<br><br>• Footnote 408, the phrase "70% profit split"<br><br>• ¶ 231, the phrase "royalty clauses," as well as the language from "with a sufficient royalty" through the end of the paragraph<br><br>• ¶ 232, in its entirety<br><br>• Footnote 425, language from "The royalty rate" to the end of the footnote |  |  |  |
|---|---|---|---|---|

| | | | | | |
|---|---|---|---|---|---|
| | • ¶ 235, in its entirety<br><br>• ¶ 237, the word "royalties"<br><br>• ¶ 238, the phrase "or $135.7 million after deducting royalties"<br><br>• Footnotes 433, 436, and 438, in their entirety<br><br>• ¶ 239, the phrase "or $249.0 million after deducting royalties not collected upon launching an AG"<br><br>• ¶ 240, language from "credits Wyeth for royalties" through the end of the paragraph<br><br>• ¶ 241, language from "Teva agreed to pay" through the end of the paragraph | | | | |

| | | | | |
|---|---|---|---|---|
| | <ul><li>¶ 243, language from "either a 50%" to "dark blue bars" and the language from "$45 million" to "$155 million in profits"</li><li>¶¶ 244-248, in their entirety</li><li>Footnotes 449, 452, 455, 456, and 461 in their entirety</li><li>¶ 250, in its entirety</li><li>¶ 256, in its entirety</li><li>¶ 273, the phrase "Teva would owe royalties to Wyeth"</li><li>¶¶ 287-305, in their entirety, including attached footnotes</li><li>¶ 326, language from "it also does not use" to "no Teva-to-Wyeth royalties"</li></ul> | | | |

| | • Footnote 566-67, in their entirety<br><br>• ¶ 349, language from "would not collect royalties" through the end of the paragraph<br><br>• Footnote 602, language from "Wyeth's model assumes" through the end of the footnote<br><br>• Attachments D, I, F, J, K, and L, in their entirety | | | | |
|---|---|---|---|---|---|
| Ex. 3 (ECF No. 819-3)<br><br>Expert Report of Daisy Rivera-Muzzio, dated May 15, 2025 | • ¶¶ 40, 52-84, in their entirety | Teva requests sealing of the Confidential Materials that contain or reflect proprietary or technical information and/or trade secrets such as product formulations. In particular, the material contains non-public, highly sensitive information relating to Teva's ANDA for generic | See above. | Teva seeks to redact the entire analysis surrounding its regulatory filings and launch strategies.  No less restrictive alternative is available or practicable. | None. |

| | | Effexor XR, including non-public information that has been submitted to FDA in connection with regulatory submissions, as well as Teva's scientific analysis concerning Effexor XR in connection with the research and development of a generic version. | | | |
|---|---|---|---|---|---|
| Ex. 7 (ECF No. 819-7)<br><br>TEVA_EFFEX_0000001-<br>TEVA_EFFEX_0000267 | In its entirety. | See above. | See above. | Teva seeks to redact its entire ANDA submitted to FDA. No less restrictive alternative is available or practicable. | None. |
| Ex. 11 (ECF No. 819-11)<br><br>TEVA_EFFEX_0619285-<br>TEVA_EFFEX_0619308 | In its entirety. | Teva requests sealing of the information because it reveals, contains, and/or reflects non-public, highly sensitive business information, including but not limited to the terms of | See above. | Teva seeks to redact the 2005 settlement agreement between Teva and Wyeth, consistent with the treatment of this document in | None. |

| | | the parties' settlement agreement. Moreover, it is a court filing that is currently under seal in another action. Accordingly, it contains information that is presently confidential and unavailable to the public. | | other actions. No less restrictive alternative is available or practicable. | |
|---|---|---|---|---|---|
| Ex. 12 (ECF No. 819-12)<br><br>TEVA_EFFEX_0713422- TEVA_EFFEX_0713424 | In its entirety. | Teva requests sealing of the information because it reveals, contains, and/or reflects its sensitive proprietary business information. | See above. | The entirety of this document contains confidential information relating to Teva's forecasts and pricing strategies. No less restrictive alternative is available or practicable. | None. |
| Ex. 14 (ECF No. 819-14)<br><br>WYEFFAT2405314- WYEFFAT2405523 | • -5322 to -5333 in their entirety | Teva requests sealing of the information because it reveals, contains, and/or reflects non-public, highly sensitive business information, including but not | See above. | Teva seeks to redact the 2005 settlement agreement between Teva and Wyeth, consistent with the treatment of | None. |

| | | limited to the terms of the parties' settlement agreement. Moreover, it is a court filing that is currently under seal in another action. Accordingly, it contains information that is presently confidential and unavailable to the public. | | this document in other actions. No less restrictive alternative is available or practicable. | |
|---|---|---|---|---|---|
| Ex. 16 (ECF No. 819-16)<br><br>WYEFFAT04718483.00001-WYEFFAT04718483.00012 | In its entirety. | See above. | See above. | See above. | None. |
| **Teva's Opposition to DPP's Motion for Class Certification, dated July 24, 2025** | | | | | |
| Teva's Opposition Brief (ECF No. 828) | • Pg. 5, language between "The settlement agreement" to "other Wyeth Patents."<br><br>• Pg. 6, the phrase "$2.26 billion"<br><br>• Pg. 20, the phrase "$1,400" | Teva requests sealing of the information because it reveals, contains, and/or reflects non-public, highly sensitive business information, including but not limited to the terms of the parties' settlement agreement. | See above. | Any alternative to sealing does not provide the protections required for such proprietary information, and Teva has proposed only redacting limited information in the impacted section. | None. |

| | • Footnote 14, the phrase "$4 million" | | | | |
|---|---|---|---|---|---|
| Ex. 1 (ECF No. 828-2)<br><br>Expert Report of Jeffrey J. Leitzinger, dated May 15, 2025 | • ¶ 8(c) and ¶ 8(d), in their entirety<br><br>• References to all dollar figures in ¶ 20<br><br>• ¶ 27, in its entirety<br><br>• ¶ 29, in its entirety<br><br>• ¶ 47, the phrase "$2.77"<br><br>• Exhibits 3, 8, 9, 11, 12A, 12B, and 13 in their entirety. | Teva requests sealing of the information because it reveals, contains, and/or reflects non-public, highly sensitive business information, including forecasts and other confidential pricing information. | See above. | See above. | None. |
| Ex. 2 (ECF No. 828-3)<br><br>Expert Report of Bruce Stangle, dated July 17, 2025 | • ¶ 4, language between "Under the settlement" to the end of the paragraph<br><br>• ¶ 51, language between "For example," to "lowest price per capsule." | Teva requests sealing of the information because it reveals, contains, and/or reflects non-public, highly sensitive business information, including confidential pricing information and the terms of the parties' settlement agreement. | See above. | See above. | None. |

| | • References to all dollar figures in: ¶¶ 86-115 <br><br> • Exhibits 2-5, 9, 12, 13, in their entirety | | | | |
|---|---|---|---|---|---|
| Ex. 3 (ECF No.828-4) <br><br> Expert Report of Steven Galson, dated July 17, 2025 | • ¶¶ 70-148, in their entirety | Teva requests sealing of the Confidential Materials that contain or reflect proprietary or technical information and/or trade secrets such as product formulations. In particular, the material contains non-public, highly sensitive information relating to Teva's ANDA for generic Effexor XR, including non-public information that has been submitted to FDA in connection with regulatory submissions. | See above. | See above. | None. |
| Ex. 4 (Dkt. No. 828-5) <br><br> WYEFFAT2299808-WYEFFAT2299865 | • The titles for the following sections in the Table of Contents:  1.14, | Teva requests sealing of the information because it reveals, contains, and/or reflects non-public, | See above. | Any alternative to sealing does not provide the protections required for such | None. |

| | 1.25-1.28, 1.35-1.38, 1.46, 1.52, 3.2-3.3, 13.1 | highly sensitive business information, including but not limited to the terms of the parties' settlement agreement. The proposed redactions are consistent with redactions applied to this document when it has been filed in other actions. Accordingly, the information that is to be redacted is presently confidential and unavailable to the public. | | proprietary information, and Teva has proposed only redacting limited information in the impacted section. Moreover, these redactions are consistent with those applied to this document n other actions. | |
|---|---|---|---|---|---|
| | • Section 1.11, language from "that in no event" to "Third Party Royalties," as well as the next reference to "Third Party Royalties" | | | | |
| | • Section 1.14, the words "IMS" and "set forth in Section 13.1" | | | | |
| | • Section 1.16, language from "(ii)" through the end of the paragraph | | | | |
| | • Section 1.24, language from "Teva provides a discount" through "prices of all such products." | | | | |
| | • Sections 1.25-1.29, in their entirety | | | | |

|  | <ul><li>Sections 1.35-1.38, in their entirety</li><li>Section 1.46, in its entirety</li><li>Section 1.52, in its entirety</li><li>Section 1.53, language from "(ii)" through the end of the section</li><li>Section 1.56, language from "there are no more" through the end of the section</li><li>Section 2.1.2, language from "Canada and Israel" through "withheld by Wyeth."</li><li>Section 2.1.4, the phrase "up to one (1) week before the IR Entry Date" and the phrase "from</li></ul> |  |  |  |

| | | | | |
|---|---|---|---|---|
| | the Settlement Date and thereafter." | | | |
| | • Section 2.1.5(i), language from "or controlled" through "reasonable efforts to obtain." | | | |
| | • Section 2.1.6, language from "so that Teva and its affiliates" through the end of the section | | | |
| | • Section 2.2.3, language from "Canada and Israel" through "will not be unreasonably withheld by Wyeth." | | | |
| | • Section 2.2.5, in its entirety | | | |
| | • Section 2.2.6, the phrase "up to one (1) week before the XR entry date" and the phrase "up to six (6) months | | | |

|  | before the XR entry date." |  |  |  |
|  | • Section 2.2.7(i), language from "or controlled" through "reasonable efforts to obtain." |  |  |  |
|  | • Section 2.2.8, language from "so that Teva and its affiliates" through the end of the section. |  |  |  |
|  | • Section 2.3, language from "In the event of a breach" through the end of the paragraph. |  |  |  |
|  | • Section 3.1.1, the phrase "twenty percent (20%)," and the language from "the payments to be made" through "use in the territory," as well as the language from "at least one Second Generic IR |  |  |  |

|  | Product" through the end of the section.<br><br>• From the chart under Section 3.1.2 through Section 3.3, inclusive, in their entirety.<br><br>• Section 3.4, the phrase "forty-five (45) days" and the phrase "thirty (30) days"<br><br>• Section 3.7, the phrase "twelve (12) months"<br><br>• Section 3.8, the phrases "three (3) years"; "twelve (12) months"; and "Third Party Royalties"<br><br>• Section 4.1.1, language from "Teva obtains final approval" through "IR Product prior to the IR Entry Date," and the language |  |  |  |
|---|---|---|---|---|

| | | | | | |
|---|---|---|---|---|---|
| | from "(ii) five (5) business days" through "June 15, 2006"<br><br>• Section 4.1.2, language from "Teva obtains final approval" through "IR Product prior to the XR Entry Date," and the language from "(ii) five (5) business days" through "July 1, 2010<br><br>• Section 6.2, language from "Wyeth shall have the sole right" through the end of the paragraph<br><br>• Section 6.3, language from "Notwithstanding the foregoing" through "maintain such Paragraph IV certifications." | | | | |

| | | | | |
|---|---|---|---|---|
| | • Section 7.1, the phrase "ten (10) years" <br><br> • Sections 10.1 through 10.2.3, in their entirety. <br><br> • Section 13.1, in its entirety <br><br> • Exhibit 1.11, language between "Inert raw materials" through "bottles, caps, labels, etc."; language between "which are directly identifiable" through "profit sharing"; language from "Non-direct costs" through "supervision and production support"; and language from "Testing Costs" through the end of the page. | | | |

| DPPs Reply in Support of Class Certification, dated September 25, 2025 | | | | | |
|---|---|---|---|---|---|
| Ex. 39 (ECF No. 838-1)<br><br>Rebuttal Report of Jeffrey J. Leitzinger, dated September 18, 2025 | • Footnote 17, in its entirety<br><br>• References to all dollar figures in: ¶ 41, Table 1; ¶ 43; ¶ 60-61 & Fig. 3<br><br>• Exhibits 6A, 6B, 7A, 7B, 8A, 8B, and 8C, in their entirety | Teva requests sealing of the information because it reveals, contains, and/or reflects non-public, highly sensitive business information, including but not limited to the terms of the parties' settlement agreement. | See above. | Any alternative to sealing does not provide the protections required for such proprietary information, and Teva has proposed only redacting limited information in the impacted section. | None. |
| Ex. 40 (ECF No. 838-2)<br><br>Deposition transcript of Bruce Stangle, dated September 9, 2025 | • 51:17-69:6, references to all dollar figures<br><br>• 58:14-22, in its entirety<br><br>• 59:5-11, in its entirety | Teva requests sealing of the information because it reveals, contains, and/or reflects non-public, highly sensitive business information. | See above. | See above. | None. |
| Ex. 41 (ECF No. 838-3)<br><br>Expert Report of Bruce Stangle, dated July 17, 2025 | • ¶ 4, language between "Under the settlement" to the end of the paragraph<br><br>• ¶ 51, language between "For | Teva requests sealing of the information because it reveals, contains, and/or reflects non-public, highly sensitive business information, including confidential | See above. | See above. | None. |

| | | | | | |
|---|---|---|---|---|---|
| | example," to "lowest price per capsule."<br><br>• References to all dollar figures in: ¶¶ 86-115<br><br>• Exhibits 2-5, 9, 12, 13, in their entirety | pricing information and the terms of the parties' settlement agreement. | | | |
| Ex. 64 (ECF No. 838-7)<br><br>Rebuttal Report of Thomas G. McGuire, dated September 18, 2025 | • Table 1, the phrase "provides Wyeth royalties" and the phrase "My calculations accounted for royalties – Wyeth makes a payment net of royalties"<br><br>• ¶ 16, in its entirety<br><br>• Footnote 30, in its entirety<br><br>• ¶ 20, the phrase "the royalty terms applying during the next five months" | Teva requests sealing of the information because it reveals, contains, and/or reflects non-public, highly sensitive business information, including an analysis of the terms of the parties' settlement agreement. | See above. | See above. | None. |

|  | <ul><li>¶ 28, the phrase "receiving royalties on Teva's sales"</li><li>Footnote 63, in its entirety</li><li>Footnote 83, the phrase "royalty rates and the phrase "assuming a 60% profit split to Teva"</li><li>¶ 48, the phrase "royalty clauses"</li><li>Footnote 98, in its entirety</li><li>¶ 53, language from "(iii)" through the end of the paragraph</li><li>¶¶ 56-59, in their entirety</li><li>Footnotes 111-114, in their entirety</li><li>Reply Attachments D, F, and I, in their entirety</li></ul> |  |  |  |
|---|---|---|---|---|

| Ex. 65 (ECF No. 838-8)<br><br>Rebuttal Report of Daisy Rivera-Muzzio, dated September 18, 2025 | • ¶¶ 15-85, in their entirety | Teva requests sealing of the Confidential Materials that contain or reflect proprietary or technical information, including non-public information that has been submitted to FDA in connection with regulatory submissions. | See above. | Teva seeks to redact the entire analysis surrounding its regulatory filings and launch strategies. No less restrictive alternative is available or practicable. | None. |
|---|---|---|---|---|---|
| **Letter from DPPs re Leave to Supplement, dated October 28, 2025** | | | | | |
| Ex. 1 (ECF No. 849-1)<br><br>Supplemental Report of Jeffrey J. Leitzinger, dated October 8, 2025 | • ¶¶ 4-5, the phrases "$1 million" and "$500,000"<br><br>• Exhibits 7A, 8A, and 8B, in their entirety | Teva requests sealing of the information because it reveals, contains, and/or reflects non-public, highly sensitive business information. | See above. | Any alternative to sealing does not provide the protections required for such proprietary information, and Teva has proposed only redacting limited information in the impacted section. | None. |

**APPENDIX A.3**

**MCKESSON'S INDEX IN SUPPORT OF JOINT MOTION TO SEAL**

| Material | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|
| **July 17, 2025 Expert Report of Bruce E. Stangle, filed at ECF Nos. 828-3, 838-2** | | | | |
| Expert Report of Bruce Stangle (ECF Nos. 828-3, 838-2), p. 38 n.92; citation to and quotation of Deposition of Christian Gordon at 47:3-8 | McKesson requests the sealing of confidential business information regarding pricing and fees, the disclosure of which would provide insight into the proprietary business strategy of McKesson. | If filed on the public docket, the information would reveal McKesson's confidential and proprietary information regarding prices, which is sensitive and protected business information pertaining to its methods and strategies. Disclosure of this confidential information would harm McKesson's business relationships and would give competitors a competitive advantage. | McKesson's request for redaction is limited to the citation to and quotation from the deposition, which is the information that will reveal its confidential business information. | McKesson is not aware of any prior orders sealing the same or related material, nor is McKesson aware of any objection to the requested redaction. |