UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY
TO BE FILED UNDER SEAL
SUBJECT TO PROTECTIVE ORDER

| | |
|---|---|
| **In re EFFEXOR XR ANTITRUST LITIGATION**<br><br>This Document Relates To:<br>Direct Purchaser Actions | Master Docket No.<br>3:11-cv-05479 (ZNQ-JBD) |

**SUPPLEMENTAL REPORT OF JEFFREY J. LEITZINGER, PH.D.**

Econ ONE Research, Inc.

October 8, 2025

550 South Hope St., Suite 1085
Los Angeles, CA 90071

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY                                    10/8/2025

1. I am the same Jeffrey J. Leitzinger that previously submitted two expert reports in this case.[1]  A summary of my experience and qualifications was contained in my previous Reports.  An updated summary of my training, past experience, and prior testimony is shown in Exhibit 1.

2. Since filing my Rebuttal Report, Dr. Keith Leffler, the expert for the Retailer Plaintiffs, provided updated calculations of overcharges in his rebuttal report.[2]  As discussed in my Rebuttal Report, I use the overcharge per unit from Dr. Leffler's calculations to remove the overcharges associated with the Retailer Plaintiffs' assignments from certain Class members.[3]  Using the same methodologies and Scenarios discussed in my earlier Reports I have revised my calculations of overcharges incurred by the Class[4] excluding Retailer Plaintiffs' overcharges to account for Dr. Leffler's revised overcharge calculations.[5]

---

[1] See Expert Report of Jeffrey J. Leitzinger, Ph.D., dated May 15, 2025 ("Report" or "Leitzinger Report"); Rebuttal Report of Jeffrey J. Leitzinger, Ph.D., dated September 18, 2025 ("Rebuttal Report" or "Leitzinger Rebuttal Report").

[2] My staff and I have received and reviewed the work papers provided by Dr. Leffler.  Rebuttal Report of Keith Leffler, Ph.D., dated September 18, 2025.  Retailer Plaintiffs include Walgreen Co., The Kroger Co. (including Peytons), Safeway, Inc., United Natural Foods, Inc. f/k/a Supervalu Inc., H-E-B, L.P. f/k/a HEB Grocery Company, L.P., American Sales Company, Inc., Rite Aid Corporation, Rite Aid Hdqtrs. Corporation, JCG (PJC) USA, LLC, Maxi Drug, Inc. d/b/a/ Brooks Pharmacy, Eckerd Corporation, Meijer, Inc., Meijer Distribution, Inc., Giant Eagle, Inc., CVS Caremark Corporation (including Caremark and Omnicare), and Duane Reade.

[3] Rebuttal Report, ¶ 71.

[4] I understand from Counsel that for purposes of my analysis the Class is defined as:  All persons or entities in the United States and its territories who purchased Effexor XR and/or AB-rated generic versions of Effexor XR directly from Wyeth or Teva at any time during the period June 14, 2008 through and until May 31, 2011 (the "Class Period").

Excluded from the Direct Purchaser Class are Wyeth and Teva and their officers, directors, management, employees, subsidiaries, or affiliates, all governmental entities, and all persons or entities that purchased Effexor XR directly from Wyeth during the Class Period that did not also purchase generic Effexor XR directly.

[5] As I stated my Rebuttal Report, I have removed overcharges on Retailer Plaintiffs' direct purchase volumes and their purchase volumes from Class members AmerisourceBergen, Cardinal Health, McKesson, and Frank W. Kerr that were covered by assignments from those Class members.  Rebuttal Report, fns. 87, 90.



HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY                                       10/8/2025

3. Class overcharges excluding Retailer Plaintiffs' overcharges for each entry scenario included in my Report are shown in Updated Exhibits 7A and 7B.[6] Using Dr. Leffler's revised overcharge calculations causes Class overcharges (excluding Retailer Plaintiffs' overcharges) to decrease by less than 0.1 percent for every scenario as compared to the overcharge calculations in my Rebuttal Report (that also excluded the Retailer Plaintiffs' overcharges).

4. Updated Exhibits 8A and 8B show updated prospective recoveries for each Class member under Scenarios 1 and 9 using the same allocation method used for Exhibits 8A – 8C of my Rebuttal Report. As shown in Updated Exhibit 8A, under Scenario 1, 30 Class members have trebled prospective recoveries that are less than expenses in Nexium ($3.7 million); 13 Class members have trebled prospective recoveries below ███████; and 9 Class members have trebled prospective recoveries below ███████. These counts have not changed from my Rebuttal Report.

5. As shown in Updated Exhibit 8B, under Scenario 9, 34 Class members have trebled prospective recoveries that are less than expenses in Nexium ($3.7 million); 17 Class members have trebled prospective recoveries below $1 million; and 10 Class members have trebled prospective recoveries below $500,000. These counts have not changed from my Rebuttal Report.

6. Updated Exhibits 8A and 8B also show updated estimated claim values assuming a 50 percent or 33 percent chance that the Class would prevail and obtain overcharges equal to three times the overcharges I calculated, assuming each Class member's trebled prospective claim would be 50 percent or 33 percent of these amounts, respectively. Exhibit 8C of my Rebuttal Report has not changed.

_Jeffrey J. Leitzinger_

Jeffrey J. Leitzinger, Ph.D.
October 8, 2025

---

[6] I use the same exhibit numbers in this report as I used in my Rebuttal Report, designating them as "Updated" for this Supplemental Report. I can adjust my calculations should additional or different Plaintiffs opt out of or be excluded from the Class, or should Dr. Leffler's calculations change in any way.





**Dr. JEFFREY J. LEITZINGER**
*Managing Director*
**Los Angeles, California**
**Tel: 213 624 9600**

**EDUCATION**

Ph.D., Economics, University of California, Los Angeles
M.A., Economics, University of California, Los Angeles
B.S., Economics, Santa Clara University

**WORK EXPERIENCE**

*Econ One Research, Inc.*, 1997 to date
    Board Chairman and Managing Director, 2018 to date
    Management Committee Chair, 2012-2018
    President and CEO, 1997-2011
    Founder, 1997

*Micronomics, Inc.,* 1988-1997
    President and CEO, 1994-1997
    Executive Vice President, 1988-1994
    Cofounder, 1988

*National Economic Research Associates, Inc. 1980-1988*
    (Last position was Senior Vice President and member of the Board of Directors)

*California State University, Northridge*, Lecturer, 1979-1980

**BOARD EXPERIENCE**

Board of Visitors, UCLA Department of Economics, 2018-present
California United Bank, 2015-2017
Advisory Board Member, American Antitrust Institute, 2013-present
Bolton & Company, 2006-present
First Enterprise Bank, 2006-2015
Blind Children's Center, 2005-present

**Dr. Jeffrey J. Leitzinger**
*Managing Director*                                                                                              Page 2 of 9

**AREAS OF EXPERTISE**

Has offered expert testimony regarding:

- Competition economics
- Commercial damages
- Econometrics and statistics
- Intellectual property
- Valuation

**INVITED PRESENTATIONS**

Some Implications of Tyson for Econometric Models in Class Action Antitrust Cases, *American Bar Association,* 65th Antitrust Law Spring Meeting, March 2017.

Where Are We on Class Certification? Examples from Health Care and Pharmaceutical Cases, *ABA Section of Antitrust Law, Health Care and Pharmaceuticals and Civil Practice and Procedure and Trial Practice Committees*, March 2016.

Corporations & Cartels: Should You Be a Plaintiff?, *American Bar Association,* 62nd Antitrust Law Spring Meeting, March 2014.

Developments in Antitrust Cases Alleging Delayed Generic Competition in the Pharmaceutical Industry, *American Antitrust Institute,* 5th Annual Future of Private Antitrust Enforcement Conference, December 2011.

Class Certification and Calculation of Damages, *American Bar Association*, Section of Antitrust Law and *International Bar Association*, 8th International Cartel Workshop, February 2010.

Class Certification Discussion and Demonstration, *American Bar Association,* Section of Antitrust Law, The Antitrust Litigation Course, October 2007.

Antitrust Injury and the Predominance Requirement in Antitrust Class Actions, *American Bar Association*, Houston Chapter, April 2007.

Class Certification Discussion and Demonstration, *American Bar Association,* Section of Antitrust Law, The Antitrust Litigation Course, October 2005.

**INVITED PRESENTATIONS** (cont'd.)

What Can an Economist Say About the Presence of Conspiracy?, *American Bar Association,* Antitrust Law, The Antitrust Litigation Course, October 2003.

Lessons from Gas Deregulation, *International Association for Energy Economics,* Houston Chapter, December 2002.

A Retrospective Look at Wholesale Gas Industry Restructuring, *Center for Research in Regulated Industries*, 20th Annual Conference of the Advanced Workshop in Regulation and Competition, May 2001.

The Economic Analysis of Intellectual Property Damages, *American Conference Institute,* 6th National Advanced Forum, January 2001.

Law and Economics of Predatory Pricing Under Federal and State Law, *Golden State Antitrust and Unfair Competition Law Institute*, 8th Annual Meeting, October 2000.

Non-Price Predation--Some New Thinking About Exclusionary Behavior, *Houston Bar Association*, Antitrust and Trade Regulation Section, October 2000.

After the Guilty Plea: Does the Defendant Pay the Price in the Civil Damage Action, *American Bar Association*, Section of Antitrust Law, 48th Annual Spring Meeting, April 2000.

Economics of Restructuring in Gas Distribution, *Center for Research in Regulated Industries*, 12th Annual Western Conference, July 1999.

A Basic Speed Law for the Information Superhighway, *California State Bar Association*, December 1998.

Innovation in Regulation, *Center for Research in Regulated Industries*, 11th Annual Western Conference, July/September 1998.

Electric Industry Deregulation: What Does the Future Hold?, *Los Angeles Headquarters Association,* November 1996.

Why Deregulate Electric Utilities?, *National Association of Regulatory Utility Commissioners*, November 1995.

Restructuring U.S. Power Markets: What Can the Gas Industry's Experience Tell Us?, *National Association of Regulatory Utility Commissioners*, July 1995.

**INVITED PRESENTATIONS** (cont'd.)

<u>Natural Gas Restructuring: Lessons for Electric Utilities and Regulators</u>, *International Association for Energy Economics*, May 1995.

<u>Techniques in the Direct and Cross-Examination of Economic, Financial, and Damage Experts</u>, *The Antitrust and Trade Regulation Law Section of the State Bar of California and The Los Angeles County Bar Association*, 2nd Annual Golden State Antitrust and Trade Regulation Institute, October 1994.

<u>Demonstration: Deposition of Expert Witnesses and Using Legal Technology</u>, *National Association of Attorneys General*, 1994 Antitrust Training Seminar, September 1994.

<u>Direct and Cross Examination of Financial, Economic, and Damage Experts</u>, *The State Bar of California, Antitrust and Trade Regulation Law Section,* May 1994.

<u>Price Premiums in Gas Purchase Contracts</u>, *International Association for Energy Economics,* October 1992.

<u>Valuing Water Supply Reliability</u>, *Western Economic Association,* Natural Resources Section*,* July 1992.

<u>Transportation Services After Order 636: "Back to the Future" for Natural Gas</u>, Seminar sponsored by Jones, Day, Reavis & Pogue, May 1992.

<u>The Cost of an Unreliable Water Supply for Southern California</u>, Forum presented by Micronomics, Inc., May 1991.

<u>Market Definition: It's Time for Some "New Learning"</u>, *Los Angeles County Bar Association,* Antitrust and Corporate Law Section, December 1989.

<u>Market Definition in Antitrust Cases: Some New Thinking</u>, *Oregon State Bar,* Antitrust Law Section*,* March 1987.

<u>Future Directions for Antitrust Activity in the Natural Gas Industry</u>, *International Association of Energy Economists*, February 1987.

<u>Information Externalities in Oil and Gas Leasing</u>, *Western Economic Association Meetings*, Natural Resources Section, July 1983.

<u>Economic Analysis of Offshore Oil and Gas Leasing</u>, *Western States Land Commissioners Association*, December 1982.

## PUBLISHED ARTICLES

"Statistical Significance and Statistical Error in Antitrust Analysis," *Antitrust Law Journal*, Volume 81, Issue 2, July 2017.

"The Predominance Requirement for Antitrust Class Actions--Can Relevant Market Analysis Help?," American Bar Association, Section of Antitrust Law, *Economics Committee Newsletter*, Volume 7, No. 1, Spring 2007.

"A Retrospective Look at Wholesale Gas: Industry Restructuring," *Journal of Regulatory Economics,* January 2002.

"Balance Needed in Operating Agreements as Industry's Center of Gravity Shifts to State Oil Firms," *Oil & Gas Journal*, October 2000.

"What Can We Expect From Restructuring In Natural Gas Distribution?" *Energy Law Journal*, January 2000.

"Gas Experience Can Steer Power Away from Deregulation Snags," *Oil & Gas Journal,* August 1996.

"Anatomy of FERC Order 636: What's out, What's in," *Oil & Gas Journal*, June 1992.

"Antitrust II – Future Direction for Antitrust in the Natural Gas Industry," *Natural Gas*, November 1987.

"Information Externalities in Oil and Gas Leasing," *Contemporary Policy Issues*, March 1984.

"Regression Analysis in Antitrust Cases: Opening the Black Box," *Philadelphia Lawyer*, July 1983.

"Foreign Competition in Antitrust Law," *The Journal of Law & Economics*, April 1983.

## REGULATORY SUBMISSIONS

<u>In the Matter of the Application of Southern California Gas Company Regarding Year Six (1999-2000) Under its Experimental Gas Cost Incentive Mechanism and Related Gas Supply Matters; A.00-06-023</u>, Public Utilities Commission of the State of California, November 2001.

**Dr. Jeffrey J. Leitzinger**
*Managing Director*                                                                                       Page 6 of 9

## REGULATORY SUBMISSIONS (cont'd.)

<u>Sempra Energy and KN Energy, Incorporation; Docket No. EC99-48-000</u> (Affidavit and Verified Statement), Federal Energy Regulatory Commission, March/May 1999.

<u>Rulemaking on the Commission's Own Motion to Assess and Revise the Regulatory Structure Governing California's Natural Gas Industry</u> (Market Conditions Report), Public Utilities Commission of the State of California, July 1998.

<u>In the Matter of the Application of Pacific Enterprises, Enova Corporation, et al. for Approval of a Plan of Merger Application No. A. 96-10-038</u>, Public Utilities Commission of the State of California, August/October 1997.

<u>In re: Koch Gateway Pipeline Company; Docket No. RP 97-373-000</u>, Federal Energy Regulatory Commission, May/October 1997 and February 1998.

<u>In the Matter of the Application of Sadlerochit Pipeline Company for a Certificate of Public Convenience and Necessity; Docket No. P-96-4</u>, Alaska Public Utilities Commission, May 1996.

<u>Public Funding of Electric Industry Research, Development, and Demonstration (RD&D) Under Partial Deregulation,</u> California Energy Commission, January 1995.

<u>NorAm Gas Transmission Company; Docket No. RP94-343-000</u>, Federal Energy Regulatory Commission, August 1994/June 1995.

<u>Natural Gas Vehicle Program; Investigation No. 919-10-029</u>, California Public Utilities Commission, July 1994.

<u>Transcontinental Gas Pipe Line Corporation; Docket No. RP93-136-000</u> (Proposed Firm-to-the-Wellhead Rate Design), Federal Energy Regulatory Commission, January 1994.

<u>In re: Sierra Pacific's Proposed Nomination for Service on Tuscarora Gas Pipeline; Docket No. 93-2035</u>, The Public Service Commission of Nevada, July 1993.

<u>Employment Gains in Louisiana from Entergy-Gulf States Utilities Merger</u>, Louisiana Public Utilities Commission, December 1992.

<u>Employment Gains to the Beaumont Area from Entergy-Gulf States Utilities Merger</u>, Texas Public Utilities Commission, August 1992.

## REGULATORY SUBMISSIONS (cont'd.)

Transcontinental Gas Pipe Line Corporation; Docket No. RS 92-86-000 (Affidavit regarding Transco's Proposed IPS Service), Federal Energy Regulatory Commission, June 1992.

In Re: Pipeline Service Obligations; Docket No. RM91-11-000; Revisions to Regulations Governing Self-Implementing Transportation Under Part 284 of the Commission's Regulations; Docket No. RM91-3-000; Revisions to the Purchased Gas Adjustment Regulations; Docket No. RM90-15-000, Federal Energy Regulatory Commission, May 1991.

In the Matter of Natural Gas Pipeline Company of America; Docket No. CP89-1281 (Gas Inventory Charge Proposal), Federal Energy Regulatory Commission, January 1990.

In the Matter of United Gas Pipeline Company, UniSouth, Cypress Pipeline Company; Docket No. CP89-2114-000 (Proposed Certificate of Storage Abandonment by United Gas Pipeline Company), Federal Energy Regulatory Commission, December 1989.

In the Matter of Tennessee Gas Pipeline Company; Docket No. CP89-470 (Gas Inventory Charge Proposal), Federal Energy Regulatory Commission, July 1989.

In the Matter of Take-Or-Pay Allocation Proposed by Mississippi River Transmission Corporation, Federal Energy Regulatory Commission, March 1988.

In the Matter of Natural Gas Pipeline Company of America: Docket No.RP87-141-000 (Gas Inventory Charge Proposal), Federal Energy Regulatory Commission, December 1987.

In the Matter of Application of Wisconsin Gas Company for Authority to Construct New Pipeline Facilities; 6650-CG-104, Public Service Commission, State of Wisconsin, August 1987.

Trans-Alaska Pipeline System: Docket Nos. OR 78-1-014 and OR 78-1-016 (Phase 1 Remand), Federal Energy Regulatory Commission, October 1983.

Econ One Research, Inc.
Los Angeles, California
Page 8 of 9

**Dr. Jeffrey Leitzinger**
**November 2021 – October 2025**

| | Proceeding | Court/Commission/Agency | Docket or File |
|---|---|---|---|
| 1. | In Re: Rail Freight Surcharge Antitrust Litigation | U.S. District Court, District of Columbia | Case No. 1:07-MC-00489 |
| 2. | In re: Opana ER Antitrust Litigation | U.S. District Court, Northern District of Illinois | Civil Action No. 14-cv-10150 |
| 3. | In re: Keurig Green Mountain Single-Serve Coffee Antitrust Litigation | U.S. District Court, Southern District of New York | No. 1:14-md-02542 (VSB) (SLC)<br>No. 1:19-cv-00325 (VSB) |
| 4. | International Construction Products, LLC v. Caterpillar Inc., Komatsu America Corp., Associated Auction Services, LLC doing business as Cat Auction Services. | U.S. District Court, District of Delaware | C.A. No. 15-108-RGA |
| 5. | In re: Novartis and Par Antitrust Litigation | U.S. District Court, Southern District of New York | Case No. 1:18-cv-04361-AKH |
| 6. | Toll Brothers, Inc. and Porter Ranch Development Company v. Sempra Energy, Southern California Gas Company, et al. | Superior Court of the State of California, County of Los Angeles, Central Civil West | Case No. BC674622 |
| 7. | David, et. al. v. Bread Company, Limited, et. al. | Ontario Supreme Court of Justice | CV-17-586063-00CP |
| 8. | Pacific Steel Group v. Commercial Metals Company, et al. | U.S. District Court, Northern District of California, Oakland Division | No. 4:20-cv-07683-HSG |
| 9. | In re: Generic Pharmaceuticals Pricing Antitrust Litigation | U.S. District Court, Eastern District of Pennsylvania | MDL 2724 16-MD-724 |
| 10. | Panini America, Inc. v. National Football League Players Incorporated | American Arbitration Association | AAA Case No. 01-23-0003-7163 |

Econ One Research, Inc.
Los Angeles, California
Page 9 of 9

**Dr. Jeffrey Leitzinger**
**November 2021 – October 2025**

| | **Proceeding** | **Court/Commission/ Agency** | **Docket or File** |
|---|---|---|---|
| 11. | Giang Bui, v. Cargill Incorporated, et al. | Supreme Court of British Columbia | No. S-221365 |
| 12. | Team Schierl Companies, et al. v Aspirus, Inc. and Aspirus Network, Inc. | U.S. District Court, Western District Court of Wisconsin | Civil Action No. 3:22-cv-00580-jdp |

SUPPLEMENTAL REPORT



**Updated Exhibit 7B**
**Range of Aggregate Class Overcharges**
**Excluding Retailer Plaintiffs' Overcharges**

Note: See Leitzinger Report Exhibit 10 for details regarding the but-for entry scenarios.

Source: Manufacturer data; Medi-Span WAC data; manufacturer forecasts (see Appendix A), Dr. Leffler Work Papers.

SUPPLEMENTAL REPORT

SUPPLEMENTAL REPORT

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

SUPPLEMENTAL REPORT