# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re Effexor XR Antitrust Litigation<br><br><br>This Document Relates To:<br><br>All Actions | Master Docket No.<br><br>3:11-cv-05479 (ZNQ/JBD) |

## <u>ORDER GRANTING JOINT MOTION TO SEAL</u>

**THIS MATTER** having come before the Court by way of motion by counsel for Direct Purchaser Plaintiffs Rochester Drug Co-Operative, Inc., Stephen L. LaFrance Holdings, Inc. d/b/a SAJ Distributors, and Uniondale Chemists, Inc. (collectively, "DPPs") and Defendants Teva Pharmaceuticals USA, Inc. and Teva Pharmaceuticals Industries, Ltd. (collectively, "Teva" or "Defendant," and together with DPPs, the "Parties") to seal portions of the briefing on DPPs' Motion for Class Certification and the exhibits thereto (Dkt Nos. 819, 828, and 838) pursuant to Local Civil Rule 5.3, and the Court having considered the written submissions of the parties and having determined that this action involves allegations requiring the disclosure of confidential and proprietary information and for other and good cause having been shown, the Court makes the following findings and conclusions:

**FINDINGS OF FACT**

1.      Through discovery in this case, the parties have produced confidential information and documents, the public disclosure of which would affect legitimate business interests.  To protect the confidentiality of this information, the parties agreed to maintain the confidentiality of any materials produced pursuant to the Discovery Confidentiality Order ("DCO") entered on August 23, 2013, at ECF No. 244 (as modified by Order Modifying Discovery Confidentiality Order entered on January 23, 2019, at ECF No. 572). The parties now move to seal or redact certain of those materials (the "Confidential Material").

2.      The DCO allows the parties to designate information as "Confidential" or "Highly Confidential."  The DCO acknowledges that the parties will exchange documents that contain confidential information, and strictly limits access to these documents.  The DCO further provides that a party wishing to use material designated as "Confidential" or "Highly Confidential" must move pursuant to Local Civil Rule 5.3(c) to seal the submission.  Lastly, the DCO provides that "[i]f the Party wishing to use the Confidential Information is not the proponent of the confidentiality designation, it will be sufficient grounds to state that the material has been designated as Confidential Information by the Producing Party or Non-Party" and "must indicate whether the opposing Party assents to the motion."  The

1

document(s) that the parties seek to seal contain information that may be designated "Confidential" by one or more of the parties in this Action.

3. The Confidential Material contains and/or reflects information that the parties have designated as "Highly Confidential" pursuant to the DCO. Under the DCO, information designated as "Highly Confidential" is "nonpublic, highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the Producing Party's or Non-Party's business or competitive position," including "agreements with third parties." None of the parties oppose any of the redaction or sealing proposals outlined in the motion to seal.

4. In particular, the Confidential Material discloses the parties' proprietary, competitively sensitive, and otherwise confidential information, which is regarded as proprietary, maintained as confidential, and not otherwise disseminated to the public.

5. The DCO entered in this matter provides for the confidential treatment of this type of proprietary information. Plaintiffs and Defendants, parties to this antitrust case, have a legitimate interest in maintaining the confidentiality of their commercially and competitively sensitive business information and strategies. Plaintiffs and Defendants would be seriously injured if the Confidential Material were to be disclosed, as information which was not intended to be seen by

2

competitors would be available for review and potential use against the parties. Moreover, competitors (actual and potential) in the highly competitive pharmaceutical industry, who are not parties to this action, would have access to the information. There is no less restrictive alternative to the sealing of the Confidential Material because the parties seek only narrow redactions where possible, but otherwise seek to retain sealing for materials designated in their entirety as "Highly Confidential."

6. The parties have complied with the terms of the DCO and Local Civil Rule 5.3(c) by moving to seal the Confidential Material.

## CONCLUSIONS OF LAW

1. Upon consideration of the papers submitted in support of the motion, and the materials that may contain confidential information, the Court concludes that the parties have met their burden of proving under Local Civil Rule 5.3 and applicable case law that the Confidential Material is highly confidential or confidential and entitled to protection. There exists in civil cases a common law public right of access to judicial proceedings and records. *Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 192 (3d Cir. 2001) (citing *Littlejohn v. BIC Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988)). The party seeking to seal any part of a judicial record bears the burden of demonstrating that "the material is the kind of information that courts will protect." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d

3

Cir. 1994) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)).  This Court has the power to seal where confidential information may be disclosed to the public.  Fed. R. Civ. P. 26(c)(1)(G) allows the court to protect materials containing "trade secret[s] or other confidential research, development, or commercial information[,]" upon motion by a party, to prevent harm to a litigant's competitive standing in the marketplace.  *See Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 529 F. Supp. 866, 889-91 (E.D. Pa. 1981).  Additionally, courts in this District have held that the inclusion of trade secrets and other Confidential Material in documents warrants the sealing of such documents.  "A well-settled exception to the right of access is the 'protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm.'"  *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 664 (D.N.J. 2004) (citation omitted).  As such, "[t]he presence of trade secrets or other confidential information weighs against public access and, accordingly, documents containing such information may be protected from disclosure."  *Id.* (citations omitted).

2.    Local Civil Rule 5.3(c) places the burden of proof on the moving party or parties as to why a motion to seal or otherwise restrict public access should be granted.  Specifically, it requires a showing of: (1) the nature of the materials or proceedings at issue; (2) the legitimate private or public interest which warrants the relief sought; (3) the clearly defined and serious injury that would result if the relief

4

sought is not granted, and (4) why a less restrictive alternative to the relief sought is not available.

3.      The Court has reviewed the information in the parties' submission and finds the proposed redactions reasonable and narrowly tailored, that the motion satisfies the standards set forth in Local Civil Rule 5.3(c), and that there is no less restrictive alternative to sealing the Confidential Material.

**IT IS** on this 25th day of March, 2026,

**ORDERED** as follows:

1.      The Confidential Material contains the following confidential information:

**<u>Documents to Seal in Entirety</u>**

- Exhibits 7, 11-12, and 16 to the Declaration of Matthew F. Gately, dated May 22, 2025, (ECF Nos. 819-7; 819-11 to 819-12; 819-16).

**<u>Documents With Proposed Redactions</u>**

- Memorandum of Law in Support of DPPs' Motion for Class Certification, dated May 22, 2025 (ECF No. 819-00)

- Exhibit 1 to the Declaration of Matthew F. Gately, dated May 22, 2025 (ECF Nos. 819-1)

- Exhibit 2 to the Declaration of Matthew F. Gately, dated May 22, 2025 (ECF No. 819-2)

- Exhibit 3 to the Declaration of Matthew F. Gately, dated May 22, 2025 (ECF No. 819-3)

- Exhibit 14 to the Declaration of Matthew F. Gately, dated May 22, 2025 (ECF Nos. 819-14)

- Teva's Opposition to DPPs' Motion for Class Certification, dated July 24, 2025 (ECF No. 828-00)

- Exhibit 1 to the Declaration of Kevin Neylan, dated July 24, 2025 (ECF Nos. 828-2)

- Exhibit 2 to the Declaration of Kevin Neylan, dated July 24, 2025 (ECF Nos. 828-3)

- Exhibit 3 to the Declaration of Kevin Neylan, dated July 24, 2025 (ECF No. 828-4)

- Exhibit 4 to the Declaration of Kevin Neylan, dated July 24, 2025 (ECF No. 828-5)

- Exhibit 39 to the Declaration of Matthew F. Gately, dated September 25, 2025 (ECF Nos. 838-1)

- Exhibit 40 to the Declaration of Matthew F. Gately, dated September 25, 2025 (ECF Nos. 838-2)

- Exhibit 41 to the Declaration of Matthew F. Gately, dated September 25, 2025 (ECF Nos. 838-3)

- Exhibit 64 to the Declaration of Matthew F. Gately, dated September 25, 2025 (ECF No. 838-7)

- Exhibit 65 to the Declaration of Matthew F. Gately, dated September 25, 2025 (ECF No. 838-8)

- Exhibit 1 to Letter from DPPs re Leave to Supplement (ECF No. 849-1)

2.      The Court further finds that Plaintiffs and Defendants would suffer substantial and specific harm, including but not limited to, potential financial damage through the divulgence of such highly confidential or confidential information, that the public interest weighs in favor of the information remaining confidential and being sealed, and that no less restrictive alternative exists to the

6

sealing of the Confidential Material because the parties seek narrow redactions where possible and otherwise simply seek to seal materials that are designated as "Highly Confidential" by the parties.

3.      Therefore, the parties' Omnibus Motoin pursuant to Local Civil Rule 5.3(c) to Seal the Confidential Material is **GRANTED**.

4.      The Clerk is **DIRECTED** to permanently **SEAL** [Dkts. 819, 819-1, 819-2, 819-3, 819-7, 819-11, 819-12, 819-14, 819-16, 828, 828-2, 828-3, 828-4, 828-5, 838-1, 838-2, 838-3, 838-7, 838-8, and 849-1].

5.      The Clerk also shall permanently **SEAL** the parties' joint index submitted in support of the motion [Dkt. 855-4].

6.      The Clerk shall **TERMINATE** the motion docketed at [Dkt. 855].

_____

J. BRENDAN DAY
UNITED STATES MAGISTRATE JUDGE

7