KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

601 Lexington Avenue
New York, NY 10022
United States

Devora W. Allon, P.C.
To Call Writer Directly:
+1 212 446 5967
devora.allon@kirkland.com

+1 212 446 4800

Facsimile:
+1 212 446 4900

www.kirkland.com

September 1, 2026

The Honorable Zahid N. Quraishi
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Courtroom 4W
Trenton, NJ 08608

Re: *In re Effexor XR Antitrust Litigation*, No. 3:11-cv-05479 (ZNQ/JBD)

Dear Judge Quraishi:

Teva submits this response to the notice of supplemental authority that was filed by the Direct Purchaser Plaintiffs ("DPPs") on August 26, 2026. To the extent DPPs suggest that the Court should consider waiting to decide DPPs' pending class certification motion until after the Third Circuit issues its decision in the *Generics* Rule 23(f) appeal, Teva agrees that such an approach may be prudent given the number of overlapping issues between the two cases. Teva respectfully notes, however, that there are differences between the cases that could render class certification inappropriate in this case, even if the Third Circuit were to affirm the district court's grant of class certification in *Generics*.

For example, with respect to DPPs' burden to prove the impracticability of joinder, there are more class members in *Generics* than in this case (69 and 128 class members in *Generics*, compared to, at most, 66 class members here); the *Generics* appeal stems from a sprawling bellwether MDL that, the district court emphasized, was "uniquely complex, both factually and procedurally," compared to cases where class certification was denied, *see In re Generic Pharmaceuticals Pricing Antitrust Litig.*, 2025 WL 754546, at *5-6 (E.D. Pa. Mar. 7, 2025); and the district court in *Generics* did not address the possibility that class counsel was proceeding under a contingency fee arrangement, whereas here, class counsel has confirmed that DPPs are being represented "on a purely contingent basis," *see* ECF 740-1, at 17; ECF 740-2, ¶6, which courts have held weighs against a finding that class members would lack the ability and motivation to proceed by joinder, *see, e.g.*, *In re Zetia (Ezetimibe) Antitrust Litig.*, 2022 WL 1577219, at *20 (E.D. Va. Jan. 25, 2022); *King Drug Co. of Florence, Inc. v. Cephalon, Inc.*, 2017 WL 3705715, at *10 (E.D. Pa. Aug. 28, 2017); *In re Androgel Antitrust Litig.*, 2018 WL 3424612, at *3 (N.D. Ga. July 16, 2018).

In light of these and other differences, Teva would welcome the opportunity to submit supplemental briefs after the Third Circuit issues its decision in *Generics*, if that would be helpful to the Court.

We thank the Court for its attention to this matter.

Sincerely,

s/ *Devora W. Allon, P.C.*
Devora W. Allon, P.C.

cc: Counsel of Record (via ECF)